SHORT RECORD
NO. 25-8010
FILED 06/18/2025

No. 25-____

# In the
# United States Court of Appeals
## for the Seventh Circuit

KELLIN JOHNS AND JUAN BARRON,

*Plaintiffs-Respondents,*

v.

PAYCOR, INC.,

*Defendant-Petitioner.*

On Petition for Permission to Appeal from the United States District Court
for the Southern District of Illinois, No. 3:20-cv-264
The Honorable **Dugan, J.**, Judge Presiding.

## PETITION FOR PERMISSION TO APPEAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(f)

MELISSA A. SIEBERT
COZEN O'CONNOR
123 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
(312) 382-3100

*Attorneys for Petitioner*

 

## APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: _____

Short Caption: Johns, et. al. v. Paycor, Inc.

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

        ☐   **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

    Paycor, Inc.

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

    Cozen O'Connor

(3)    If the party, amicus or intervenor is a corporation:

    i)    Identify all its parent corporations, if any; and

        Paycor, Inc. is wholly owned by Pride Guarantor, Inc.Both Paycor, Inc. and Pride Guarantor, Inc. are affiliated

                                                        with Paychex, Inc. and its

    ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:    subsidiaries.

        No publicly held company owns 10% or more of Paycor, Inc's stock.

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

Attorney's Signature: /s/ Melissa Siebert        Date: _____

Attorney's Printed Name: Melissa Siebert

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    Yes ✓  No ☐

Address: 123 N. Wacker Drive, #1800, Chicago, Illinois 60606

Phone Number: 312-474-4491        Fax Number: 312-300-5863

E-Mail Address: msiebert@cozen.com

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................ ii

QUESTIONS PRESENTED ...................................................................... 1

INTRODUCTION ...................................................................................... 2

BACKGROUND .......................................................................................... 5

    I.    FACTUAL BACKGROUND ................................................. 5

    II.   PROCEDURAL HISTORY .................................................. 6

REASONS FOR GRANTING THE PETITION ...................................... 8

    I.    The District Court Abused Its Discretion by Denying Paycor's Motion for Summary Judgment as Premature and Then Refusing to Look at Merits Issues Affecting Whether a Class Should Be Certified on the Ground That Those Issues Were Best Left for Summary Judgment ........................................................ 10

    II.   Individualized Issues and Defenses Stemming from Paycor's Unique Status as a Technology Vendor Defeat Predominance and Superiority ...................................................................... 14

        A.    The District Court Abused Its Discretion By Failing to Undergo a Proper Rule 23 Analysis and Consider Relevant Evidence ...................................................... 14

        B.    Individualized Issues Overwhelm Common Questions ............. 17

    III.  The District Court's Certification Order Poses a Substantial Risk of a Disposition That Does Not Reflect the Merits of Plaintiffs' Claims ........................................................................ 19

RELIEF REQUESTED .............................................................................. 21

# TABLE OF AUTHORITIES

Page(s)

**Cases:**

*Amchem Prods. v. Windsor,*
  521 U.S. 591 (1997) ............................................................... 3, 15

*Amgen Inc. v. Conn. Ret. Plans & Tr. Funds,*
  568 U.S. 455 (2013) ................................................................. 16

*Andrews v. Chevy Chase Bank,*
  545 F.3d 570 (7th Cir. 2008) ................................................... 19

*AT&T Mobility LLC v. Concepción,*
  563 U.S. 333 (2011) ................................................................. 20

*Blackstone v. Dearborn Life Ins. Co.,*
  No. 21-cv-1201, 2024 WL 756835 (N.D. Ill. 2024) ......................... 10

*Blair v. Equifax Check Servs., Inc.,*
  181 F.3d 832 (7th Cir. 1999) ............................................. *passim*

*Bryant v. Compass Grp. USA, Inc.,*
  958 F.3d 617 (7th Cir. 2020) ................................................ 3, 13

*Comcast Corp. v. Behrend,*
  569 U.S. 27 (2013) ..................................................................... 3

*Costello v. BeavEx, Inc.,*
  810 F.3d 1045 (7th Cir. 2016) ............................................... 8, 11

*Cowen v. Bank United, FSB,*
  70 F.3d 937 (7th Cir. 1995) ................................................. 10-11

*Deposit Guar. Nat'l Bank v. Roper,*
  445 U.S. 326 (1980) ................................................................. 20

*Eddlemon v. Bradley Univ.,*
  65 F.4th 335 (7th Cir. 2023) ......................................... 14, 15, 16

*Fox v. Dakkota Integrated Sys., LLC,*
  980 F.3d 1146 (7th Cir. 2020) ................................................. 18

*G.T. v. Samsung Elecs. Am. Inc.,*
  742 F. Supp. 3d 788 (N.D. Ill. 2024) ....................................... 19

*Justin v. Tingling,*
  712 F. Supp. 3d 462 (S.D.N.Y. 2024) ....................................... 10

*Laboratory Corp. of America Holdings v. Davis,*
  No. 24-304, 605 U.S. __, 2025 WL 1583302 (U.S. June 5, 2025) ...... 9

*Messner v. Northshore Univ. HealthSystem,*
    669 F.3d 802 (7th Cir. 2012) ........................................................ 15

*Microsoft Corp. v. Baker,*
    582 U.S. 23 (2017) ........................................................................ 8

*Miller v. Sw. Airlines Co.,*
    926 F.3d 898 (7th Cir. 2019) ...................................................... 18

*Parker v. Time Warner Entm't Co.,*
    331 F.3d 13 (2d Cir. 2003) .......................................................... 20

*Parko v. Shell Oil Co.,*
    739 F.3d 1083 (7th Cir. 2014) .................................................... 16

*Rosenbach v. Six Flags Entm't Corp.,*
    129 N.E.3d 1197 (Ill. 2019) .................................................. 3, 13

*Santiago v. City of Chicago,*
    19 F.4th 1010 (7th Cir. 2021) .................................................... 15

*Stillmock v. Weis Mkts., Inc.,*
    385 F. App'x 267 (4th Cir. 2010) .............................................. 20

*Stuart v. State Farm Fire & Cas. Co.,*
    910 F.3d 371 (8th Cir. 2018) ................................................ 13, 14

*Thomas v. UBS AG,*
    706 F.3d 846 (7th Cir. 2013) ...................................................... 11

*Wal-Mart Stores, Inc. v. Dukes,*
    564 U.S. 338 (2011) .............................................................. 3, 16

**Statutes & Other Authorities:**

740 ILCS 14/15(a) ......................................................... 4, 6, 16, 18

740 ILCS 14/15(b) ......................................................... 6, 16, 17

740 ILCS 14/15(d) ......................................................... 6, 16, 17

740 ILCS 14/20(a) ............................................................. 9, 20

Fed. R. Civ. P. 23 ..................................................... *passim*

Fed. R. Civ. P. 23(a) ............................................................. 15

Fed. R. Civ. P. 23(b)(1) ........................................................... 3

Fed. R. Civ. P. 23(b)(2) ........................................................... 3

Fed. R. Civ. P. 23(b)(3) ................................................... 3, 7, 15

Fed. R. Civ. P. 23(f) ................................................................... 8, 20

S.D. Ill. Local Rule 7.1(a)(4) ............................................................. 7

3 Newberg and Rubenstein on Class Actions § 7:8 (6th ed.) ............................. 10, 12

7AA Federal Practice & Procedure § 1785.3 (3d ed.) ................................... 10

Barbara J. Rothstein & Thomas E. Willging, Federal Judicial Center,
   *Managing Class Action Litigation: A Pocket Guide for Judges*
   (3d ed. 2010) .................................................................. 10

1.     Whether the district court abused its discretion by denying Paycor's motion for summary judgment as premature and then refusing to look at merits issues affecting whether a class should be certified on the ground that those issues were better suited for summary judgment.

2.     Whether the district court abused its discretion by failing to undergo a proper Rule 23 analysis and consider evidence relevant to whether Rule 23's prerequisites for class certification were satisfied.

3.     Whether individualized issues and defenses arising from Paycor's unique status as a technology vendor defeat Rule 23's predominance and superiority requirements.

## INTRODUCTION

Paycor, Inc. leases or sells finger-scan timeclocks to its customers to help them track their employees' time. As the technology vendor, Paycor has no relationship with its customers' employees and cannot access their finger-scan data without the customer's authorization. Yet the named Plaintiffs in this now-certified class action leapfrogged over their employers and sued Paycor under the Illinois Biometric Information Privacy Act ("BIPA") for allegedly obtaining and disclosing finger-scan data from the timeclocks without their consent. The decision below certified a class lumping together employees of all Paycor's customers using a certain timeclock, even though numerous claims will rise or fall depending on the particular customer's actions and relationship with Paycor. The decision below presents several procedural and substantive issues, warranting immediate review.

This case is the poster child for why the prevailing trend is to resolve dispositive motions before class certification. A defendant may legitimately prefer to secure a quick and inexpensive win against the named plaintiffs at summary judgment before the stakes of the case are propelled into the stratosphere through class certification. The district court, however, deprived Paycor of that preference by ruling its motion for summary judgment was premature. The district court's subsequent ruling highlights why this was a mistake: The court rejected several of Paycor's arguments against class certification deeming those issues better suited for summary judgment—despite finding that motion premature.

Compounding the problem, in certifying the class, the district court failed to take a "close look at [Rule 23(b)(3)'s] predominance and superiority criteria," as required for proposed classes under Rule 23(b)(3). *Amchem Prods. v. Windsor*, 521 U.S. 591, 615 (1997). Unlike classes certified under subsections (b)(1) and (b)(2), Rule 23(b)(3) classes are an "'adventuresome innovation' of the 1966 amendments, framed for situations 'in which class-action treatment is not as clearly called for.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 362 (2011) (quoting *Amchem*, 521 U.S. at 614-15). That is why Congress added "procedural safeguards for (b)(3) class members," and courts have a "duty to take a 'close look' at whether common questions predominate over individual ones." *Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013) (quoting *Amchem*, 521 U.S. at 615).

As a result of procedural errors, the decision below certifies an overinflated class that fails to meet basic Rule 23 criteria. Paycor is now litigating on numerous fronts, teeing up multiple mini-trials to narrow the class and stave off an *in terrorem* settlement.

On the merits, individualized issues and defenses stemming from Paycor's status as a mere technology vendor defeat Rule 23's predominance and superiority requirements. The "heart of BIPA" is an "informed-consent regime," *Bryant v. Compass Grp. USA, Inc.*, 958 F.3d 617, 626 (7th Cir. 2020), "vest[ing] in individuals and customers the right to control their biometric information by requiring notice before collection and giving them the power to say no by withholding consent," *Rosenbach v. Six Flags Entm't Corp.*, 129 N.E.3d 1197, 1206 (Ill. 2019). Many of

Paycor's customers have implemented BIPA consents, but Paycor cannot control its customers' policies nor whether they are followed. This reality raises individualized questions about consent that must be addressed for each class member.

Similarly, Paycor raised the extraterritorial application of BIPA outside of Illinois as an individualized issue precluding class certification. Paycor presented evidence one of the named Plaintiffs did not use a timeclock in Illinois, which suggests there are other class members who did not use a timeclock in Illinois either. But rather than address extraterritoriality at class certification—which would have avoided creating a class with members who did not use a timeclock in Illinois—the court left the issue for summary judgment *at a later date*.

Additional factual issues should have precluded—or, at a minimum, been decided before—class certification. Each customer's use of the timeclocks must be evaluated to determine whether a BIPA violation occurred. The issue of "possession"—a core element of Plaintiffs' claims—presents a substantial hurdle to class certification. To possess or exercise control over a class member's data, Plaintiffs must establish Paycor both had access to and accessed the data. This cannot be done through common proof, especially since access is up to each class member's employer. Yet again, establishing core elements of Plaintiffs' claims will require individualized inquiries into each class member's data, which will swamp any common questions. Along similar lines, determining whether each class member has standing to assert a claim under BIPA § 15(a) will require analyzing their employment and "punch" dates, along with their employer's relationship with Paycor.

The district court certified an inflated class comprised of members who do not meet Rule 23's basic criteria. This problem could have been avoided by addressing Paycor's factual arguments, either on summary judgment or at class certification. The court did neither. Immediate appellate review is required to prevent a disposition based on economic risks and fears, rather than the merits.

## BACKGROUND

### I.  FACTUAL BACKGROUND

Paycor provides payroll and HR services nationwide. Among other things, it leases timeclocks to customers who use them to track their employees' time. Plaintiffs used to work for Club Fitness, Inc., one of Paycor's former customers. Club Fitness has several locations in Illinois and Missouri that contracted with Paycor in 2015 to use its Perform Time timeclock, which includes a finger sensor. Once the clocks were delivered to Club Fitness, Paycor had no involvement in their operation or usage.

Plaintiffs allege they scanned their fingers to "punch" in and out of work during their employment. To use the finger sensor, an employee must generate a finger-scan "template" associated with the employee's badge ID number. The template is stored locally on the timeclock and in a tenant-segregated database. A tenant-segregated database functions like a safety deposit box at the bank: The customer ("tenant") is in complete control of its employees' data within the database but cannot access other customers' data. Paycor could theoretically access templates with customer permission but did not do so here.

On June 1, 2016, Club Fitness became a "lost" customer when its contractual relationship with Paycor ended. All of Club Fitness's employee templates were

deleted by August 22, 2018, when Paycor permanently deleted the data from each "lost" customer's space in the tenant-segregated database.

Yet Plaintiffs allege Paycor—not Club Fitness—violated BIPA § 15(a), (b), and (d) by obtaining and disclosing biometric information from the timeclocks it had leased to Club Fitness. Section 15(a) of BIPA requires private entities possessing biometric information to develop a publicly available written policy "establishing a retention schedule and guidelines for permanently destroying" the information. 740 ILCS 14/15(a). Any biometric information must be destroyed "when the initial purpose for collect[ion] . . . has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." *Id.* Section (b) states no entity may "obtain a person's or a customer's . . . biometric information, unless it first" receives informed consent. *Id.* 14/15(b). Finally, under section (d) an entity may not disclose any biometric information without the subject's consent. *Id.* 14/15(d).

## II.     PROCEDURAL HISTORY

Plaintiffs filed a First Amended Class Action Complaint on October 29, 2020. Paycor then filed a motion to dismiss, which was fully briefed by December 2020. On March 17, 2021, Paycor filed a motion to stay the case pending the resolution of appeals before the Illinois Supreme Court. In April 2021, Plaintiffs filed a motion for class certification. The district court stayed the case on May 11, 2021, and terminated the pending motions. Upon resolution of the Illinois Supreme Court cases, the Court requested briefing on whether the stay remained necessary under the *Colorado River* doctrine due to a parallel state court proceeding. Based on Plaintiffs' assertion that there was no parallel proceeding, the stay was lifted on May 8, 2024.

Plaintiffs filed a renewed motion for class certification on July 7, 2024. Paycor filed a renewed motion to dismiss on July 17, 2024. On September 17, 2024, Paycor responded to Plaintiffs' motion and filed a motion for summary judgment. Plaintiffs did not respond to Paycor's motion for summary judgment. Even though they submitted a proposed scheduling order with a response deadline, the court terminated the motion for summary judgment as prematurely filed.[1] The court also granted Plaintiffs leave to file a reply in support of class certification. After Plaintiffs filed a reply, Paycor filed a motion to strike new arguments and evidence that Plaintiffs had raised for the first time. The motion to strike was necessary because sur-replies are expressly prohibited under the local rules. S.D. Ill. Local Rule 7.1(a)(4).

On March 28, 2025, the district court entered an order denying Paycor's motion to dismiss, denying its motion to strike as moot, and certifying the following class under Rule 23(b)(3): "All individuals working in the State of Illinois who had their fingerprints, hand geometry or other biometric data collected, captured, received, or otherwise obtained or disclosed by Defendant's Perform Time biometric timekeeping system during the applicable statutory period." Op. at 30.

Paycor timely filed a motion for reconsideration of the court's order certifying the class on April 11, 2025. The district court denied Paycor's motion in a minute

---

[1] The district court ignored Plaintiffs' missed deadline and erroneously concluded that "[Paycor] intend[ed] to hold its Motion for Summary Judgment in abeyance." ECF No. 139. Paycor's repeated reliance on summary judgment arguments in its class opposition proves otherwise.

entry on June 4, 2025. ECF No. 182. Today, the court issued an eleventh-hour order supporting its denial of reconsideration. ECF No. 192. That order does not remediate the errors raised herein. Instead, it implies that Paycor controlled the sequencing of motions, when clearly it did not.

## REASONS FOR GRANTING THE PETITION

This Court has "unfettered discretion" to "permit [an] appeal" from a class certification order. *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 833 (7th Cir. 1999). Although there is no hard-and-fast rule, two considerations inform the Court's exercise of its discretion: an "appeal under Rule 23(f) is in order" when (1) review would "facilitate the development of the law" or (2) the district court's decision is "questionable," the "stakes are large," and the "risk of a settlement or other disposition that does not reflect the merits of the claim is substantial." *Id.* at 835; *see also Microsoft Corp. v. Baker*, 582 U.S. 23, 32–33 (2017) ("'[P]ermission is most likely to be granted . . . when the certification decision turns on a novel or unsettled question of law,' or when 'the decision on certification is likely dispositive of the litigation,' as in a death-knell or reverse death-knell situation." (citation omitted)).

Both considerations are easily satisfied here. First, this case is the ideal vehicle to provide guidance to district courts about when it is proper to rule on a defendant's dispositive motion prior to class certification—an issue that often evades review. Although the Court has "looked upon such a procedure favorably," *Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1057 n.3 (7th Cir. 2016), it has yet to rule as to whether a district court abuses its discretion by ignoring a defendant's preference to first pursue issues

on a dispositive motion and potentially eliminate class certification. It is also an ideal vehicle to address the unique predominance and superiority challenges arising in a BIPA action where the plaintiff leapfrogs over the entity that actually collected and possessed its data and sues the timeclock vendor instead.

Second, the district court's certification order engaged in a flawed Rule 23 analysis. Without this gatekeeping, the court certified an inflated class, "put[ting] considerable pressure on [Paycor] to settle." *Blair*, 181 F.3d at 834. A "grant of class status can propel the stakes of a case into the stratosphere." *Id.* BIPA provides for *liquidated* damages of up to $5,000 per violation, meaning Paycor could be on the hook for liquated damages of $5,000 for bare procedural violations of BIPA that caused no actual harm. 740 ILCS 14/20(a). This month, Justice Kavanaugh emphasized that the "consequences of overbroad and incorrectly certified damages class actions can be widespread and significant." *Laboratory Corp. of America Holdings v. Davis*, No. 24-304, 605 U.S. __, 2025 WL 1583302, at *3 (U.S. June 5, 2025) (Kavanaugh, J., dissenting from the dismissal of the writ of certiorari). Overinflated classes lead to coerced settlements, which "substantially raise the costs of doing business," and "ultimately harm consumers, retirees, and workers." *Id.* Given the considerable settlement pressure Paycor faces, now is likely the only chance to correct this certification order.

I.    **The District Court Abused Its Discretion by Denying Paycor's Motion for Summary Judgment as Premature and Then Refusing to Look at Merits Issues Affecting Whether a Class Should Be Certified on the Ground That Those Issues Were Best Left for Summary Judgment.**

The trend across federal courts is to resolve dispositive motions *before* certifying a class to help streamline—or even eliminate—the need for further proceedings. *See* 3 *Newberg and Rubenstein on Class Actions* § 7:8 (6th ed.) ("[T]he trend in the federal courts over the past few decades has been to push the certification decision later into the case and hence to decide dispositive motions prior to the certification motion."); Barbara J. Rothstein & Thomas E. Willging, Federal Judicial Center, *Managing Class Action Litigation: A Pocket Guide for Judges* 9 (3d ed. 2010) ("[T]he most efficient practice is to rule on motions to dismiss or for summary judgment before addressing class certification."); *Blackstone v. Dearborn Life Ins. Co.*, No. 21-cv-1201, 2024 WL 756835, at *6 (N.D. Ill. 2024) (collecting cases); *Justin v. Tingling*, 712 F. Supp. 3d 462, 467 n.4 (S.D.N.Y. 2024) (noting trend). The Advisory Committee acknowledges that the defendant's "prefer[ence] to win dismissal or summary judgment as to the individual plaintiffs without certification" is a perfectly "valid reason[]" to defer certification. Fed. R. Civ. P. 23, advisory committee's notes to 2003 amendment; 7AA *Federal Practice & Procedure* § 1785.3 (3d ed.) ("[The] opposing party may prefer to win dismissal or summary judgment[.]").

This case presents an opportunity for the Court to revisit the proper sequencing of dispositive motions and class certification. While the Court's older admonitions that class certification "should usually be [decided] before the case is ripe for summary judgment," *Cowen v. Bank United, FSB*, 70 F.3d 937, 941 (7th Cir.

1995), have not been overturned, more recent decisions of this Court have demonstrated a willingness to give defendants the chance to get rid of a case on the merits before the stakes drastically change at class certification, in line with trends in other jurisdictions. *See, e.g.*, *Costello*, 810 F.3d at 1057 n.3 ("look[ing] upon such a procedure favorably); *Thomas v. UBS AG*, 706 F.3d 846, 849 (7th Cir. 2013) ("[N]ormally the issue of certification should be resolved first" but if "the suit can quickly be shown to be groundless, it may make sense for the district court to skip certification and proceed directly to the merits").

This case is the perfect vehicle to clarify the contours of a district court's discretion to sequence dispositive motions and class certification. Paycor sought to end the case by raising dispositive legal and factual issues in a motion for summary judgment. Paycor filed its summary judgment motion and its response to Plaintiffs' renewed motion for class certification on the same day, raising overlapping arguments. But the district court refused to entertain summary judgment and abused its discretion by taking away Paycor's preference without providing a justification other than its belief the motion was "premature."  The court then compounded its error by declining to address the merits during class certification, making the circular argument that this "case is not presented on summary judgment, so it is not proper to delve into the merits." Op. at 25. To obviate this concern, Paycor sought to have those very issues resolved on summary judgment *before* a class was certified and *before* the "stakes of [the] case" significantly increased. *Blair*, 181 F.3d at 834.

The district court's refusal to consider merits-based arguments during class certification has also resulted in tremendous inefficiency. Plaintiffs now seek approval of a class notice plan, even though "[t]o require notice to be sent to all potential plaintiffs in a class action when the underlying claim is without merit is to promote inefficiency for its own sake." 3 *Newberg and Rubenstein on Class Actions* § 7:8 (6th ed.). More problematically, the failure to engage in a threshold merits determination led to an overbroad class definition, encompassing potential members whom the district court had already ruled are not part of the case and others who signed BIPA-compliant consents or released their claims against Paycor. Paycor is now forced to litigate on multiple fronts, teeing up mini-trial after mini-trial to winnow down the overinflated class to address foundational issues that could have—and should have—been addressed prior to class certification:

*Hand geometry*. The class definition includes people whose "hand geometry or other biometric data" was collected, even though the district court has already limited this litigation to people who "were required to scan only their fingerprints, not their hand geometry." ECF No. 99 at 13. This ruling played an outsized role in the district court's decision to deny Paycor's motion to stay this case under the *Colorado River* doctrine due to a nearly identical case pending in Cook County.

After the cases underlying the original stay were resolved, and at the district court's invitation for briefing, Paycor moved to stay this case based on a nearly identical proceeding in Illinois state court, the *Ragsdale/Bolds* lawsuit. To defeat Paycor's motion, Plaintiffs disavowed representing any putative class members other

than those who had used Perform Time finger-scan timeclocks. Plaintiffs further claimed the state court plaintiffs were materially different from the federal court plaintiffs because they used a different clock model that allegedly scanned and stored handprints. The Court agreed, holding that the "Complaint alleges Plaintiffs were required to scan only their fingerprints, not their hand geometry" and was thus "persuaded by the argument that the state proceedings may not dispose of the claims [here]." ECF No. 99 at 13.

Against this backdrop, the certified class is clearly overbroad because it includes people who Plaintiffs concede—and the district court ruled—are not similarly-situated to them or included in their lawsuit. *See Stuart v. State Farm Fire & Cas. Co.*, 910 F.3d 371, 377-78 (8th Cir. 2018) (modifying certification order where the parties "agree[d] that the class should be amended to reflect the district court's prior ruling").

*Consent*. BIPA does *not* outlaw the collection or use of biometric data. Instead, the "heart of BIPA" is an "informed-consent regime." *Bryant*, 958 F.3d at 626. The statute "vests in individuals and customers the right to control their biometric information by requiring notice before collection and giving them the power to say no by withholding consent." *Rosenbach*, 129 N.E.3d at 1206. Simply put, no one who consented to the collection of their finger-scan data belongs in the class.

Plaintiffs have never disputed that "Paycor implemented BIPA-compliant embedded consent on its Perform Time timeclocks beginning in April 2021, and fully completed the process as of October 18, 2021." ECF No. 126-1 at 7. Thus, the class

has a hard cut-off date of October 18, 2021. No one who signed a consent embedded in a Paycor timeclock screen belongs in this lawsuit. To properly define the class, the class definition must be narrowed to those who did not first consent to the collection of their data and should have a hard cutoff date of October 18, 2021.

*Releases.* Individuals who have released their claims against Paycor must be excluded from the class definition. The Eighth Circuit reviewed a certification order that similarly "did not expressly exclude from the class definition those covered by [a certain] settlement." *Stuart*, 910 F.3d at 377. Even the plaintiffs in that case "agree[d] that the class should be amended" to exclude those individuals, and the court "modif[ied] the district court's certification order to exclude those subject to the . . . settlement from the class definition." *Id.* at 377–78.

These issues are the tip of the iceberg, showcasing the problems resulting from a district court's certification of weak claims that should have been dismissed on summary judgment. The district court abused its discretion by ignoring Paycor's preference to resolve this case through dispositive motions *before* the "stakes of [the] case" significantly increased. *Blair*, 181 F.3d at 834.

## II.    Individualized Issues and Defenses Stemming from Paycor's Unique Status as a Technology Vendor Defeat Predominance and Superiority.

### A.    The District Court Abused Its Discretion By Failing to Undergo a Proper Rule 23 Analysis and Consider Relevant Evidence.

As an initial matter, the district court abused its discretion by certifying a class without "conduct[ing] the rigorous analysis required by Rule 23." *Eddlemon v. Bradley Univ.*, 65 F.4th 335, 340 (7th Cir. 2023). The law of this Circuit instructs district courts to "circumscrib[e] the claims and break[] them down into their

constituent elements" to "determine 'which issues are common, individual, and predominant,'" rather than "organize[] [their] analysis around potential common questions rather than the claims at issue." *Id.* at 339–40 (quoting *Santiago v. City of Chicago*, 19 F.4th 1010, 1017–18 (7th Cir. 2021)). The district court did the latter. It found "commonality" was satisfied based on Plaintiffs' "nine common questions," which merely "track[ed] the language of [BIPA]," because the class shared the same "theory" that "each individual was working in Illinois when their fingerprints, hand geometry, or other biometric data was . . . obtained or disclosed by the Perform Time biometric timekeeping system." Op. at 19–20. The district court explained that "individual questions related to the choices of [Paycor]'s customers w[ould] be addressed further below as a matter of predominance." *Id.* at 20.

But the district court merely summarized Paycor's arguments regarding predominance, and then simply glossed over them. Op. at 27–28. The court failed to abide by Rule 23(b)(3)'s "demanding" predominance criterion, conducting largely the same inadequate analysis as it did for commonality. *See Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 814 (7th Cir. 2012) ("While similar to Rule 23(a)'s requirements for typicality and commonality, 'the predominance criterion is far more demanding.'" (quoting *Amchem Prods.*, 521 U.S. at 623–24); *Amchem Prods.*, 521 U.S. at 623–24 ("Even if Rule 23(a)'s commonality requirement may be satisfied by th[e] shared experience [of being exposed to defendant's product], the predominance criterion is far more demanding.").

The court also ignored "individual questions . . . related to the characteristics and conduct of the customers using Perform Time, [which] c[ould] fairly be said to exist," ruling that it was "satisfied the class . . . is sufficiently cohesive to warrant an adjudication of the claims against Defendants." *Id.* at 28. The court again relied on only the "nine common questions" parroting BIPA, without analyzing—as it must— the "relationship between each claim's common and individual questions." *Eddlemon*, 65 F.4th at 340. Instead, it reasoned that "[t]he nine common questions" "represent a significant aspect of the case, *i.e.*, whether Defendant's allegedly uniform practice or course of conduct toward the class violated § 15(a), (b), and (d), and can be efficiently answered based on a common nucleus of operative facts and issues for the entire class." Op. at 29.

Even a cursory review of the class certification briefing shows that individualized questions overwhelm any common ones—let alone common "*answers*." *See Wal-Mart*, 564 U.S. at 350. A plaintiff must come armed with *facts* to satisfy Rule 23's requirements, and the required "rigorous analysis" will "[f]requently . . . entail some overlap with the merits of the plaintiff's underlying claim." *Id.* at 350–51. A district court is obligated to "consider the merits of a claim to the extent 'they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied.'" *Eddlemon*, 65 F.4th at 341 (quoting *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013)); *see also Parko v. Shell Oil Co.*, 739 F.3d 1083, 1085 (7th Cir. 2014) ("[W]hen factual disputes bear on issues vital to certification . . . , such

as predominance, the court must 'receive evidence . . . and resolve the disputes before deciding whether to certify[.]'" (citation omitted)).

For this reason, the district court abused its discretion by denying Paycor's motion to strike as moot on the ground that it "was unnecessary . . . to rely on the arguments or evidence arguably presented for the first time in the Reply." Op. at 30. Plaintiffs argued for the first time on reply that Paycor had failed to put forward a single consent form after five years of litigation. Paycor filed a motion to strike that new argument, attaching customer BIPA consents and privacy policies that released it from liability. This evidence was properly in the record and directly affected predominance, so the court was obligated to consider it.

## B.    Individualized Issues Overwhelm Common Questions.

Paycor put forward ample evidence showing that every single class member's claims will require individualized proof, dooming predominance and superiority:[2]

*Consent.* Informed consent is a key issue in every BIPA lawsuit. 740 ILCS 14/15(b), (d). Many of Paycor's customers implemented BIPA consent protocols including Paycor, which are outside of Paycor's control. This raises individualized questions that must be addressed for each class member, including whether their employer implemented a BIPA protocol, whether the protocol is BIPA compliant, whether the class member signed a consent and when, and whether the consent covers Paycor. Consent is not an ancillary issue that can simply be decided later—it

---

[2] Paycor raised extraterritoriality, standing, collection, and possession in its motion for summary judgment, underscoring why that motion should have been decided first.

needs to be analyzed for each class member and goes to whether they may properly assert a BIPA claim in the first place.

*Unions*. Paycor presented evidence that some class members had pay records indicating union membership. Any BIPA claims asserted by class members with union membership are preempted and cannot be asserted. *Miller v. Sw. Airlines Co.*, 926 F.3d 898, 904 (7th Cir. 2019). This issue was not factored into the district court's analysis.

*Extraterritoriality*. The extraterritorial application of BIPA is an individualized issue. Paycor proved that named Plaintiff Kellin Johns did not use a timeclock in Illinois. The district court thus limited class representation to Plaintiff Juan Barron, but permitted Mr. Johns, and all others like him, to remain in the class. Op. at 25 n.4. Given that Paycor had customers operating in Illinois and bordering states, it is highly probable that there are other class members who did not use a timeclock in Illinois. Rather than address this issue, the district court ruled that "the extraterritoriality doctrine is best left for summary judgment." *Id.* at 25.

*Standing*. Standing to assert claims under § 15(a) depends in part on the gap between each class member's last use of a timeclock and the deletion of their template. *See Fox v. Dakkota Integrated Sys., LLC*, 980 F.3d 1146, 1154–55 (7th Cir. 2020). For many Plaintiffs, this gap depends on when their employer became a "lost" customer and their data was purged from Paycor's tenant-segregated database. Others lack standing because they still use Paycor's system. Determining whether

each class member has standing will require analyzing their employment and "punch" dates, along with each employer's contractual relationship with Paycor.

*Collection.* Paycor presented evidence about the myriad ways a customer can configure its timekeeping system, including whether its employees even use the finger scanner as opposed to a proximity badge. Each customer decides whether, when, where, and how its system operates, and whether Paycor may access templates on the tenant-segregated database. Paycor's summary judgment motion included sworn testimony that Paycor never accessed Club Fitness's employee templates.

*Possession.* These differences among customers' use and configuration of the timeclocks go to the core element of "possession." This is because Plaintiffs must establish that that Paycor both had access to and did access each customer's templates. *See G.T. v. Samsung Elecs. Am. Inc.*, 742 F. Supp. 3d 788, 796–96 (N.D. Ill. 2024) (collecting cases). Possession cannot be shown through common proof, since access is up to each class member's employer. Yet again, "possession" requires individualized inquiries, which will swamp any common questions.

When class certification "give[s] rise" to "thousands of individual proceedings requiring individually tailored remedies, it is hard to see how common issues predominate or how a class action [is] the superior" vehicle. *Andrews v. Chevy Chase Bank*, 545 F.3d 570, 577 (7th Cir. 2008). That is precisely the case here.

### III. The District Court's Certification Order Poses a Substantial Risk of a Disposition That Does Not Reflect the Merits of Plaintiffs' Claims.

As set forth above, the district court's certification order is "questionable," to say the least. *See Blair*, 181 F.3d at 835. A "questionable" order, coupled with large

stakes and a substantial "risk of a settlement or other disposition that does not reflect the merits of the claim," calls for an "appeal under Rule 23(f)." *Id.*

Class certification "is often the most significant decision" in "class-action proceedings," *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 339 (1980), setting the litigation on a path to settlement. "Faced with even a small chance of a devastating loss, defendants will be pressured into settling questionable claims." *AT&T Mobility LLC v. Concepción*, 563 U.S. 333, 350 (2011). That is especially true where, as here, a statute provides for liquidated damages divorced from any actual harm. *See* 740 ILCS 14/20(a). Class actions and liquidated damages are both mechanisms to incentivize lawsuits where the potential individual recovery is small. Aggregating in a class action a large number of liquidated damages claims "distorts the purpose of both," *Parker v. Time Warner Entm't Co.*, 331 F.3d 13, 22 (2d Cir. 2003), and creates a "perfect storm in which two independent provisions combine to create commercial wreckage far greater than either could alone," *Stillmock v. Weis Mkts., Inc.*, 385 F. App'x 267, 276 (4th Cir. 2010) (Wilkinson, J., specially concurring).

The district court's certification order signals the end, "put[ting] considerable pressure on [Paycor] to settle, even [though] the [Plaintiffs'] probability of success on the merits is slight." *Blair*, 181 F.3d at 834. Given the high stakes at this precarious moment in the litigation, Paycor respectfully requests that the Court grant its Rule 23(f) petition. *See id.* ("By the end of the case it will be too late—if indeed the case has an ending that is subject to appellate review.").

## RELIEF REQUESTED

Paycor's petition for permission to appeal should be granted.

Dated: June 18, 2025                    Respectfully submitted,

*/s/ Melissa A. Siebert*
MELISSA A. SIEBERT
COZEN O'CONNOR
123 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
(312) 382-3100

*Attorneys for Petitioner*

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned certifies that the foregoing Petition for Permission to Appeal complies with the type-volume limitations of Fed. R. App. 5(c)(1) because this document contains 5,190 words, excluding the accompanying documents required by Rule 5(b)(1)(E).

The undersigned further certifies that this Petition complies with the requirements of Fed. R. App. P. 32(a)(1), the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this petition has been prepared in a proportionally spaced typeface using Microsoft Word Version 2010 in 12 point Century Schoolbook style font.

Dated: June 18, 2025

*/s/ Melissa A. Siebert*
Melissa A. Siebert
Attorney for Petitioner Paycor, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2025, the Petition for Permission to Appeal of Paycor, Inc., was filed with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by sending same via e-mail to usca7_clerk@ca7.uscourts.gov.  The following counsel of record have consented to service by e-mail:

Brandon M. Wise
Domenica Russo
PEIFFER WOLF CARR KANE
  CONWAY & WISE LLP
One US Bank Plaza, Suite 1950
St. Louis, Missouri 63101
bwise@peifferwolf.com
drusso@peifferwolf.com

Brendan J. Duffner
Evan Meyers
Joseph Dunklin
MCGUIRE LAW, P.C.
55 West Wacker Drive, 9th Floor
Chicago, Illinois 60601
bduffner@mcgpc.com
emeyers@mcgpc.com
jdunklin@mcgpc.com

Catherine Mitchell Duffy
James B. Zouras
Justin Caparco
Ryan F. Stephan
STEPHAN ZOURAS, LLP
222 West Adams Street, Suite 2020
Chicago, Illinois 60606
cmitchell@stephanzouras.com
jzouras@stephanzouras.com
jcaparco@stephanzouras.com
rstephan@stephanzouras.com

/s/ Melissa A. Siebert
Melissa A. Siebert
Attorney for Petitioner Paycor, Inc.

# APPENDIX

## TABLE OF CONTENTS

Amended Scheduling and Discovery Order, dated October 28, 2024 ................. A-1

Memorandum and Order, dated March 28, 2025 ................................................. A-3

Minute Entry Denying Motion for Reconsideration, dated June 4, 2025 ........ A-33

Memorandum and Order, dated June 18, 2025 ................................................. A-34

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

U.S. District Court

**Southern District of Illinois**

**Notice of Electronic Filing**

The following transaction was entered on 10/28/2024 at 3:30 PM CDT and filed on 10/28/2024

| | |
|---|---|
| **Case Name:** | Johns v. Paycor, Inc. |
| **Case Number:** | 3:20-cv-00264-DWD |
| **Filer:** | |
| **Document Number:** | 139(No document attached) |

**Docket Text:**
AMENDED SCHEDULING AND DISCOVERY ORDER. The parties have informally submitted a proposed scheduling and discovery order. Upon review of that proposed scheduling and discovery order, the Court ORDERS as follows: Plaintiffs deadline to file a Reply in Support of their Renewed Motion for Rule 23 Class Certification (Doc. 103) is January 10, 2025. Also, to the extent the deposition of Mr. David Goodwin is necessary for Plaintiffs to file that Reply, rather than merely for merits discovery, that deposition shall occur by December 12, 2024. A hearing on the Renewed Motion for Rule 23 Class Certification will be set by a separate order, if necessary. The Final Pretrial Conference is RESET for November 20, 2025, at 10:00 AM, and the Bench Trial is RESET for December 8, 2025, at 9:00 A.M. Consistent with its ordinary practice for proposed class actions, the Court declines to set further scheduling and discovery deadlines on the merits at this time. This is because discovery prior to class certification must only be sufficient to permit the Court to determine whether the requirements of Federal Rule of Civil Procedure 23 are satisfied, including a sufficient inquiry into the merits of the case to ensure appropriate management of the case as a class action. It is once class certification is decided, however, that the Court will schedule an additional conference with the parties to address entering a new discovery order, addressing any additional merits discovery needed as necessary. Therefore, at this time, the Courts only focus is on Plaintiffs Renewed Motion for Rule 23 Class Certification, which will become ripe upon the filing of Plaintiffs Reply on January 10, 2025, and Defendants Amended Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). (Docs. 103 & 106). Further, the Court notes that Defendants have already filed a Motion for Summary Judgment. (Doc. 126; Sealed Doc. 128). Plaintiff did not timely respond to that Motion, but the proposed scheduling and discovery order contemplates a deadline for Plaintiff to do so. This suggests Defendant intends to hold its Motion for Summary Judgment in abeyance until after merits discovery, when Plaintiff will have an opportunity to adequately respond. Since it is not yet appropriate to enter the parties proposed scheduling and discovery order, though, Defendants Motion for Summary Judgment (Doc. 126; Sealed Doc. 128) is TERMINATED as prematurely filed and with leave to refile, if necessary, in accordance with the subsequent scheduling and discovery order entered after the issue of class certification is resolved. Finally, although the parties are free to continue meeting and conferring on potential merits discovery issues, the October 31, 2024, deadlines for filing an Amended Motion to Seal, submitting an agreed upon ESI protocol, and submitting an Addendum to the Agreed Confidentiality Order (Doc. 138) are TERMINATED to the extent such matters are necessary for merits discovery but not to the issue of class certification. Signed by Judge David W. Dugan on 10/28/2024. (dmw2) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED.

**3:20-cv-00264-DWD Notice has been electronically mailed to:**

Brandon M. Wise    bwise@peifferwolf.com, azika@pwcklegal.com, bwise180@gmail.com

Catherine Mitchell Duffy    cmitchell@stephanzouras.com, esantana@stephanzouras.com, hhudson@stephanzouras.com, jgarwood@stephanzouras.com, kbowers@stephanzouras.com, mfinerty@stephanzouras.com

Christopher Sean Hennessy    chennessy@cozen.com

Domenica Russo    drusso@peifferwolf.com

James B. Zouras    jzouras@stephanzouras.com, esantana@stephanzouras.com, hhudson@stephanzouras.com, jgarwood@stephanzouras.com, kbowers@stephanzouras.com, mfinerty@stephanzouras.com

Justin Caparco    jcaparco@stephanzouras.com, hhudson@stephanzouras.com, jgarwood@stephanzouras.com, kbowers@stephanzouras.com, mfinerty@stephanzouras.com, yhernandez@stephanzouras.com

A-1

Matthew T. DiCianni    mdicianni@cozen.com

Melissa A. Siebert    msiebert@cozen.com, acoisman@cozen.com, docket@shb.com, ENGreen@cozen.com, melissa-siebert-3214@ecf.pacerpro.com, melissa-siebert-4028@ecf.pacerpro.com, mneubeck@cozen.com

Ryan F. Stephan    rstephan@stephanzouras.com, hhudson@stephanzouras.com, kbowers@stephanzouras.com

**3:20-cv-00264-DWD Parties and Attorneys without registered email addresses requiring notice by other means:**

IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF ILLINOIS

KELLIN JOHNS, individually and on )
behalf of all others similarly situated, )
and JUAN BARRON, )
)
Plaintiffs, )
) Case No. 3:20-cv-264-DWD
vs. )
)
PAYCOR, INC., )
)
Defendant. )

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court are Defendant's Amended Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) (Docs. 106 & 107), Plaintiffs' Renewed Motion for Class Certification under Federal Rule of Civil Procedure 23 (Doc. 103), and Defendant's Motion to Strike New Arguments and Evidence from Plaintiffs' Reply in Support of Class Certification (Doc. 151; Sealed Doc. 152). The two former Motions are contested. (Docs. 116, 125, 148). The latter Motion is uncontested. For the reasons explained below, the Amended Motion to Dismiss is **DENIED**, the Renewed Motion for Class Certification is **GRANTED in part** and **DENIED in part**, and the Motion to Strike is **DENIED as moot**.

### I. BACKGROUND

On October 29, 2020, Plaintiffs filed a First Amended Class Action Complaint, alleging violations of the Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.* (Doc. 40). Plaintiffs were employees at various fitness centers, owned by Club Fitness, Inc., in the St. Louis Metro east region. (Doc. 40, pg. 12). Defendant designs and

1

A-3

manufactures "Biometric Time Clocks," which were utilized by Club Fitness, Inc., "that require scans of users' biometric data in order for those users to clock in and out of work." (Doc. 40, pgs. 1-2, 12). Plaintiffs were allegedly required to scan their fingerprints, but not their hand geometry, "on Paycor's Biometric Time Clock at Club Fitness so [that] they could be used as an authentication method to track their time worked." (Doc. 40, pg. 12). Defendant allegedly "disregards Biometric Time Clock users' statutorily protected privacy rights and unlawfully collects, captures, otherwise obtains, stores, maintains, and uses their biometric data in violation of BIPA." (Doc. 40, pgs. 1-2, 4-5, 9-12).

Plaintiffs initiated this lawsuit alleging Defendant: (1) failed to institute, maintain, and adhere to a publicly available retention schedule under § 15(a) of BIPA (First Cause of Action); (2) failed to obtain an informed written consent and release before obtaining biometric identifiers or information under § 15(b) of BIPA (Second Cause of Action); and (3) disclosed biometric identifiers and information without consent under § 15(d) of BIPA. (Doc. 40, pgs. 4-5, 9-12, 17-21). They seek, *inter alia*, class certification, declaratory relief, injunctive relief, and statutory damages. (Doc. 40, pgs. 5, 22).[1]

## II. ANALYSIS

### A. Defendant's Amended Motion to Dismiss under Rule 12(b)(6)

Defendant's Amended Motion to Dismiss is filed under Rule 12(b)(6), which allows challenges to a pleading based upon the failure to state a claim for which relief may be granted. Fed. R. Civ. P. 12(b)(6); *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 825 (7th

---

[1]The Court notes this case was stayed, pending the resolution of certain appeals by the Seventh Circuit and Illinois Appellate Court, between May 11, 2021, and May 8, 2024. (Docs. 65 & 99). During that time, this Court also resolved issues presented under the *Colorado River* Doctrine. (Docs. 82 & 99).

A-4

Cir. 2015) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)). To survive a Rule 12(b)(6) motion, which tests the sufficiency of the pleading but not its merits, the plaintiff must allege enough facts for the claim to be facially plausible. *Kloss v. Acuant, Inc.*, 462 F. Supp. 3d 873, 876 (7th Cir. 2020) (quoting *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 878 (7th Cir. 2012)); *Fosnight v. Jones*, 41 F.4th 916, 921-22 (7th Cir. 2022) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This means plaintiff pled enough facts for the Court to draw reasonable inferences as to liability. *Fosnight*, 41 F.4th at 922 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A pleading need not allege "detailed factual allegations," but it must lift the claim above the speculative level. *Kloss*, 462 F. Supp. 3d at 876 (citing *Twombly*, 550 U.S. at 555). "Threadbare recitals," supported by mere conclusions, do not suffice. *Trivedi v. Wells Fargo Bank, N.A.*, 609 F. Supp. 3d 628, 631 (N.D. Ill. 2022) (quoting *Iqbal*, 556 U.S. at 678). When ruling, the Court accepts all well-pled facts as true and draws all reasonable inferences for the pleader. *Id.* (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)); *accord Kloss*, 462 F. Supp. 3d at 874-75.

In its Amended Motion to Dismiss, Defendant initially admits it sold a finger scan timeclock to its nonparty customer, Club Fitness; however, Defendant notes it did not have access to the policies or procedures governing Club Fitness's use of that timeclock. (Docs. 106, pg. 1; 107, pgs. 7-8, 12). Defendant also argues a dismissal is warranted on four independent grounds: (1) Plaintiffs do not adequately allege Defendant violated BIPA, as there is no allegation Defendant, as opposed to Club Fitness, actively collected, possessed, disseminated, otherwise obtained, or disclosed or disseminated biometric identifiers or information; (2) Plaintiffs do not adequately allege negligent, reckless, or

intentional misconduct by Defendant to support damages; (3) Plaintiffs already recovered for their BIPA claims in a separate class action lawsuit against Club Fitness; and (4) the extraterritoriality doctrine bars Plaintiffs' claims. (Docs. 106, pg. 2; 107, pgs. 7, 9-11, 14-16, 17-24). For these reasons, Defendant argues it is not liable to Plaintiffs, let alone to the 14,000 other users of the timeclock in Illinois, under BIPA. (Docs. 106, pg. 1).

Plaintiffs argue, despite the fact Defendant's arguments are "transparently disconnected from the significant discovery already conducted," they did more than enough to state facially plausible claims to relief under the liberal pleading standards at play with a Rule 12(b)(6) motion to dismiss. (Doc. 116, pg. 5). For example, Plaintiffs argue they adequately allege a violation of § 15(b) because Defendant failed to receive informed consent, before obtaining biometric identifiers or information, and there is no "active step" requirement. (Doc. 116, pgs. 8-11). Even if there is such a requirement, Plaintiffs argue it is satisfied here. (Doc. 116, pg. 10). Further, as to § 15(a) and (d), Plaintiffs note they allege Defendant possessed their biometric identifiers and information on its servers, failed to maintain a publicly available data retention policy, and failed to obtain informed consent before collecting and disclosing or disseminating biometric data. (Doc. 116, pgs. 11-14). Finally, Plaintiffs argue they did not have to plead mental state in order to support damages, they do not seek a duplicative recovery due to Defendant's "separate and independent BIPA violations," and the extraterritoriality doctrine is inapplicable at this stage of the case and more broadly as a matter of fact. (Doc. 116, pgs. 16-20).

Now, BIPA was enacted to regulate the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information. *Tims v. Black*

*Horse Carriers, Inc.*, 2023 IL 127801, ¶ 27 (quoting 740 ILCS 14/5(g)).[2] In this case, Plaintiffs

invoke § 15(a), (b), and (d) of BIPA, which collectively pertain to the retention, collection,

disclosure, and destruction of biometric identifiers and information.

> Section 15(a) of BIPA provides as follows:
>
> A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first. Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines.

740 ILCS 14/15(a).

A plaintiff cannot merely allege a procedural failure to publicly disclose a data

retention policy under § 15(a). *See Fox v. Dakkota Integrated Sys., LLC*, 980 F.3d 1146, 1149

(7th Cir. 2020) (discussing *Bryant v. Compass Grp. USA, Inc.*, 958 F.3d 617 (7th Cir. 2020)).

The duty to develop a publicly available written policy, establishing a retention schedule

and guidelines for destroying biometric identifiers or information, is owed to the public

rather than to particular persons whose biometric identifiers or information are collected

by a private entity. *Thornley v. Clearview AI, Inc.*, 984 F.3d 1241, 1245 (7th Cir. 2021)

(discussing *Bryant*); *accord Patterson v. Respondus, Inc.*, 593 F. Supp. 3d 783, 802 (N.D. Ill.

2022). However, a plaintiff may allege an injury related to the invasion of privacy interests

---

[2]"Biometric identifier" means "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry," while "biometric information" includes any information "based on an individual's biometric identifier [that is] used to identify an individual." 740 ILCS 14/10.

A-7

by invoking "the full panoply" of § 15(a), *i.e.*, by invoking the duties to develop, publicly disclose, *and* comply with data retention and destruction policies. *Fox*, 980 F.3d at 1149, 1154-55; *accord Warmack-Stillwell v. Christian Dior, Inc.*, 655 F. Supp. 3d 742, 744-45 (N.D. Ill. 2023); *Sosa v. Onfido, Inc.*, 600 F. Supp. 3d 859, 868-69 (N.D. Ill. 2022). Such violations may result in the retention of biometric identifiers or information for longer than is allowed by law. *Fox*, 980 F.3d at 1149, 1154-55; *accord Patterson*, 593 F. Supp. 3d at 802.

Further, § 15(b) of BIPA states:

No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first:

(1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored;

(2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

(3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

740 ILCS 14/15(b); *see also Cothron v. White Castle Sys., Inc.*, 2023 IL 128004, ¶ 23 (finding, in the context of § 15(b), "collect" means "to receive, gather, or exact from a number of persons or other sources," and "capture" means "to take, seize, or catch") (quoting Webster's Third New International Dictionary 334, 444 (1993)).

Since § 15(b) confers a right to receive certain information from a private entity that collects, stores, or uses biometric identifiers or information, the violation of that right,

A-8

by itself, provides an actionable grievance. *Bryant*, 958 F.3d at 621 (citing *Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186, ¶ 33); *Patterson*, 593 F. Supp. 3d at 802. However, § 15(b) requires an "active step" by the defendant to "obtain" the plaintiff's biometric identifiers or information. *Clark v. Microsoft Corp.*, 688 F. Supp. 3d 743, 746 (N.D. Ill. 2023) (collecting cases); *accord Jones v. Microsoft Corp.*, 649 F. Supp. 3d 679, 683 (N.D. Ill. 2023); *Patterson*, 593 F. Supp. 3d at 824. That requirement is based, in part, on the Illinois General Assembly's premising of § 15(a), (c), (d), and (e), but not § 15(b), on the mere "possession" of biometric identifiers or information. *Clark*, 688 F. Supp. at 746-47 (citing *Chicago Teachers Union, Local No. 1 v. Bd. of Educ. of the City of Chicago*, 2012 IL 112566, ¶ 24); *see also Jones*, 649 F. Supp. 3d at 683 (noting this decision and stating, "§ 15(b) does not penalize merely possessing biometric identifiers or information, unlike other BIPA sections"); *Patterson*, 593 F. Supp. 3d at 824 (stating, as to § 15(b), " 'there is a difference between *possessing* and *collecting* biometric information.' ") (Emphasis in original.). Also, "otherwise obtain" is "best construed as requiring something beyond passive possession or receipt" since it follows active verbs. *Clark*, 688 F. Supp. at 747 (citing *Pooh-Bah Enters., Inc. v. County of Cook*, 232 Ill. 2d 463, 492 (2009)); *see also Jones*, 649 F. Supp. 3d at 683-84 ("[E]ven the catch-all phrase 'otherwise obtain' contemplates some type of affirmative effort."). "[T]he statutory construction offered above shows that, '[u]nder a commonsense reading,' 'the private entity must undertake some effort to collect or obtain biometric identifiers or information.' " *Clark*, 688 F. Supp. at 747; *see also Jones*, 649 F. Supp. 3d at 683-84 ("Although BIPA does not say the words 'active step,' this concept simply describes the unifying characteristic among the verbs in the statute.").

7

A-9

Finally, § 15(d) of BIPA provides:

(d) No private entity in possession of a biometric identifier or biometric
information may disclose, redisclose, or otherwise disseminate a person's
or a customer's biometric identifier or biometric information unless:

     (1) the subject of the biometric identifier or biometric information or
the subject's legally authorized representative consents to the disclosure or
redisclosure;

     (2) the disclosure or redisclosure completes a financial transaction
requested or authorized by the subject of the biometric identifier or the
biometric information or the subject's legally authorized representative;

     (3) the disclosure or redisclosure is required by State or federal law
or municipal ordinance; or

     (4) the disclosure is required pursuant to a valid warrant or
subpoena issued by a court of competent jurisdiction.

740 ILCS 14/15(d); *see also Cothron v. White Castle Sys., Inc.*, 477 F. Supp. 3d 723, 731 (N.D.

Ill. 2020) ("Like Section 15(b), an entity violates [§ 15(d)] the moment that, absent consent,

it discloses or otherwise disseminates a person's biometric information to a third party.

The injuries resulting from these violations do not need time to blossom or accumulate.

Time may exacerbate them, but an injury occurs immediately upon violation.").

The Court emphasizes § 15(a) and (d), unlike § 15(b), requires the plaintiff to show

the defendant was "in possession" of biometric identifiers or information. *See Clark*, 688

F. Supp. 3d at 749; *Patterson*, 593 F. Supp. 3d at 822. While "in possession" is not defined

by BIPA, courts have required evidence that the defendant exercised "dominion or

control" of the biometric identifiers or information. *Wilk v. Brainshark, Inc.*, 631 F. Supp.

3d 522, 530-31 (N.D. Ill. 2022) (citing *Heard v. Becton, Dickinson & Co.*, 440 F. Supp. 3d 960,

968 (N.D. Ill. 2020)). Such a requirement is consistent with the ordinary meaning of

"possession," "which is ' "the act or condition of having in or taking into one's control or holding at one's disposal." ' " *See Clark*, 688 F. Supp. 3d at 749 (quoting *People v. Ward*, 215 Ill. 2d 317 (2005); Webster's Third New International Dictionary 1770 (1986)); *Patterson*, 593 F. Supp. 3d at 822 (quoting *Rosenbach*, 2019 IL 123186, ¶ 29); *accord Hazlitt v. Apple Inc.*, 543 F. Supp. 3d 643, 653 (S.D. Ill. 2021). That definition does not contemplate exclusive control, and nothing indicates it is inapplicable to BIPA. *Patterson*, 593 F. Supp. 3d at 822-23 (quoting *Heard*, 440 F. Supp. 3d at 968); *accord Hazlitt*, 543 F. Supp. 3d at 653.

Here, while accepting all well-pled facts as true and drawing all reasonable inferences for Plaintiffs, the Court finds they pled enough facts to state facially plausible claims to relief, which is all that is required at this stage in the case. *See Kloss*, 462 F. Supp. 3d at 874-76; *Fosnight*, 41 F.4th at 921-22; *Trivedi*, 609 F. Supp. 3d at 631. In sum, Plaintiffs allege, as employees of Club Fitness, they were required to scan their fingerprints on Defendant's biometric timeclock in order to track their time worked. (Doc. 40, pgs. 2, 12). As a result of that experience, Defendant allegedly "collected" or "secured" Plaintiffs' biometric identifiers and information, without complying with BIPA, and then "managed," "enrolled," or "stored" that "fingerprint biometric data in its databases." (Doc. 40, pgs. 2, 4-5, 9-13, 17-21). According to Plaintiffs, they were never informed of the specific purpose or length of time for which Defendant would engage in that activity, any publicly available data retention policy of Defendant, or whether Defendant would ever delete their biometric data. (Doc. 40, pgs. 4-5, 9-12, 17-20). Likewise, Plaintiffs allege they were never provided with a written release by Defendant. (Doc. 40, pgs. 5, 12, 19-20). Finally, Plaintiffs allege, albeit on information and belief, that Defendant "systematically

and automatically" discloses, rediscloses, or otherwise disseminates "its Biometric Time Clock users' fingerprint…data to other, currently unknown, third parties, including but not limited to Defendant's clients and/or other third parties that host biometric data in their data center(s)," without the consent required under BIPA. (Doc. 40, pgs. 5, 10, 21).

From these allegations, it is reasonable to infer under § 15(a) and (d) that Defendant was "in possession" of Plaintiffs' biometric identifiers or information. *See Clark*, 688 F. Supp. 3d at 749; *Patterson*, 593 F. Supp. 3d at 822-23; *Hazlitt*, 543 F. Supp. 3d at 653. And, as to § 15(a), it is reasonable to infer from the above allegations that Defendant failed to develop, publicly disclose, *and* comply with a written data retention and destruction policy. *See* 740 ILCS 14/15(a); *Fox*, 980 F.3d at 1149, 1154-55; *Thornley*, 984 F.3d at 1245; *Patterson*, 593 F. Supp. 3d at 802; *Warmack-Stillwell*, 655 F. Supp. 3d at 744-45; *Sosa*, 600 F. Supp. 3d at 868-69. Further, Plaintiff adequately alleged Defendant "collected" or "captured," then "stored," their biometric information or identifiers without providing the written information or release described in § 15(b). *See* 740 ILCS 14/15(b); *Cothron*, 2023 IL 128004, ¶ 23. And, importantly, the Court can reasonably infer that Defendant took an "active step" to "obtain" Plaintiffs' biometric identifiers or information, *i.e.*, Defendant "managed," "enrolled," or "stored" Plaintiffs' biometric identifiers and information on its databases after that biometric data was "collected" or "secured" through the finger scan timeclock sold to and used by Club Fitness. *See Clark*, 688 F. Supp. 3d at 746; *Jones*, 649 F. Supp. 3d at 683; *Patterson*, 593 F. Supp. 3d at 824. Finally, although it appears Plaintiffs did the bare minimum with its allegations under § 15(d), the Court can reasonably infer from the factual circumstances that Defendant

10

disclosed or otherwise disseminated Plaintiffs' biometric identifiers or information, without consent or the application of the other exceptions contained in that statutory provision, to "clients and/or other third parties that host biometric data in their data center(s)," which could include, at a minimum, Club Fitness itself. *See* 740 ILCS 14/15(d). To be sure, Plaintiffs' allegations under § 15 will be the subject of rigorous merits arguments later in the case. For now, though, it suffices for the Court to conclude that the First Amended Class Action Complaint satisfies the liberal federal pleading standards.

As an aside, the Court notes certain arguments of Defendant would be more appropriately raised later in the proceedings. First, as to the argument Plaintiffs did not allege negligent, reckless, or intentional misconduct to support damages, the Court notes the "menu of remedies" contained in § 20 is not "a list of the necessary elements of a BIPA claim." *Brandenburg v. Meridian Senior Living, LLC*, 564 F. Supp. 3d 627, 634 (C.D. Ill. 2021); *see also* 740 ILCS 14/20; (Docs. 106, pg. 2; 107, pgs. 7, 20-21). In other words, a mental state is not an element of a violation of § 15 and, as noted by the Central District of Illinois, "any person 'aggrieved by a violation,' including under Section 14/15, 'shall have a right of action' in court without qualification." *Brandenburg*, 564 F. Supp. 3d at 634. Thereafter, mental state requirements for damages are relevant to the "remedies that '[a] prevailing party may recover for each violation.' " *Id*. (quoting 740 ILCS 14/20) (Emphasis in original omitted.). Therefore, the mental state requirements contained in § 20, and now invoked by Defendant, "are separate and apart from the elements of a BIPA violation," such that Plaintiffs were not required to plead facts that show Defendant's mental state in order to adequately allege a claim to relief under § 15. *Id*. at 634-35 (citing *Rosenbach*,

2019 IL 123186, ¶ 36; *Snider v. Heartland Beef, Inc.*, 479 F. Supp. 3d 762, 772-73 (C.D. Ill. 2020); *Cothron v. White Castle Sys., Inc.*, 467 F. Supp. 3d 604, 618 (N.D. Ill. 2020); *Burlinski v. Top Golf USA Inc.*, No. 19-cv-6700, 2020 WL 5253150, *8 (N.D. Ill. Sept. 3, 2020)).

Second, at this stage, the Court rejects the argument that Plaintiffs are seeking a duplicative recovery. (Doc. 107, pgs. 21-23). This is a legal argument that speaks to the availability of remedies rather than to the federal pleading standards or to Defendant's potential liability. *See Park Ridge Sports, Inc. v. Park Ridge Travel Falcons*, No. 20-cv-2244, 2020 WL 8409295, *2 (N.D. Ill. Aug. 26, 2020) (striking affirmative defense related to duplicative recoveries, with prejudice, as it was a "legal argument[] about the availability of remedies, not [a] defense[] to liability). And, clearly, based upon the allegations in the First Amended Class Action Complaint, Plaintiffs are correct that they seek to recover for the "separate and independent BIPA violations" of Defendant rather than for those of Club Fitness. (Doc. 116, pgs. 17-18). It remains to be seen whether Plaintiffs may do so. For now, though, it suffices to say that Plaintiffs pled facially plausible claims to relief.

Third and finally, the Court declines Defendant's invitation to apply the extraterritoriality doctrine at this stage of the case. (Docs. 106, pg. 2; 107, pgs. 7, 23-24). The Supreme Court of Illinois has recognized a "long-standing rule of construction in Illinois which holds that a 'statute is without extraterritorial effect unless a clear intent in this respect appears from the express provisions of the statute.' " *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 184–85 (2005) (quoting *Dur-Ite Co. v. Indus. Comm'n*, 394 Ill. 338, 350 (1946); *Graham v. Gen. U.S. Grant Post No. 2665, V.F.W.*, 43 Ill. 2d 1, 6 (1969); citing *Sale v. Haitian Ctrs. Council, Inc.*, 509 U.S. 155, 188 (1993); 73 Am. Jur. 2d *Statutes* § 250

(2001)). Since BIPA does not express such an intent, it does not apply extraterritorially. *See Sloan v. Anker Innovations Ltd*, 711 F. Supp. 3d 946, 959 (N.D. Ill. 2024) (quoting *Monroy v. Shutterfly, Inc.*, No. 16-cv-10984, 2017 WL 4099846, *5 (N.D. Ill. Sept. 15, 2017)); *accord Ronquillo v. Drs. Assocs., LLC*, 597 F. Supp. 3d 1227, 1233-34 (N.D. Ill. 2022); *In re Clearview AI, Inc., Consumer Priv. Litig.*, 585 F. Supp. 3d 1111, 1121 (N.D. Ill. 2022). As a result, "the circumstances that relate to the disputed transaction [must] occur primarily and substantially in Illinois." *Avery*, 216 Ill. 2d at 187; *accord Sloan*, 711 F. Supp. 3d at 959 (stating this rule in the context of BIPA); *Ronquillo*, 597 F. Supp. 3d at 1234 (same).

However, there is not a single formula or bright-line test for determining whether a transaction primarily and substantially occurred in Illinois, meaning each case must be decided on its own facts. *Avery*, 216 Ill. 2d at 187; *accord Sloan*, 711 F. Supp. 3d at 959. And, importantly, a plaintiff is still only required to plead facially plausible claims to relief to defeat a Rule 12(b)(6) motion to dismiss. *See Ronquillo*, 597 F. Supp. 3d at 1234; *In re Clearview AI, Inc.*, 585 F. Supp. 3d at 1121-22. At a minimum, Plaintiffs have done so with respect to the extraterritoriality doctrine by alleging: (1) as employees of Club Fitness in Illinois, they were required to scan their fingerprints on a biometric timeclock that was sold by Defendant to an Illinois company, located in Illinois, and tracked their work in Illinois; and (2) Defendant "managed," "enrolled," or "stored" Plaintiffs' biometric data, which was "collected" or "secured" in Illinois, on its databases. *See Ronquillo*, 597 F. Supp. 3d at 1234 (finding, in the context of a Rule 12(b)(6) motion to dismiss, the plaintiff's allegations sufficed to suggest BIPA violations occurred primarily and substantially in Illinois, where the plaintiff alleged her fingerprints were scanned in Illinois and then

13

stored on hardware that was located and leased by a business in Illinois); *Neals v. PAR Tech. Corp.*, 419 F. Supp. 3d at 1091-92 (N.D. Ill. 2019) ("[I]n light of the fact that [the plaintiff] does not specify the location…[where] she worked, the Court is unable to reasonably infer from the complaint that her fingerprint was collected in Illinois. If plaintiff were able to so allege, then she would sufficiently allege facts indicating that the circumstances relating to the alleged transaction occurred primarily and substantially in Illinois; the transaction would allegedly involve an Illinois resident having her biometric information collected in Illinois by a private entity, without the entity's having provided the requisite disclosures and obtained the requisite consent there."); (Doc. 40, pgs. 2, 4-5, 9-13, 17-21). This is true even if, as Defendant suggests, its databases are not located in Illinois. *See Neals*, 419 F. Supp. 3d at 1091 (finding the defendant's argument that it was merely a nonresident corporation that offered point-of-sale technology to its customers, but not their employees, without holding property or storing data in Illinois, was unpersuasive, as the defendant's "physical location and property holdings, the location of its servers, and the identity of its customers [we]re not determinative" and "h[ad] little to do with the collection of the plaintiff's fingerprint through the defendant's customer's use of the defendant's system); *Patel v. Facebook, Inc.*, 932 F.3d 1264, 1276 (9th Cir. 2019) ("[I]t is reasonable to infer that the General Assembly contemplated BIPA's application to individuals who are located in Illinois, even if some relevant activities occur outside the state."). In light of these allegations, the Court follows the principle that "the application of the extraterritoriality doctrine is a fact intense inquiry that is best left for summary judgment once the parties have completed discovery." *In re Clearview AI,*

14

A-16

*Inc.*, 585 F. Supp. 3d at 1122 (citing *Rivera v. Google Inc.*, 238 F.Supp.3d 1088, 1101 (N.D. Ill. 2017); *Vance v. IBM*, No. 20-cv-577, 2020 WL 5530134, *3 (N.D. Ill. Sept. 2020)).

For these reasons, Defendant's Amended Motion to Dismiss is **DENIED**.

**B. Plaintiffs' Renewed Motion for Class Certification under Rule 23**

The Renewed Motion for Class Certification seeks to certify the following class:

> All individuals working in the State of Illinois who had their fingerprints, hand geometry or other biometric data collected, captured, received, or otherwise obtained or disclosed by Defendant's Perform Time biometric timekeeping system during the applicable statutory period.

(Doc. 103, pg. 12).[3]

Under Rule 23(a), members of a class may sue as representatives of the class only if: (1) the class is so numerous that the joinder of all members would be impracticable; (2) there are questions of law or fact that are common to the class; (3) the claims of the representatives are typical of the claims of the class; and (4) the representatives fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). If these requirements are satisfied, then a class action may be maintained if, as is relevant here, the Court finds the common questions of law or fact predominate over any questions affecting only individual members and a class action would be superior to the other available methods of fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3).

When considering a motion for class certification, the Court must go beyond the pleadings and, if necessary, receive evidence on any disputed material issues. *Beaton v.*

---

[3]This proposed class is more specific than that proposed in the First Amended Class Action Complaint, as Plaintiffs now request the certification of a class pertaining, specifically, to "Defendant's Perform Time biometric timekeeping system." *Compare* (Doc. 13, pg. 12), *with* (Doc. 40, pg. 14).

*SpeedyPC Software*, 907 F.3d 1018, 1025 (7th Cir. 2018) (citing *Bell v. PNC Bank, Nat'l Ass'n*, 800 F.3d 360, 377 (7th Cir. 2015); *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 675–76 (7th Cir. 2001)). While "the merits are not on the table," Plaintiffs have the burden of proving by a preponderance of the evidence that Rule 23 is satisfied. *Id.* (citing *Abbott v. Lockheed Martin Corp.*, 725 F.3d 803, 810 (7th Cir. 2013); *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012); *Steimel v. Wernert*, 823 F.3d 902, 917 (7th Cir. 2016)). The Court has broad discretion to decide whether class certification is proper. *Jacks v. DirectSat USA, LLC*, 118 F.4th 888, 894 (7th Cir. 2024) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 629 (7th Cir. 1997)). Finally, orders certifying class actions must appoint class counsel, define the class, and define the claims, issues, or defenses. Fed. R. Civ. P. 23(c)(1)(B), (g).

With these legal principles in mind, the Court resolves the arguments presented in relation to Plaintiffs' Renewed Motion for Class Certification.

### 1. Numerosity

As to the numerosity requirement contained in Rule 23(a)(1), the "class representative must show 'that it is extremely difficult or inconvenient to join all the members of the class.'" *Anderson v. Weinert Enter., Inc.*, 986 F.3d 773, 777 (7th Cir. 2021) (quoting 7A C. Wright & A. Miller, Federal Practice & Procedure § 1762 (3d ed. 2011)). It is not enough to allege a class action would make litigation easier, as the proper focus is on the practicality of joinder rather than the mere number of class members. *Id.* For this reason, the Court evaluates the nature of the action, the size of the individual claims, and the location of the members of the class. *Id.* (quoting Wright & Miller, § 1762).

Here, Defendant does not contest Plaintiffs' assertion that the proposed class is sufficiently numerous. Its witness under Federal Rule of Civil Procedure 30(b)(6), Mitri Dahdaly, who is the director of product management, stated there were "approximately 14,000 total people over the course of a five-year period…who pay taxes in Illinois and also had a finger scan template" on its Perform Time product line. (Docs. 103, pg. 16; 103-1, pgs. 6-7). Plaintiffs assert "[f]urther review of Defendant's Perform Time user databases during the applicable statutory period is all that is needed to determine membership in the proposed class" and, "[o]nce Defendant's complete records are obtained, the Parties and the Court will know the precise number of persons affected." (Docs. 103, pg. 16; 103-1, pgs. 11-12). Due to the nature of this BIPA class action, the size of the individual claims, and the location of the members of the class in Illinois, the Court **FINDS** Plaintiffs have satisfied the numerosity requirement. Fed. R. Civ. P. 23(a)(1); *Anderson*, 986 F.3d at 777.

## 2. Commonality

As to the commonality requirement contained in Rule 23(a)(2), "[o]ne common question is enough, but not just any question will do." *Howard v. Cook Cnty Sheriff's Office*, 989 F.3d 587, 598 (7th Cir. 2021) (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011); *Jamie S. v. Milwaukee Pub. Sch.*, 668 F.3d 481, 497 (7th Cir. 2012)). The class claims must depend upon a common contention that is capable of class-wide resolution; in other words, the determination of its truth or falsity must resolve an issue that is central to the validity of each claim in "one stroke." *Id.* (quoting *Wal-Mart Stores, Inc.*, 564 U.S. at 350); citing Rubenstein, *Newberg on Class Actions* § 3:18); *accord Beaton*, 907 F.3d at 1026.

17

Plaintiffs suggest "[a]t the heart of this litigation are simple and straightforward legal questions that plainly lend themselves to class-wide resolution." (Doc. 103, pg. 17). Specifically, Plaintiffs assert the following questions are common to the proposed class:

> (1) whether Paycor collected, captured or otherwise obtained Plaintiffs' and the Class's biometric identifiers or biometric information; (2) whether Paycor properly informed Plaintiffs and the Class of its purposes for collecting, using, and storing their biometric identifiers or biometric information; (3) whether Paycor obtained a written release (as defined in 740 ILCS 14/10) to collect, use, and store Plaintiffs' and the Class's biometric identifiers or biometric information; (4) whether Paycor disclosed or re-disclosed Plaintiffs' and the Class's biometric identifiers or biometric information; (5) whether Paycor has sold, leased, traded, or otherwise profited from Plaintiffs' and the Class's biometric identifiers or biometric information; (6) whether Paycor developed a publicly-available written policy establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of their last interaction, whichever occurs first; (7) whether Paycor complies with any such written policy; (8) whether Paycor used Plaintiffs' and the Class's biometric data to identify them; and (9) whether Paycor's violations of BIPA were intentional, reckless, or negligent.

(Doc. 103, pgs. 17-18).

Plaintiffs argue "Defendant treated all Perform Time Users—the entire proposed class—identically to the extent they subjected each of the proposed class members to the exact same alleged violations of BIPA." (Doc. 103, pg. 18). Therefore, "once the Court determines whether Paycor's practices constituted violations of BIPA, liability for the claims of all class members will be determined in one stroke." (Doc. 103, pg. 18). Plaintiffs note "there may be slight, immaterial differences in the details of Plaintiffs' claims and those of other putative class members, [but] their claims are all based on the same legal theory" and will likely be subject to the same defenses of Defendant. (Doc. 103, pg. 19).

18

A-20

Defendant, for its part, asserts there is no common question at play in this case, as Plaintiffs "merely reassert[s] the elements of their claims" and the record confirms differences in the ways customers used its devices to be BIPA-claim determinative (*e.g.*, whether it possessed certain employee data). (Doc. 125, pgs. 10, 24). Defendant claims its customers, not itself, "configure the devices to best serve their business needs," "install and choose where to place the devices," "choose whether and how devices are connected," choose whether "to give employees the ability to…use a proximity badge or finger to interact with the device," choose whether "to allow Paycor access to templates hosted on the tenant-segregated database," choose between devices at different times and with different technologies, and "choose to replicate templates between devices" or to only use templates with a single device. (Docs. 125, pgs. 24-25; 125-1, pgs. 5-8, 10-11, 15). These are allegedly material differences that impact the core of Plaintiffs' claims because templates are created and stored in the Perform Time device possessed by each customer, templates are stored in the tenant-segregated database with the customer's dedicated environment, that storage is akin to a safety deposit box that a bank would provide to a customer, whether Defendant can access a template is left to the discretion of the customer, and whether Defendant can access a template is different from whether it actually did access a template. (Docs. 125, pg. 25; 125-1, pgs. 8, 11; 125-2, pgs. 6-8).

Here, it is true the nine common questions proposed by Plaintiffs track the language of §§ 15 and 20. However, Plaintiffs assert the same legal theory and shared characteristics of the entire proposed class, namely, that each individual was working in Illinois when their fingerprints, hand geometry, or other biometric data was collected,

captured, received, or otherwise obtained or disclosed by the Perform Time biometric timekeeping system. (Doc. 103, pgs. 12, 18-19). Even if Defendant's customers have options for configuring Perform Time devices, the record suggests those customers could, *inter alia*, allow connectivity for Defendant to collect, capture, receive, or otherwise obtain and store biometric data, possess biometric data, and replicate, transmit, or disclose biometric data to an associated third party all without § 15 compliance. *See*, *e.g.*, (Docs. 103-1, pgs. 7, 13-16, 25, 27-28, 32, 34-35, 37; 103-2, pgs. 22, 30, 61-62; 103-3, generally; 103-4, pg. 2). Therefore, while avoiding delving into the merits of Plaintiffs' claims, as it must, the Court agrees the nine proposed questions involve a common application of § 15 that will be determinative of liability to the entire proposed class. *See Flynn v. FCA US LLC*, 327 F.R.D. 206, 222-23 (S.D. Ill. 2018) ("Courts have generally described th[e] [commonality] requirement as a low hurdle to surmount, and it is satisfied when a common nucleus of operative facts exist. [Citation]. Class certification will not be defeated solely because there are some factual variations among the grievances of the class members. [Citations]. Rather, Plaintiffs must demonstrate that they suffered the same injury and that their claims can be resolved on a class-wide basis…. What matters is the 'capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation.' [Citation]. Courts have found that a sufficient common nucleus of operative fact exists where a defendant has engaged in standardized conduct toward members of the class.") (Emphasis in original omitted.). And, notably, individual questions related to the choices of Defendant's customers will be addressed further below

20

as a matter of predominance. For now, it suffices for the Court to find the commonality requirement is satisfied in this case. *See Howard*, 989 F.3d at 598; *Beaton*, 907 F.3d at 1026.

### 3. Typicality and Adequacy of Representation

As to the typicality requirement contained in Rule 23(a)(3), the claims of the class representatives must be based on the same legal theory and arise from the same event, practice, or course of conduct as those of the other class members. *Howard*, 989 F.3d at 605 (quoting *Keele v. Wexler*, 149 F.3d 589, 595 (7th Cir. 1998)); *accord Beaton*, 907 F.3d at 1026. This requirement ensures the class representatives' claims have the same essential characteristics as those of the class. *Howard*, 989 F.3d at 605 (quoting *Lacy v. Cook Cnty.*, 897 F.3d 847, 866 (7th Cir. 2018)). Importantly, it is proper for individual claims to "feature some factual variations" if they still maintain those essential characteristics. *Beaton*, 907 F.3d at 1026 (quoting *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 514 (7th Cir. 2006)). "The logic behind the typicality requirement 'is that a class representative will adequately pursue her own claims, and if those claims are "typical" of those of the rest of the class, then her pursuit of her own interest will necessarily benefit the class as well.' " *Howard*, 989 F.3d at 605 (quoting Rubenstein, *Newberg on Class Actions* § 3:28). In this way, the typicality requirement, unlike the commonality requirement, focuses on the attributes of the class representatives rather than the shared characteristics of the entire class. *Id.* at 606 (quoting Rubenstein, *Newberg on Class Actions* § 3:31; citing *Wal-Mart Stores, Inc.*, 564 U.S. at 350).

Further, as to the adequacy of representation requirement contained in Rule 23(a)(4), the Court must consider the adequacy of the proposed class counsel and, in light of their "differing and separate interests" or injuries, the adequacy of the named plaintiffs

as representatives of the proposed class's "myriad of members." *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011) (citing *Retired Chicago Police Ass'n v. City of Chicago,* 7 F.3d 584, 598 (7th Cir.1993); *Greisz v. Household Bank (Illinois), N.A.,* 176 F.3d 1012, 1013 (7th Cir.1999)). The adequacy of representation "inquiry 'serves to uncover conflicts of interest between named parties and the class they seek to represent' " while "also screen[ing] for conflicts of interest among class members," as "the same representative parties cannot adequately represent class members with divergent interests." *Howard*, 989 F.3d at 609-10 (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997); citing *Johnson v. Meriter Health Servs. Emp. Ret. Plan*, 702 F.3d 364, 372 (7th Cir. 2012)). The Seventh Circuit has noted, though, "that 'the mere possibility that a trivial level of intra-class conflict may materialize as the litigation progresses' does not prevent class certification.' " *Id.* at 610 (quoting *Abbott*, 725 F.3d at 813). The Court can certify subclasses, with separate representation, if and when the potential conflicts become real. *Id.* (quoting *Kohen v. Pac. Inv. Mgmt. Co. LLC*, 571 F.3d 672, 680 (7th Cir. 2009)).

Similar to the discussion of commonality, Plaintiffs argue their BIPA claims are typical because they arise from the same course of conduct of Defendant, namely, its failure to comply with BIPA before collecting, obtaining, using, storing, or disclosing the biometric data of Perform Time users. (Doc. 103, pg. 19). They again state, while there may be "immaterial factual differences between claims of the Plaintiffs and those of other proposed class members—for example, different Paycor customer-employer[s]—their claims are nevertheless based on the same legal theory." (Doc. 103, pgs. 19-20). Plaintiffs explain, "regardless of Paycor customer or customer location, each Perform Time User is

22

A-24

required to enroll his or her biometric identifier on Paycor's timekeeping device by scanning it to create a template, which is used to create a time punch each time s/he clocked in and out for work." (Doc. 103, pg. 19). Defendant then allegedly "transmits and stores each Perform Time User's biometric data 'template' to their own data centers, or to their third-party hosting service, Microsoft Azure." (Doc. 103, pg. 19). Thus, Plaintiffs argue each proposed class member, regardless of their job or location, "was subject to the same uniform biometric data collection and timekeeping policies." (Doc. 103, pg. 19).

On the issue of the adequacy of representation, Plaintiffs argue they are members of, and will fairly represent, the proposed class. (Doc. 103, pg. 19). Like the proposed class members, they had to provide Defendant "with their biometric data in connection with their employment and [it] collected and managed their biometric data." (Doc. 103, pg. 21). Also, like other Perform Time users, Plaintiffs were allegedly required to enroll their biometric data in Defendant's databases at a time when it failed to comply with a publicly available retention and destruction policy or receive informed, written consent about the collection, capture, storage, use, and dissemination of biometric data. (Doc. 103, pg. 21). Finally, Plaintiffs note their "commitment to vigorous litigation" to this point in the case and the absence of "any interests antagonistic to the class." (Doc. 103, pg. 22).

Defendant responds that Plaintiffs are atypical and inadequate representatives of the proposed class. (Doc. 125, pgs. 9-10, 14-23). Those views are based on the following claims: (1) Plaintiff Johns did not use Perform Time in Illinois; (2) Plaintiffs' biometric data was timely deleted, resulting in a lack of standing; (3) Plaintiffs recovered from Defendant's customer, Club Fitness, so their claims conflict with those of the proposed

class; and (4) some class members received notice and/or provided consent under BIPA,
including via an employer or union, so they have no claim. (Doc. 125, pgs. 9-10, 14-23).

Here, notwithstanding Defendants' arguments, the Court finds Plaintiffs have
satisfied the typicality and adequacy of representation requirements. Similar to what was
noted in relation to the commonality requirement, Plaintiffs' claims are based on the same
legal theory and arise from the same practice or course of conduct of Defendant as the
broader class. *See Howard*, 989 F.3d at 605; *Beaton*, 907 F.3d at 1026. Specifically, Plaintiffs'
claims have the same essential characteristics as the claims of the entire class because,
pursuant to uniform behavior stemming from its Perform Time biometric timekeeping
system after a user's enrollment on that device, Defendant allegedly collected, captured,
received, or otherwise obtained and stored biometric data, possessed biometric data, and
replicated, transmitted, or disclosed biometric data to an associated third party all
without § 15 compliance. *See Howard*, 989 F.3d at 605; (Docs. 103, pgs. 12; 103-1, pgs. 7, 13-
16, 25, 27-28, 32, 34-35, 37; 103-2, pgs. 22, 30, 61-62; 103-3, generally; 103-4, pg. 2). For these
reasons, the Court can conclude Plaintiffs will adequately pursue their claims against
Defendant, which, in turn, will benefit the broader class. *See Howard*, 989 F.3d at 605-06.

Further, Defendant does not contest the adequacy of the proposed class counsel,
who the Court now finds are satisfactory to represent the proposed class. *See Gomez*, 649
F.3d at 592; (Doc. 103, pgs. 22-25). Also, at this juncture, the Court finds Plaintiff Barron
adequately represents the proposed class, despite Defendant's invocation of alleged
"differing and separate interests" or injuries. *See Gomez*, 649 F.3d at 592; *Howard*, 989 F.3d

at 609-10.[4] As to both the typicality and adequacy of representation requirements, the Court stresses Defendant's conduct is at issue and, again, it is not fatal that there may be some factual variances among certain individual claims or the possibility for " 'a trivial level of intra-class conflict' " (*e.g.*, variances related to Defendant's customers or the requisite notice and consent under BIPA). *See Beaton*, 907 F.3d at 1026; *Howard*, 989 F.3d at 610. And, notably, this case is not presented on summary judgment, so it is not proper to delve into the merits of fact-intensive claims and defenses. This is especially true where the Court has already recognized an application of the extraterritoriality doctrine is best left for summary judgment after the completion of merits discovery, Plaintiff Barron enrolled in and used Perform Time in Illinois, a lack of standing as to just one claim should be pled and proved as an affirmative defense, and there is no apparent conflict between Plaintiffs and the proposed class since each claim is against only Defendant as an initial matter. *See City of Chicago v. DoorDash, Inc.*,  636 F. Supp. 3d 916, 921 (N.D. Ill. 2022) ("Courts are more likely to find that standing is properly listed as an affirmative defense where, as here, the case is a diversity action and Illinois law would have required defendants to include standing as an affirmative defense."); *Greer v. Illinois Hous. Dev. Auth.*, 122 Ill. 2d 462, 494 (1988) ("In Illinois, lack of standing is an affirmative defense.").

---

[4]As to Plaintiff Johns, Plaintiffs admits: "Defendant claims that one of the Named Plaintiffs, Kellin Johns, did not use its PTS in Illinois. Kellin Johns worked at multiple Club Fitness locations along the border of Illinois and Missouri, and while it may be the case that Johns only enrolled on a PTS in Missouri, it is undisputed that the other Named Plaintiff, Juan Barron, enrolled and used Paycor's PTS in Illinois." (Doc. 148, pg. 6). Based on this representation, the Court limits the class representation to Plaintiff Barron.

#### 4. Predominance and Superiority

As to the predominance requirement contained in Rule 23(b)(3), which is akin to, but far more demanding than, the commonality requirement, the test is whether a proposed class is sufficiently cohesive to warrant an adjudication by representation. *Amchem Prods., Inc.*, 521 U.S. at 623-24 (citing 7A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1777, pgs. 518-19 (2d ed.1986)); *Howard*, 989 F.3d at 607. The Seventh Circuit has explained predominance as follows:

> Rule 23(b)(3)'s predominance requirement is satisfied when common questions represent a significant aspect of a case and can be resolved for all members of a class in a single adjudication. Or, to put it another way, common questions can predominate if a common nucleus of operative facts and issues underlies the claims brought by the proposed class. If, to make a prima facie showing on a given question, the members of a proposed class will need to present evidence that varies from member to member, then it is an individual question. If the same evidence will suffice for each member to make a prima facie showing, then it becomes a common question. Individual questions need not be absent. The text of Rule 23(b)(3) itself contemplates that such individual questions will be present. The rule requires only that those questions not predominate over the common questions affecting the class as a whole.
>
> Analysis of predominance under Rule 23(b)(3) begins, of course, with the elements of the underlying cause of action.

*Messner*, 669 F.3d at 815 (quoting Wright & Miller, § 1768; *In re Nassau Cnty. Strip Search Cases,* 461 F.3d 219, 228 (2d Cir. 2006); *Blades v. Monsanto Co.,* 400 F.3d 562, 566 (8th Cir.2005); *Erica P. John Fund, Inc. v. Halliburton Co.,* 563 U.S. 804, 809 (2011)) (cleaned up).

Moreover, under Rule 23(b)(3), the Court's findings as to predominance and superiority are guided by four factors: (A) the class members' interests in individually controlling the prosecution of separate actions; (B) the extent and nature of any litigation,

concerning the controversy, that was already begun by class members; (C) the
desirability or undesirability of concentrating the litigation of the claims in the particular
forum; and (D) the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3).

Plaintiffs maintain the issues related to class-wide liability predominate over any
individualized issues of the proposed class members. (Doc. 103, pgs. 26-27). As argued
by Plaintiffs and addressed by the Court elsewhere in this Memorandum & Order,
Plaintiffs allege they and the "proposed class members were uniformly subject to the
same scheme to collect, obtain, store, use and disseminate their biometric data without
complying with BIPA." (Doc. 103, pgs. 26-27). For example, "[a]ny individualized
questions as to which of Paycor's clients the Class Members worked for when using the
devices would not preclude predominance, because the collection, enrollment, storage,
and transmission of each Class Member's biometric data is the same irrespective of
location or Paycor customer." (Doc. 103, pg. 27). Therefore, Plaintiffs argue whether
Defendant violated BIPA can, and should, be decided for the class in a single action
without consideration of individual issues. (Doc. 103, pgs. 26-27). Similarly, Plaintiffs
state individual lawsuits by the proposed class members, as opposed to a class action,
will lead to unfair, inefficient, duplicative, or inconsistent results. (Doc. 103, pgs. 27-28).

Defendant disagrees, arguing individualized questions predominate in this action
for the four following reasons: (1) many of its customers implemented BIPA consent
protocols, but it lacks control over whether or how they implemented and ensured
compliance with those protocols; (2) many of its customers have a unionized workforce
and collective bargaining agreement, which gives rise to issues of preemption and

whether a legally authorized representative received notice or provided consent for an employee; (3) its customers had varied uses and configurations for the Perform Time solution; and (4) each class member must have standing to recover in this action. (Doc. 125, pgs. 28-30). Further, as to the superiority requirement, Defendant argues a class action is not the best mechanism for resolving the proposed class's claims because, as previously argued, "whether Plaintiffs—let alon[e] the 14,000 individuals they hope to represent—can assert claims against Paycor under BIPA depends extensively on their individual relationship with their employer, not Paycor." (Doc. 125, pg. 30). Defendant suggests "teasing out these individual issues—including employer consent, union membership, and [biometric] template access—through representative litigation completely undermines the value of the class action device. (Doc. 125, pgs. 30-31).

Here, the Court finds Plaintiffs satisfied the predominance and superiority requirements. Keeping in mind that the predominance requirement is more demanding than the commonality requirement, the Court is satisfied the class proposed by Plaintiffs is sufficiently cohesive to warrant an adjudication of the claims against Defendant under § 15 (a), (b), and (d) by representation. *See Amchem Prods., Inc.*, 521 U.S. at 623-24; *Howard*, 989 F.3d at 607. To be sure, the individual questions identified by Defendant, related to the characteristics and conduct of the customers using Perform Time, can fairly be said to exist in this case. However, individual questions do not preclude class certification, and are actually contemplated by Rule 23(b)(3), when the common questions still predominate over the action. *See Messner*, 669 F.3d at 815. The nine common questions presented by Plaintiffs represent a significant aspect of the case, *i.e.*, whether Defendant's

28

A-30

allegedly uniform practice or course of conduct toward the class violated § 15(a), (b), and (d), and can be efficiently answered based on a common nucleus of operative facts and issues for the entire class in this adjudication. *See id.*; *see also Beaton*, 907 F.3d at 1029 ("The guiding principle behind predominance is whether the proposed class's claims arise from a common nucleus of operative facts and issues. [Citation]. This requires more than a tally of common questions; the district court must consider their relative importance. [Citation]. On the other hand, not every issue must be amenable to common resolution; individual inquiries may be required after the class phase."); *Howard*, 989 F.3d at 607 (" 'There is no mathematical or mechanical test for evaluating predominance.' [Citation]. Efficiency is the animating principle. [Citation]. To gauge whether a class action would be more efficient than individual suits, '[t]he predominance inquiry "asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues." ' "). Finally, the factors articulated in Rule 23(b)(3) support a finding of predominance and superiority because any interest of the class members in individually controlling the prosecution of separate actions does not outweigh the benefits of efficiency and consistency that are achieved by a class action, the Court is unaware of other litigation that concerns these particular claims and class members, the Southern District of Illinois is a desirable forum in which to concentrate these BIPA claims, and the management of the case will not be so difficult as to counsel against the certification of a class action. *See* Fed. R. Civ. P. 23(b)(3).

A-31

### C. Defendant's Motion to Strike New Arguments and Evidence from Plaintiffs' Reply in Support of Class Certification

Defendant takes issue with certain arguments and evidence in Plaintiffs' Reply in Support of their Renewed Motion for Class Certification. (Doc. 151; Sealed Doc. 152). However, when resolving the Renewed Motion for Class Certification, it was unnecessary for the Court to rely on the arguments or evidence arguably presented for the first time in the Reply. As such, Defendant's Motion to Strike is **DENIED as moot**.

### III. CONCLUSION

As explained above, the Amended Motion to Dismiss is **DENIED**, the Renewed Motion for Class Certification is **GRANTED in part** and **DENIED in part**, and the Motion to Strike is **DENIED as moot**. The Court **CERTIFIES** the following class in this case:

> All individuals working in the State of Illinois who had their fingerprints, hand geometry or other biometric data collected, captured, received, or otherwise obtained or disclosed by Defendant's Perform Time biometric timekeeping system during the applicable statutory period.

The Court **APPOINTS** Plaintiff Juan Barron as class representative. The Court **APPOINTS** the law firms of Stephan Zouras, LLC, and Peiffer, Wolf, Carr, Kane, Conway & Wise, LLP, as class counsel. A Status Conference will be scheduled, approximately 30 days from the date of this Memorandum & Order, to discuss matters such as: (1) the need to enter a scheduling and discovery order for additional merits discovery in advance of the filing of dispositive motions; and (2) if necessary, other matters pertaining to the class.

**SO ORDERED.**

Dated: March 28, 2025.

*s/ David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge

30

A-32

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## U.S. District Court

### Southern District of Illinois

**Notice of Electronic Filing**

The following transaction was entered on 6/4/2025 at 3:40 PM CDT and filed on 6/4/2025

| | |
|---|---|
| **Case Name:** | Johns v. Paycor, Inc. |
| **Case Number:** | 3:20-cv-00264-DWD |
| **Filer:** | |
| **Document Number:** | 182(No document attached) |

**Docket Text:**
Minute Entry for proceedings held before Judge David W. Dugan: Status Conference held on 6/4/2025. Attorney Catherine Duffy present on behalf of Plaintiffs. Attorneys Melissa Siebert and Corey Hickman present on behalf of Defendant. The Court hears from counsel with regard to the current posture of the case. The Motion for Reconsideration (Doc. 162) is DENIED. Order to issue. Defense counsel is allowed 7 additional days to respond to the Motion for Court Approval of Class Notice (Doc. 181). (Court Reporter Erikia Schuster.) (dmw2)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED.

**3:20-cv-00264-DWD Notice has been electronically mailed to:**

Brandon M. Wise     bwise@peifferwolf.com, 3958286420@filings.docketbird.com, atate@peifferwolf.com, azika@pwcklegal.com, bwise180@gmail.com, cpatton@peifferwolf.com, drusso@peifferwolf.com, jbrown@peifferwolf.com

Brendan James Duffner     bduffner@mcgpc.com

Catherine Mitchell Duffy     cmitchell@stephanzouras.com, esantana@stephanzouras.com, hhudson@stephanzouras.com, jgarwood@stephanzouras.com, kbowers@stephanzouras.com, mfinerty@stephanzouras.com

Christopher Sean Hennessy     chennessy@cozen.com

Corey Thomas Hickman     chickman@cozen.com

Domenica Russo     drusso@peifferwolf.com

Evan Meyers     emeyers@mcgpc.com

James B. Zouras     jzouras@stephanzouras.com, esantana@stephanzouras.com, hhudson@stephanzouras.com, jgarwood@stephanzouras.com, kbowers@stephanzouras.com, mfinerty@stephanzouras.com

Joseph Dunklin     jdunklin@mcgpc.com

Justin Caparco     jcaparco@stephanzouras.com, hhudson@stephanzouras.com, jgarwood@stephanzouras.com, kbowers@stephanzouras.com, mfinerty@stephanzouras.com, yhernandez@stephanzouras.com

Matthew T. DiCianni     mdicianni@cozen.com

Melissa A. Siebert     msiebert@cozen.com, acoisman@cozen.com, docket@shb.com, ENGreen@cozen.com, melissa-siebert-3214@ecf.pacerpro.com, melissa-siebert-4028@ecf.pacerpro.com, mneubeck@cozen.com

Ryan F. Stephan     rstephan@stephanzouras.com, hhudson@stephanzouras.com, kbowers@stephanzouras.com

**3:20-cv-00264-DWD Parties and Attorneys without registered email addresses requiring notice by other means:**

## IN THE UNITED STATES DISTRICT COURT
## FOR SOUTHERN DISTRICT OF ILLINOIS

KELLIN JOHNS, individually and on )
behalf of all others similarly situated, )
and JUAN BARRON, )
                                         )
           Plaintiffs, )
                                         )     Case No. 3:20-cv-264-DWD
vs. )
                                         )
PAYCOR, INC., )
                                         )
          Defendant. )

### MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is Defendant's Motion to Reconsider the Court's Memorandum & Order dated March 28, 2025, which denied Defendant's Amended Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), granted in part and denied in part Plaintiffs' Renewed Motion for Class Certification under Federal Rule of Civil Procedure 23, and denied as moot Defendant's Motion to Strike New Arguments and Evidence from the Reply in Support of Class Certification. (Docs. 103, 106, 107, 151, 155, 162; Sealed Doc. 152). Plaintiffs filed a Response in Opposition to, and Defendant filed a Reply in Support of, the Motion to Reconsider. As explained below, the Motion to Reconsider is **DENIED**.[1]

As an initial matter, the Court notes motions to reconsider serve a limited function, *i.e.*, to correct manifest errors of law and fact or to present newly discovered evidence. *See Caisse Nat'l de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996)

---

[1]The Motion to Reconsider was denied at the Status Conference on June 4, 2025, with this formal Memorandum & Order to issue as soon as possible. (Doc. 182).

A-34

(quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D.Ill.1982), *aff'd*, 736

F.2d 388 (7th Cir.1984); citing *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th

Cir. 1987)); *see also Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) ("A

'manifest error' is not demonstrated by the disappointment of the losing party. It is the

'wholesale disregard, misapplication, or failure to recognize controlling precedent.' ");

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) ("A

motion for reconsideration performs a valuable function where 'the Court has patently

misunderstood a party, or has made a decision outside the adversarial issues presented

to the Court by the parties, or has made an error not of reasoning but of apprehension.' ").

Such motions, which are permitted but disfavored, are decided pursuant to the Court's

discretion. *Caisse Nat'l de Credit Agricole*, 90 F.3d at 1270 (citing *Billups v. Methodist

Hosp.*, 922 F.2d 1300, 1305 (7th Cir.1991)); *Patrick v. City of Chicago*, 103 F. Supp. 3d 907,

911 (N.D. Ill. 2015). Defendant, as the party claiming error, must "bear[] a heavy burden,"

and it cannot simply rehash old arguments. *See Patrick*, 103 F. Supp. 3d at 911

(citing *Zurich Cap. Mkts., Inc. v. Coglianese*, 383 F. Supp. 2d 1041, 1045 (N.D. Ill. 2005)).

 Here, upon review of the Motion to Reconsider, it is immediately apparent to the

Court that Defendant largely rehashes old arguments instead of identifying a manifest

error of either law or fact. *See Caisse Nat'l de Credit Agricole*, 90 F.3d at 1269-70; *Oto*, 224

F.3d at 606; *Bank of Waunakee*, 906 F.2d at 1191; *Patrick*, 103 F. Supp. 3d at 911.

Nevertheless, the Court will address certain arguments presented by Defendant below.

 First, Defendant argues the Court erred in "striking" its Motion for Summary

Judgment. (Doc. 162, pgs. 2-4). It asks the Court to "reconsider and vacate its ruling

A-35

granting class certification, and instead [to] allow Paycor to file a renewed motion for summary judgment that will be decided before class certification is addressed." (Doc. 162, pg. 4). Based on the history and procedural posture of this case, it is clear that Defendant's argument represents yet another example of its expectation that the Court and Plaintiffs will bend to its preferred course of action. And, while it may sometimes be proper to consider a motion for summary judgment before a motion for class certification, the history and procedural posture reveal why it was not proper here.

By way of reminder, the case was previously stayed for nearly 3 years, between May 11, 2021, and May 8, 2024, at Defendant's request, pending decisions by the Seventh Circuit and the Illinois Courts in other cases. (Docs. 65 & 99).[2][3] When the stay was lifted, the Court directed the parties to file a Joint Status Report before scheduling a Status Conference to discuss the matters raised therein. (Docs. 99, 100, 101, 102). At that time, the parties agreed "additional and outstanding fact discovery, including written, Electronically Stored Information ('ESI'), and oral discovery, as well as expert discovery" was necessary. (Doc. 100, pgs. 2-3). Defendant also suggested "expert discovery must be completed prior to dispositive motion practice" since it "is necessary for responding to class certification and for [its] planned summary judgment motion." (Doc. 100, pgs. 3-4).

At the Status Conference, which was held on June 18, 2024, the Court, *inter alia*, scheduled a Final Pretrial Conference and Bench Trial, ordered Defendant to file an

---

[2]In light of the stay, Defendant's Motion to Dismiss the First Amended Class Action Complaint under Rule 12(b)(6) and Plaintiffs' Motion for Class Certification under Rule 23 were denied, without prejudice, and with leave to refile after the stay. (Docs. 44, 61, 65).

[3]At the end of the stay, the Court resolved issues under the *Colorado River* Doctrine. (Docs. 82 & 99).

answer or to otherwise respond to the First Amended Class Action Complaint, and ordered Plaintiffs to file a Renewed Motion for Class Certification. (Doc. 102). Further, the Court permitted Defendant to assess the need for a class certification expert in order to file an adequate Response to the Renewed Motion for Class Certification. (Doc. 102). The parties were directed to meet and confer on proposed scheduling and discovery deadlines that contemplated the Bench Trial date. (Doc. 102). A Status Conference was scheduled for July 18, 2024, at which time these matters would be discussed. (Doc. 102).

Defendant chose to file its Amended Motion to Dismiss, rather than an answer, on July 17, 2024, following a brief extension of time. (Docs. 106 & 107). Moreover, the Court held the Status Conference scheduled for July 18, 2024. (Docs. 108 & 137). The transcript from that Status Conference reveals the lack of care, unpreparedness, and inattention to the Court's Orders, discovery practice, and motion practice since the lifting of the stay in this case. (Doc. 137, generally). The parties failed to meet and confer on proposed scheduling and discovery deadlines, the parties conflated class discovery and merits discovery, Defendant expressed uncertainty about "what exactly did occur [in discovery with plaintiff] prior to this case being stayed," Defendant appeared to shift its position from requiring discovery of a class certification expert to discovery of third-party customers, and Defendant took no steps since the prior Status Conference to conduct discovery of a class certification expert or third-party customers. (Doc. 137, pgs. 3-14).

In any event, Defendant reported third-party discovery was necessary to file a Response to the Renewed Motion for Class Certification. (Docs. 108 & 109). Therefore, while the Court was concerned about the need for the case to move forward, Defendant

4

was granted 60 days to complete third-party discovery and to file a Response to the

Renewed Motion for Class Certification. (Docs. 108; 109; 137, pgs. 11-17). Plaintiffs, for

their part, were directed to file a Response to the Amended Motion to Dismiss. (Docs. 108

& 109). Finally, since the parties failed to comply with the order to meet and confer on

proposed scheduling and discovery deadlines that contemplated the date of the bench

trial, they were again directed to do so. (Docs. 108 & 109). And, relevant to Defendant's

current argument, the Court indicated the Amended Motion to Dismiss and Renewed

Motion for Class Certification would be considered on the same track, stating:

> I'm going to give you 60 days, [Defendant], to address discovery. At the
> same time, we'll do the briefing schedule obviously for the motion to
> dismiss, that will be obviously calculable by both, by reason of local rules
> and my procedures. That shouldn't be a problem. The same way with
> regard to the motion for class certification, but I am going to…give you an
> opportunity to address that discovery that you want to do with the expert
> and/or third party, and then we're going to meet again about that time.

(Doc. 137, pg. 17).

At no point did Defendant object to this consideration of the pending Motions.

Likewise, at that time, Defendant did not raise the issue of filing a motion for summary

judgment at the same time as its Response to the Renewed Motion for Class Certification.

But the Court indicated: "[i]f anything comes up in the interim, if there's a problem, if

there's something you want clarification on, please send an e-mail or call chambers and

we will get together as soon as possible so that we can ferret that out." (Doc. 137, pg. 17).

Plaintiffs filed their Response to Defendant's Amended Motion to Dismiss on

August 16, 2024. (Doc. 116). Around that time, the parties also briefed Defendant's

A-38

request for an extension of time to respond to the Renewed Motion for Class Certification

under Rule 23. (Docs. 117 & 118). On August 28, 2024, the Court ruled as follows:

> ORDER regarding Defendant's Motion for an Extension of Time to Respond to Plaintiffs' Class Certification Motion, to which Plaintiffs have filed a Response in Opposition. (Docs. 117 & 118). Defendant's Response to Plaintiffs' Motion for Class Certification is due in 20 days, *i.e.*, on September 17, 2024. (Doc. 109). However, Defendant argues a 30-day extension of time is warranted because it has expended a considerable amount of time and effort gathering the information needed to file its Response, including by reviewing voluminous records to identify customers with relevant Illinois-based employees. Defendant indicates that time-consuming analysis, which was only recently completed, was necessary "so that Paycor c[ould] identify a reasonable grouping of customers from whom to request additional information relevant to the Class Certification Motion." Defendant states it needs additional time to obtain a protective order addendum and to gather, by subpoena if necessary, other information related to its customers' collection of written consent from employees who used the timekeeping solutions. In sum, Defendant argues it "deserves the right to oppose class certification using information that is not readily available to it, must be obtained through its third-party customers, and which could defeat or limit class certification." Defendant also intends to file a motion for summary judgment along with the contemplated Response. Finally, Defendant notes its in-house counsel has been on family leave for several weeks and will not return to work until after Labor Day. In Response, Plaintiff notes Defendant "shifted gears from 'needing' expert discovery to respond to Plaintiffs' Motion, to now 'needing' to issue third-party subpoenas to its own customers." Plaintiff further notes Defendant could have completed the discovery related to its own customers at any time during the 4-year pendency of this case, which was stayed for a significant period of time. Also, Defendant has already been afforded, as an initial matter, 60 days to complete third-party discovery and to file the contemplated Response. (Doc. 109). The present request for an extension of time would allow Defendant a total of 90 days to file that Response. Lastly, Plaintiff disputes that the information described by Defendant adds any value to its Response or the case more broadly. Now, based on a review of the parties' positions, the Court **FINDS** Plaintiff clearly has the better arguments as to the instant Motion. Under Local Rule 23.1(c), "[t]he timetable for responding to a motion for class certification shall be established in the Joint Report or Scheduling and Discovery Order issued by the Court." L.R. 23.1(c) (eff. Oct. 30, 2023). Currently, there is no operative scheduling and discovery order, as the case was previously subject to a lengthy stay, Defendant had to assess

the need to conduct discovery before filing its Response, and the parties were ordered on three occasions to meet and confer on proposed deadlines for scheduling and discovery. (Docs. 99, 102, 109). As it did twice previously, the Court has scheduled a Status Conference for September 25, 2024, to discuss scheduling and discovery deadlines. (Docs. 101, 102, 108, 109). Notably, though, prior to the stay of the case, the operative scheduling and discovery orders contemplated 21 days and 24 days for Defendant to file its Response. (Docs. 33 & 54). Despite those shorter deadlines, the Court ultimately granted Defendant 60 days to conduct third-party discovery and to file its Response after the stay. (Doc. 109). The Court's allowance of 60 days was generous, and there is no question that a further extension of the deadline to 90 days would be a bridge too far in light of these circumstances and Plaintiffs' arguments. For these reasons, the Court **FINDS** an absence of good cause for an extension of Defendant's deadline to file its Response. Therefore, the instant Motion is **DENIED**.

(Doc. 119).

Defendant complied with the above Orders by filing its Response in Opposition to the Renewed Motion for Class Certification on September 17, 2024. (Doc. 125). On that same date, Defendant filed a Motion for Summary Judgment. (Doc. 126; Sealed Doc. 128).

Further, in response to a slew of other Motions filed by the parties, the Court entered a Case Management Order on October 2, 2024, that, in part, provided:

> CASE MANAGEMENT ORDER. The multi-year stay of this case was lifted on May 8, 2024. (Doc. 99). Thereafter, the Court ordered a Status Report, directed two meet and confer conferences between the parties, and held multiple Status Conferences. (Docs. 99, 100, 101, 102, 108, 109). The purpose of these actions was to, *inter alia*, facilitate discussions about the orderly progression of the case following the stay, including discussions about Plaintiffs' Renewed Motion for Rule 23 Class Certification (Doc. 103), the third-party discovery necessary for Defendant to file its Response to Plaintiffs' Renewed Motion for Rule 23 Class Certification (Docs. 109, 119, 125), and Defendant's Amended Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) (Doc. 106). Since the filing of the Motions and Response, Defendant has also filed a Motion to Enter an Addendum to the Agreed Confidentiality Order (Doc. 121), a Motion for Summary Judgment (Doc. 126; Sealed Doc. 128), and a Motion for Leave to File Under Seal (Doc. 127). Plaintiffs, for their part, filed a Motion for the Entry of a Proposed Case

Schedule and Discovery Order (Doc. 131) and a Motion to Hold in
Abeyance Plaintiffs' Reply in Support of the Renewed Motion for Class
Certification (Doc. 135). Certain of the parties' Motions are not yet ripe.
(Docs. 103, 126, 131, 135; Sealed Doc. 128). Based on the aforementioned
filings, however, it is apparent to the Court that, despite the efforts to ensure
the orderly progression of the case, the parties are not working and
communicating in a collaborative manner toward that end. For example,
[the parties' filings]…and the parties' informal communications to the
Court indicate that they have not adequately met, conferred, and reported
on any of these issues. *See* Case Management Procedures of Judge David
W. Dugan, Discovery Disputes, pgs. 3-4. Instead, the parties have flooded
the docket with Motions that raise issues ordinarily capable of resolution
without the intervention of the Court. At the same time, the parties
continued to brief their substantive motions, which unnecessarily burdened
the Court and complicated the procedural posture of those substantive
motions.

(Doc. 136).

On October 28, 2024, the parties reported they resolved "most issues" related to

their "several motions" and Plaintiffs' requests for supplemental document productions.

(Doc. 138). Although the parties also agreed to a proposed scheduling and discovery

order, the Court's review indicated that matter should be addressed in a separate Order.

(Doc. 138). In the separate Order, entered that same date, the Court, in part, ruled:

AMENDED SCHEDULING AND DISCOVERY ORDER. The parties have
informally submitted a proposed scheduling and discovery order. Upon
review of that proposed scheduling and discovery order, the
Court **ORDERS** as follows: Plaintiffs deadline to file a Reply in Support of
their Renewed Motion for Rule 23 Class Certification (Doc. 103) is January
10, 2025. Also, to the extent the deposition of Mr. David Goodwin is
necessary for Plaintiffs to file that Reply, rather than merely for merits
discovery, that deposition shall occur by December 12, 2024. A hearing on
the Renewed Motion for Rule 23 Class Certification will be set by a separate
order, if necessary…. Consistent with its ordinary practice for proposed
class actions, the Court declines to set further scheduling and discovery
deadlines on the merits at this time. This is because discovery prior to class
certification must only be sufficient to permit the Court to determine
whether the requirements of Federal Rule of Civil Procedure 23 are

A-41

satisfied, including a sufficient inquiry into the merits of the case to ensure appropriate management of the case as a class action. It is once class certification is decided, however, that the Court will schedule an additional conference with the parties to address entering a new discovery order, addressing any additional merits discovery needed as necessary. Therefore, at this time, the Court's only focus is on Plaintiffs' Renewed Motion for Rule 23 Class Certification, which will become ripe upon the filing of Plaintiffs' Reply on January 10, 2025, and Defendant's Amended Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). (Docs. 103 & 106). Further, the Court notes that Defendants have already filed a Motion for Summary Judgment. (Doc. 126; Sealed Doc. 128). Plaintiff did not timely respond to that Motion, but the proposed scheduling and discovery order contemplates a deadline for Plaintiff to do so. This suggests Defendant intends to hold its Motion for Summary Judgment in abeyance until after merits discovery, when Plaintiff will have an opportunity to adequately respond. Since it is not yet appropriate to enter the parties proposed scheduling and discovery order, though, Defendant's Motion for Summary Judgment (Doc. 126; Sealed Doc. 128) is **TERMINATED** as prematurely filed and with leave to refile, if necessary, in accordance with the subsequent scheduling and discovery order entered after the issue of class certification is resolved.

(Doc. 139).

Despite its present arguments, and any prior suggestion that it intended for a motion for summary judgment to be considered at the same time as a motion for class certification, Defendant never objected to, or sought reconsideration of, the above ruling. At a minimum, Defendant had 74 days between the termination of Defendant's Motion for Summary Judgment on October 28, 2024, and the ripening of Plaintiffs' Renewed Motion for Class Certification on January 10, 2025, in which to do so.[4] For this and other reasons evinced by the record, it is also a blatant misrepresentation for Defendant to state:

---

[4]Defendant actually would have had even more time to object or seek reconsideration of the Order at Doc. 139, considering the Court would not have ruled on the Renewed Motion for Class Certification until at least 14 days after January 17, 2025, when Defendant filed its Motion to Strike New Arguments and Evidence from the Reply in Support of Class Certification. *See* L.R. 7.1(b)(2)(A).

"Paycor had 'the right to assert affirmative defenses' to be considered on class certification, but this Court required the parties to brief class certification and granted class certification before Paycor even answered the First Amended Complaint ('FAC') or had an opportunity to assert its affirmative defenses, and while its Rule 12(b)(6) motion to dismiss was still pending." (Doc. 162, pg. 10) (Emphasis in original omitted). As noted above, Defendant never took issue with the Court's consideration of the parties' Motions.

In any event, the parties' disorganization in motion and discovery practice, including their failure to delineate class from merits issues or to properly meet, confer, and propose a scheduling and discovery order at an earlier date, necessitated the above action in the Court's discretion. Otherwise, at the same time, the Court would have been presented with three substantive motions and three varying standards of review. Such a situation, in light of the difficulties presented by the parties' conduct and evolving positions, was untenable. And, anyway, as noted above, it is the Court's typical practice to bifurcate scheduling and discovery in class actions. Finally, Defendant's argument is disingenuous for another reason. The *agreed and jointly proposed* scheduling and discovery order from October 24, 2024, contemplated the ripening of Defendant's Motion for Summary Judgment after the filing of Plaintiffs' Response in Opposition on March 21, 2025, and after the filing of Defendant's Reply in Support on April 21, 2025, which was after any class certification hearing and the completion of merits discovery. Defendant's argument, which represents a change-of-tune from its prior positions, must be rejected.

To be clear, though, Defendant has not been deprived of an opportunity to file a motion for summary judgment with any and all arguments that it wishes to present for

10

A-43

the Court's consideration. Pursuant to the Amended Scheduling and Discovery Order that was finally entered on May 19, 2025, it still has every right to do so. (Doc. 179).

Second, Defendant argues the Court disregarded an abundance of individual issues during its predominance analysis. (Doc. 162, pgs. 4-11). The Court will not rehash Defendant's arguments, which, along with those of Plaintiffs, were exhaustively considered in the ruling at issue. However, in light of those arguments, the Court stresses several aspects of that prior ruling. Ultimately, the Court found in its broad discretion that Plaintiffs met their burden of proving by a preponderance of the evidence that Rule 23 was satisfied. (Doc. 155, pgs. 16, 20) (citing *Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1025 (7th Cir. 2018); *Jacks v. DirectSat USA, LLC*, 118 F.4th 888, 894 (7th Cir. 2024)).

In its commonality analysis, the Court noted Plaintiffs assert the same legal theory and shared characteristics of the entire class, namely, that each individual was working in Illinois when their fingerprints, hand geometry, or other biometric data was collected, captured, received, or otherwise obtained or disclosed by the Perform Time biometric timekeeping system. (Doc. 155, pgs. 19-20) (citing Doc. 103, pgs. 12, 18-19). As such, even if Defendant's customers have options for configuring Perform Time devices, the record suggested those customers could, *inter alia*, allow connectivity for Defendant to collect, capture, receive, or otherwise obtain and store biometric data, possess biometric data, and replicate, transmit, or disclose biometric data to a third party without § 15 compliance. (Doc. 155, pg. 20) (citing Docs. 103-1, pgs. 7, 13-16, 25, 27-28, 32, 34-35, 37; 103-2, pgs. 22, 30, 61-62; 103-3, generally; 103-4, pg. 2). In doing so, the Court cited the following proposition from *Flynn v. FCA US LLC*, 327 F.R.D. 206, 222-23 (S.D. Ill. 2018):

11

A-44

Courts have generally described th[e] [commonality] requirement as a low
hurdle to surmount, and it is satisfied when a common nucleus of operative
facts exist. Class certification will not be defeated solely because there are
some factual variations among the grievances of the class members. Rather,
Plaintiffs must demonstrate that they suffered the same injury and that their
claims can be resolved on a class-wide basis. What matters is the 'capacity
of a classwide proceeding to generate common answers apt to drive the
resolution of the litigation.' Courts have found that a sufficient common
nucleus of operative fact exists where a defendant has engaged in
standardized conduct toward members of the class.

(Doc. 155, pg. 20) (cleaned up).

Similarly, in its typicality and adequacy of representation analysis, the Court noted

Plaintiffs' claims are based on the same legal theory and arise from the same practice or

course of conduct of Defendant as the broader class. (Doc. 155, pg. 24) (citing *Howard v.

Cook Cnty Sheriff's Office*, 989 F.3d 587, 605 (7th Cir. 2021); *Beaton*, 907 F.3d at 1026). The

Court opined that Plaintiffs' claims have the same essential characteristics as the claims

of the entire class because, pursuant to uniform behavior stemming from its Perform

Time biometric timekeeping system after a user's enrollment on that device, Defendant

allegedly collected, captured, received, or otherwise obtained and stored biometric data,

possessed biometric data, and replicated, transmitted, or disclosed biometric data to a

third party without § 15 compliance. (Doc. 155, pg. 24) (citing Docs. 103, pgs. 12; 103-1,

pgs. 7, 13-16, 25, 27-28, 32, 34-35, 37; 103-2, pgs. 22, 30, 61-62; 103-3, generally; 103-4, pg.

2). Despite Defendant's invocation of alleged "differing and separate interests" or injuries

of the proposed class, the Court stressed Defendant's conduct was at issue and, again, it

was not fatal that there may be some factual variances among certain individual claims

or the possibility for " 'a trivial level of intra-class conflict' " (*e.g.*, variances related to

12

A-45

Defendant's customers or the requisite notice and consent under BIPA). (Doc. 155, pgs. 24-25) (citing *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011); *Howard*, 989 F.3d at 609-10; *Beaton*, 907 F.3d at 1026). The Court further stressed:

> And, notably, this case is not presented on summary judgment, so it is not proper to delve into the merits of fact-intensive claims and defenses. This is especially true where the Court has already recognized an application of the extraterritoriality doctrine is best left for summary judgment after the completion of merits discovery, Plaintiff Barron enrolled in and used Perform Time in Illinois, a lack of standing as to just one claim should be pled and proved as an affirmative defense, and there is no apparent conflict between Plaintiffs and the proposed class since each claim is against only Defendant as an initial matter.

(Doc. 155, pg. 25) (citing *City of Chicago v. DoorDash, Inc.*,  636 F. Supp. 3d 916, 921 (N.D. Ill. 2022); *Greer v. Illinois Hous. Dev. Auth.*, 122 Ill. 2d 462, 494 (1988)); *see also* (Doc. 155, pgs. 12-13).

In its predominance and superiority analysis, the Court cited the proposition that individual questions need not be entirely absent in order for a class to be certified. (Doc. 155, pg. 26) (quoting *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012)). Individual questions, which are contemplated by Rule 23(b)(3), simply cannot predominate over the common questions. (Doc. 155, pg. 26) (quoting *Messner*, 669 F.3d at 811). The Court specifically noted the individual questions identified by Defendant could fairly be said to exist in the case, but they did not predominate over the common questions. (Doc. 155, pg. 28) (citing *Messner*, 669 F.3d at 815). The Court believed the common questions represented a significant aspect of the case—namely, whether Defendant's allegedly uniform practice or course of conduct toward the class violated § 15(a), (b), and (d) of BIPA—and could be efficiently answered based on a common

13

A-46

nucleus of operative facts and issues for the class in this adjudication. (Doc. 155, pg. 29)

(citing *Beaton*, 907 F.3d at 1029 ("The guiding principle behind predominance is whether

the proposed class's claims arise from a common nucleus of operative facts and issues.

This requires more than a tally of common questions; the district court must consider

their relative importance.  On the other hand, not every issue must be amenable to

common resolution; individual inquiries may be required after the class phase.") (cleaned

up); *Howard*, 989 F.3d at 607 ("There is no mathematical or mechanical test for evaluating

predominance. Efficiency is the animating principle. To gauge whether a class action

would be more efficient than individual suits, the predominance inquiry asks whether

the common, aggregation-enabling, issues in the case are more prevalent or important

than the non-common, aggregation-defeating, individual issues.") (cleaned up).

Finally, as part of its predominance and superiority analysis, the Court found any

interest of the class members in individually controlling the prosecution of separate

actions did not outweigh the benefits of efficiency and consistency achieved by a class

action. (Doc. 155, pg. 30) (citing Fed. R. Civ. P. 23(b)(3). Having considered Defendant's

present arguments, as it did previously, the Court stands by its prior ruling, which it does

not believe represents a manifest error of law or fact that warrants reconsideration.

Third, Defendant argues the Court erred by "disregarding" its Motion to Strike

New Arguments and Evidence from the Reply in Support of Class Certification. (Doc.

162, pgs. 11-13). This argument is absurd. With the Motion to Strike, Defendant sought to

bar consideration of new arguments and evidence allegedly presented by Plaintiffs,

which the Court essentially did by finding "it was unnecessary…to rely on the arguments

14

or evidence arguably presented for the first time." (Doc. 155, pg. 30). However, Defendant now states: "The motion to strike was necessary because sur-replies are expressly prohibited under the Court's local rules." (Doc. 162, pg. 12). Confusingly, Defendant also states: "the Court was required to consider the evidence raised by the parties in deciding predominance." (Doc. 162, pg. 12). With these statements, Defendant shows its true intent for the Motion to Strike. Defendant sought for the Court to strike Plaintiffs' Reply due to its alleged inclusion of new arguments and evidence while, at the same time, relying on new evidence attached to the Motion to Strike in order to resolve the Renewed Motion for Class Certification in its favor. (Doc. 162, pgs. 12-13) ("The Court should have considered the evidence of signed BIPA consents offered by Paycor in its motion to strike that demonstrates the existence of material ind[ividual] questions that predominated over the putative class."). The Court, once again, was under no obligation to bend to Defendant's will in order to consider what even it suggests was a sur-reply. (Doc. 162, pgs. 12-13). Notably, though, Defendant's admission that discovery of the evidence at issue was *still* incomplete further supports the finding that its consideration was best left for the summary judgment stage, after the completion of all discovery. (Doc. 162, pgs. 12-13). As noted by the *agreed and jointly proposed* scheduling and discovery order from October 24, 2024, that was once consistent with Defendant's position.

Fourth, and finally, Defendant asks the Court to reconsider its denial of the Amended Motion to Dismiss under Rule 12(b)(6). (Doc. 162, pgs. 14-22). If given its way, Defendant would have all of Plaintiffs' claims dismissed. (Doc. 162, pgs. 14-22). As with

A-48

Defendant's other arguments, though, the Court adheres to its prior ruling. (Doc. 155,

pgs. 2-15). In doing so, the Court notes the following points about that prior ruling.

Under § 15(a) and (d), the Court found it is reasonable to infer from Plaintiffs'

specific allegations that Defendant was "in possession" of Plaintiffs' biometric identifiers

or information. (Doc. 155, pgs. 9-10) (citing Doc. 40, pgs. 2, 4-5, 9-13, 17-21; *Clark v.*

*Microsoft Corp.*, 688 F. Supp. 3d 743, 749 (N.D. Ill. 2023); *Patterson v. Respondus, Inc.*, 593 F.

Supp. 3d 783, 822-23 (N.D. Ill. 2022); *Hazlitt v. Apple Inc.*, 543 F. Supp. 3d 643, 653 (S.D. Ill.

2021)). Further, from those specific allegations, it is also reasonable to infer that Defendant

"collected" or "captured," then "stored," their biometric information or identifiers in

violation of § 15(b). (Doc. 155, pg. 10) (citing 740 ILCS 14/15(b); *Cothron v. White Castle*

*Sys., Inc.*, 2023 IL 128004, ¶ 23). It was reasonable to infer an "active step" because

Defendant "managed," "enrolled," or "stored" Plaintiffs' biometric identifiers and

information on its databases after the biometric data was "collected" or "secured"

through the finger scan timeclock sold to and used by Club Fitness. (Doc. 155, pg. 10)

(citing *Clark*, 688 F. Supp. 3d at 746; *Jones v. Microsoft Corp.*, 649 F. Supp. 3d 679, 683 (N.D.

Ill. 2023); *Patterson*, 593 F. Supp. 3d at 824). It appeared Plaintiffs did the bare minimum

under § 15(d), but the Court could also reasonably infer from the allegations that

Defendant disclosed or otherwise disseminated their biometric identifiers or information,

without consent or the application of the other exceptions in the statutory provision, to

"clients and/or other third parties that host biometric data in their data center(s)," which

*could* include Club Fitness itself. (Doc. 155, pg. 10) (citing 740 ILCS 14/15(d)).

16

A-49

The Court understands the game of semantics Defendant plays to second-guess its prior ruling. However, none of the considerations identified by Defendant were ignored in that prior ruling. The Court viewed Plaintiffs' allegations through the statutory lens provided by § 15(a), (b), and (d), and clarified by the case law, to reach its conclusions. Defendant clearly disagrees with those conclusions, but the Court does not find they represent a manifest error of law or fact under the Rule 12(b)(6) standard.

For the reasons explained above, the Motion to Reconsider is **DENIED**.

**SO ORDERED.**

Dated: June 18, 2025.

_____
DAVID W. DUGAN
United States District Judge

17

A-50

# U.S. District Court
## Southern District of Illinois (East St. Louis)
## CIVIL DOCKET FOR CASE #: 3:20−cv−00264−DWD

Johns v. Paycor, Inc.
Assigned to: Judge David W. Dugan
Case in other court:  Madison County Circuit Court, 20−L−114
Cause: 28:1332 Diversity−Petition for Removal
**Plaintiff**

Date Filed: 03/11/2020
Jury Demand: Plaintiff
Nature of Suit: 370 Other Fraud
Jurisdiction: Diversity

**Kellin Johns**
*individually and on behalf of all other*
*similarly situated*

represented by **Brandon M. Wise**
Peiffer Wolf Carr Kane Conway & Wise
LLP
One US Bank Plaza
Suite 1950
St. Louis, MO 63101
314−833−4827
Email: bwise@peifferwolf.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Catherine Mitchell Duffy**
Stephan Zouras, LLP
222 W. Adams Street
Suite 2020
Chicago, IL 60606
312−233−1550
Fax: 312−233−1560
Email: cmitchell@stephanzouras.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brendan James Duffner**
McGuire Law, P.C.
55 W. Wacker Dr.
Ste 9th Fl.
Chicago, IL 60601
312−893−7002
Fax: 312−275−7895
Email: bduffner@mcgpc.com
*ATTORNEY TO BE NOTICED*

**Domenica Russo**
Peiffer Wolf Carr Kane Conway & Wise
LLP
One US Bank Plaza
Suite 1950
St. Louis, MO 63101
314−314−9384
Email: drusso@peifferwolf.com
*ATTORNEY TO BE NOTICED*

**Evan Meyers**
McGuire Law, P.C.
55 W. Wacker Dr.
Ste 9th Fl.
Chicago, IL 60601
312−893−7002
Email: emeyers@mcgpc.com
*ATTORNEY TO BE NOTICED*

**James B. Zouras**

Stephan Zouras, LLP
222 W. Adams Street
Suite 2020
Chicago, IL 60606
312−233−1550
Fax: 312−233−1560
Email: jzouras@stephanzouras.com
*ATTORNEY TO BE NOTICED*

**Joseph Dunklin**
McGuire Law, P.C.
55 W. Wacker Dr.
Ste 9th Fl.
Chicago, IL 60601
312−893−7002
Email: jdunklin@mcgpc.com
*ATTORNEY TO BE NOTICED*

**Justin Caparco**
Stephan Zouras, LLP
222 W. Adams Street
Suite 2020
Chicago, IL 60606
312−233−1550
Email: jcaparco@stephanzouras.com
*ATTORNEY TO BE NOTICED*

**Megan E. Shannon**
Fegan Scott LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
312−273−9476
Email: megan@feganscott.com
*TERMINATED: 03/07/2022*

**Ryan F. Stephan**
Stephan Zouras, LLP
222 W. Adams Street
Suite 2020
Chicago, IL 60606
312−233−1550
Fax: 312−233−1560
Email: rstephan@stephanzouras.com
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Juan Barron**                    represented by **Brendan James Duffner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Catherine Mitchell Duffy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Domenica Russo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Evan Meyers**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph Dunklin**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Ryan F. Stephan**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Paycor, Inc.**                    represented by    **Melissa A. Siebert**
Cozen O'Connor − Chicago
123 North Wacker Drive
Suite 1800
Chicago, IL 60606
312−382−3100
Fax: 312−382−8910
Email: msiebert@cozen.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Austin Gene Dieter**
Cozen O'Connor
123 N Wacker Drive
Suite 1800
Chicago, IL 60606
Email: adieter@proskauer.com
*TERMINATED: 09/18/2024*

**Catherine Mitchell Duffy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Christopher Sean Hennessy**
Cozen O'Connor
123 N Wacker Drive
Suite 1800
Chicago, IL 60606
312−474−4493
Email: chennessy@cozen.com
*ATTORNEY TO BE NOTICED*

**Corey Thomas Hickman**
Cozen O'Connor
123 N Wacker Drive
Suite 1800
Chicago, IL 60606
312−474−7900
Email: chickman@cozen.com
*ATTORNEY TO BE NOTICED*

**Matthew T. DiCianni**
Cozen O'Connor
123 N Wacker Drive
Suite 1800
Chicago, IL 60606
312−382−3119
Fax: 312−462−1805
Email: mdicianni@cozen.com
*ATTORNEY TO BE NOTICED*

**Matthew C. Wolfe**
Shook, Hardy & Bacon, LLP − Chicago
111 South Wacker Drive
Suite 4700

Chicago, IL 60606
(312) 704−7700
Fax: (312) 558−1195
Email: mwolfe@shb.com
*TERMINATED: 04/17/2023*

**Maveric Ray Searle**
Shook, Hardy & Bacon, LLP − Chicago
111 South Wacker Drive
Suite 4700
Chicago, IL 60606
312−704−7700
Email: msearle@shb.com
*TERMINATED: 04/17/2023*

**Michael B. Galibois**
Reed Smith, LLP − Chicago
10 South Wacker Drive
Suite 4000
Chicago, IL 60606
312−207−2810
Email: mgalibois@reedsmith.com
*TERMINATED: 11/05/2020*

**Michael O'Neil**
Reed Smith, LLP − Chicago
10 South Wacker Drive
Suite 4000
Chicago, IL 60606
312−207−2879
Email: michael.oneil@reedsmith.com
*TERMINATED: 11/05/2020*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 03/11/2020 | 1 | NOTICE OF REMOVAL from Madison County Circuit Court, case number 2020L000114 ( Filing fee $ 400 receipt number 0754−4138236), filed by Paycor, Inc.. (Attachments: # 1 State Court Complaint Exhibit A− State Court Complaint, # 2 Civil Cover Sheet Exhibit B− Civil Cover Sheet)(Galibois, Michael) (Entered: 03/11/2020) |
| 03/11/2020 | 2 | NOTICE of Appearance by Michael B. Galibois on behalf of Paycor, Inc. (Galibois, Michael) (Entered: 03/11/2020) |
| 03/11/2020 | 3 | EXHIBIT by Paycor, Inc.. Exhibit to 1 Notice of Removal, *Exhibit B− Declaration of Robert Whitworth*. (Galibois, Michael) (Entered: 03/11/2020) |
| 03/12/2020 | 4 | NOTICE OF INITIAL ASSIGNMENT TO A U.S. MAGISTRATE JUDGE: This case has been randomly assigned to United States Magistrate Judge Reona J. Daly pursuant to Administrative Order No. 257. The parties are advised that their consent is required if the assigned Magistrate Judge is to conduct all further proceedings in the case, including trial and final entry of judgment pursuant to 28 U.S.C. 636(c) and Federal Rule of Civil Procedure 73. As set forth in Administrative Order No. 257, each party will be required to file a Notice and Consent to Proceed Before a Magistrate Judge Jurisdiction form indicating consent or nonconsent to the jurisdiction of the assigned Magistrate Judge. If all parties do not consent to the Magistrate Judge's jurisdiction, the case will be randomly assigned to a district judge for all further proceedings and the parties cannot later consent to reassignment of the case to a magistrate judge. The parties are further advised that they are free to withhold consent without adverse substantive consequences. Within 21 days of this Notice, the following party or parties must file the attached form indicating consent to proceed before the assigned Magistrate Judge or an affirmative declination to consent: Kellin Johns, Paycor, Inc.. A link regarding the magistrate judges in this district is attached for your convenience: http://www.ilsd.uscourts.gov/documents/BenefitsofConsent.pdf. All future documents |

| | | must bear case number 20−264−RJD. Refer to Civil/Removal Case Processing Requirements, found on the ILSD website, for further service information. Consent due by 4/2/2020 (amv) (Entered: 03/12/2020) |
|---|---|---|
| 03/12/2020 | 5 | Letter to Attorney Mitchell regarding admissions (amv) (Entered: 03/12/2020) |
| 03/12/2020 | 6 | NOTICE OF ACTION:. See Local Rule 83.1(f). In all cases filed in, removed to, or transferred to this court, all attorneys, including government attorneys, shall file a written entry of appearance before addressing the court. Attorney Mitchell does not have a Notice of Appearance on file in this case. (amv)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 03/12/2020) |
| 03/13/2020 | 7 | Consent MOTION for Extension of Time to File Answer *or otherwise Plead to Plaintiff's Complaint* by Paycor, Inc.. (Galibois, Michael) (Entered: 03/13/2020) |
| 03/16/2020 | 8 | ORDER GRANTING 7 Consent MOTION for Extension of Time to File Answer *or otherwise Plead to Plaintiff's Complaint* filed by Paycor, Inc. Paycor, Inc. shall file its answer or otherwise respond to Plaintiff's complaint by 4/10/2020. Signed by Magistrate Judge Reona J. Daly on 3/16/2020. (nmf)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 03/16/2020) |
| 03/17/2020 | 9 | STRICKEN − NOTICE of Appearance by Brandon M. Wise on behalf of Kellin Johns (Wise, Brandon) Modified on 3/18/2020 (cds). (Entered: 03/17/2020) |
| 03/17/2020 | 10 | NOTICE of Appearance by Brandon M. Wise on behalf of Kellin Johns (Wise, Brandon) (Entered: 03/17/2020) |
| 03/18/2020 | 11 | NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS striking 9 Notice of Appearance filed by Kellin Johns. PDF is blank. No action necessary as the document has been re filed. (cds)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 03/18/2020) |
| 03/18/2020 | 12 | NOTICE FROM CLERK Instructing Brandon Wise on behalf of Kellin Johns to file Notice and Consent to Proceed Before A Magistrate Judge Jurisdiction Form: Pursuant to Administrative Order No. 257, within 21 days of this Notice, you must file the attached form indicating your consent to proceed before a Magistrate Judge or an affirmative declination to consent. A link regarding the magistrate judges in this district is attached for your convenience: http://www.ilsd.uscourts.gov/documents/BenefitsofConsent.pdf. Consent/Non−Consent to U.S. Magistrate Judge Jurisdiction form sent to Brandon Wise on behalf of Kellin Johns on 3/18/2020. Consent due by 4/8/2020 (cds) (Entered: 03/18/2020) |
| 03/26/2020 | 13 | NOTICE of Appearance by Megan E. Shannon on behalf of All Plaintiffs (Shannon, Megan) (Entered: 03/26/2020) |
| 03/26/2020 | 14 | NOTICE of Appearance by Catherine T. Mitchell on behalf of Kellin Johns (Mitchell, Catherine) (Entered: 03/26/2020) |
| 03/26/2020 | 15 | NOTICE of Appearance by Ryan F. Stephan on behalf of Kellin Johns (Stephan, Ryan) (Entered: 03/26/2020) |
| 03/30/2020 | 16 | NOTICE of Consent/Non Consent to US Magistrate Judge by Kellin Johns *Magistrate Judge Jurisdiction* (Shannon, Megan) Modified on 3/31/2020 (amv). (Entered: 03/30/2020) |
| 03/31/2020 | 17 | NOTICE OF MODIFICATION re 16 Notice (Other) filed by Kellin Johns. Incorrect event used. Document has been sealed and docket text modified to reflect Consent/Non Consent to Trial by US Magistrate Judge. Counsel is notified the correct event is Civil/Other Filings/Other Document/Consent Non Consent to US Magistrate Judge. No further action is required by the filer in relation to this notification. (amv)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 03/31/2020) |

| | | |
|---|---|---|
| 03/31/2020 | 18 | NOTICE TERMINATING JUDGE ASSIGNMENT: Pursuant to Administrative Order No. 257, and a request for reassignment having been received, this case, in its entirety, is hereby reassigned to Judge J. Phil Gilbert for further proceedings. Magistrate Judge Reona J. Daly no longer assigned to the case. All future documents must bear case number 20−264−JPG. (amv)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 03/31/2020) |
| 04/01/2020 | 19 | ORDER REASSIGNING CASE. Case reassigned to Chief Judge Nancy J. Rosenstengel for all further proceedings. Judge J. Phil Gilbert no longer assigned to case. Signed by Judge J. Phil Gilbert on 4/1/2020. (jdh)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 04/01/2020) |
| 06/09/2020 | 20 | MOTION for Extension of Time to File Answer *or Otherwise Respond to Plaintiff's Class Action Complaint* by Paycor, Inc.. (Galibois, Michael) (Entered: 06/09/2020) |
| 06/10/2020 | 21 | ORDER GRANTING Defendant's 20 Motion for Extension of Time to File Answer or Otherwise Respond to Plaintiff's Class Action Complaint. Defendant's response is now due on or before July 1, 2020. Signed by Chief Judge Nancy J. Rosenstengel on 6/10/2020. (anb2)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 06/10/2020) |
| 06/30/2020 | 22 | Third MOTION for Extension of Time to File Answer *to Plaintiff's Class Action Complaint* by Paycor, Inc.. (Galibois, Michael) (Entered: 06/30/2020) |
| 06/30/2020 | 23 | ORDER GRANTING Defendant's 22 Third Motion for Extension of Time to File Answer to Plaintiff's Class Action Complaint. Defendant's response is now due on or before July 22, 2020. Signed by Chief Judge Nancy J. Rosenstengel on 6/30/2020. (anb2)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 06/30/2020) |
| 07/22/2020 | 24 | ANSWER to Complaint *and Additional Defenses* by Paycor, Inc..(Galibois, Michael) (Entered: 07/22/2020) |
| 08/18/2020 | 25 | CJRA TRACK B assigned: Final Pretrial Conference set for 6/23/2021 at 2:30 PM in East St. Louis Courthouse before Chief Judge Nancy J. Rosenstengel. Presumptive Bench Trial month set for July 2021. Signed by Chief Judge Nancy J. Rosenstengel on 8/18/2020. (drb) (Entered: 08/18/2020) |
| 08/18/2020 | 26 | ORDER SETTING SCHEDULING CONFERENCE: A Telephonic Scheduling Conference is set for **9/24/2020 at 2:30 PM** before Chief Judge Nancy J. Rosenstengel. Instructions for placing the conference call are as follows: call toll free **877−336−1831**; when prompted enter Access Code **9139610**; followed by Security Code **9342**. The parties are to submit a Joint Report and Proposed Scheduling and Discovery Order seven (7) days prior to the conference call. Signed by Chief Judge Nancy J. Rosenstengel on 8/18/2020. (drb) (Entered: 08/18/2020) |
| 08/27/2020 | 27 | NOTICE of Appearance by James B. Zouras on behalf of Kellin Johns (Zouras, James) (Entered: 08/27/2020) |
| 09/17/2020 | 28 | STRICKEN STATUS REPORT *Joint Report of the Parties and Proposed Scheduling and Discovery Order (Class Action)* by Kellin Johns. (Mitchell, Catherine) (Entered: 09/17/2020) |
| 09/18/2020 | 29 | NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS striking 28 Status Report filed by Kellin Johns. The parties are directed to email the Joint Report of the Parties to NJRpd@ilsd.uscourts.gov. Refer to Order Setting Scheduling Conference (Doc. 26). (amv)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 09/18/2020) |
| 09/18/2020 | 30 | MOTION to Appear Pro Hac Vice by Attorney Michael O'Neil $200 fee paid,receipt number 0754−4284752 by on behalf of Paycor, Inc.. (O'Neil, Michael) (Entered: 09/18/2020) |
| 09/21/2020 | 31 | ORDER granting 30 Motion to Appear Pro Hac Vice by Attorney Michael O'Neil. (amv)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 09/21/2020) |

| 09/24/2020 | 32 | Minute Entry for proceedings held before Chief Judge Nancy J. Rosenstengel: Telephonic Scheduling Conference held on 9/24/2020. Attorneys Catherine Mitchell, Michael O'Neil, and Michael Galibois participated. The Joint Report of the Parties is accepted as submitted. Should a discovery dispute arise, the parties are instructed to file a motion and a response. The Court will rule on the filings or set a discovery dispute hearing. (Court Reporter n/a.) (drb)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 09/24/2020) |
|---|---|---|
| 09/24/2020 | 33 | ORDER ADOPTING JOINT REPORT AND PROPOSED SCHEDULING AND DISCOVERY ORDER. Signed by Chief Judge Nancy J. Rosenstengel on 9/24/2020. (Attachments: # 1 Joint Report of the Parties)(drb) (Entered: 09/24/2020) |
| 10/05/2020 | 34 | Pursuant to Administrative Order No. 277, this case is transferred from Chief Judge Nancy J. Rosenstengel and reassigned to Judge David W. Dugan. Unless the newly assigned judge directs otherwise, all deadlines and hearing dates shall remain in effect. All future pleadings shall bear the case number 3:20−cv−264−DWD.(kls3) (Entered: 10/05/2020) |
| 10/07/2020 | 35 | MOTION for Leave to File *First Amended Complaint* by Kellin Johns. (Attachments: # 1 Exhibit Exhibit A: First Amended Complaint)(Stephan, Ryan) (Entered: 10/07/2020) |
| 10/15/2020 | 36 | ORDER: Due to the recent case reassignment, the following hearings have been **RESET**: Final Pretrial Conference RESET to **7/8/2021 at 10:30 AM** and Bench Trial RESET to **7/19/2021 at 9:00 AM** both in the East St. Louis Courthouse before Judge David W. Dugan. Signed by Judge David W. Dugan on 10/15/2020. (dmw2)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 10/15/2020) |
| 10/28/2020 | 37 | ORDER **GRANTING** 35 MOTION for Leave to File *First Amended Complaint* filed by Kellin Johns. No objection having been filed, Plaintiff's motion for leave to file first amended complaint is GRANTED. Plaintiff shall file her amended complaint by **November 4, 2020**. Amended Pleadings due by 11/4/2020. Signed by Judge David W. Dugan on 10/28/2020. (dmw2)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 10/28/2020) |
| 10/28/2020 | 38 | NOTICE of Appearance by Matthew C. Wolfe on behalf of Paycor, Inc. (Wolfe, Matthew) (Entered: 10/28/2020) |
| 10/28/2020 | 39 | MOTION to Withdraw as Attorney *for Defendant Paycor, Inc.* by Paycor, Inc.. (Galibois, Michael) (Entered: 10/28/2020) |
| 10/29/2020 | 40 | AMENDED COMPLAINT *First Amended Class Action Complaint* against Paycor, Inc., filed by All Plaintiffs.(Stephan, Ryan) (Entered: 10/29/2020) |
| 11/05/2020 | 41 | ORDER. Defendant Paycor, Inc. (Paycor), through its attorneys, seeks leave to withdraw appearances as counsel Michael ONeil and Michael Brian Galibois of Reed Smith LLP as attorneys of record in this matter (Doc. 39). Matthew C. Wolfe of Shook, Hardy & Bacon LLP has filed appearance as counsel for Paycor, Inc. (Doc. 38). For good cause shown, the motion for leave to withdraw appearances as counsel (Doc. 39 ) of Michael ONeil and Michael Brian Galibois is **GRANTED**. Signed by Judge David W. Dugan on 11/5/2020. (dmw2)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/05/2020) |
| 11/09/2020 | 42 | NOTICE of Appearance by Melissa A. Siebert on behalf of Paycor, Inc. (Siebert, Melissa) (Entered: 11/09/2020) |
| 11/09/2020 | 43 | MOTION to Stay *Discovery* by Paycor, Inc.. (Wolfe, Matthew) (Entered: 11/09/2020) |
| 11/12/2020 | 44 | MOTION to Dismiss for Failure to State a Claim *Paycor, Inc.'s Motion to Dismiss the First Amended Class Action Complaint* by Paycor, Inc.. Responses due by 12/17/2020 (Wolfe, Matthew) (Entered: 11/12/2020) |
| 11/12/2020 | 45 | MEMORANDUM in Support re 44 MOTION to Dismiss for Failure to State a Claim *Paycor, Inc.'s Motion to Dismiss the First Amended Class Action Complaint Paycor,* |

| | | |
|---|---|---|
| | | *Inc.'s Memorandum of Law in Support of Its Motion to Dismiss the First Amended Class Action Complaint* filed by Paycor, Inc.. (Attachments: # 1 Exhibit A − Second Amended Complaint, # 2 Exhibit B − Final Approval Order, # 3 Exhibit C − Final Approval Motion)(Wolfe, Matthew) (Entered: 11/12/2020) |
| 11/12/2020 | 46 | RESPONSE in Opposition re 43 MOTION to Stay *Discovery* filed by Juan Barron, Kellin Johns. (Stephan, Ryan) (Entered: 11/12/2020) |
| 11/18/2020 | 47 | REPLY to Response to Motion re 43 MOTION to Stay *Discovery* filed by Paycor, Inc.. (Wolfe, Matthew) (Entered: 11/18/2020) |
| 12/04/2020 | 48 | MOTION for Protective Order *Paycor, Inc.'s Unopposed Motion for Entry of Agreed Confidentiality Order* by Paycor, Inc.. (Wolfe, Matthew) (Entered: 12/04/2020) |
| 12/10/2020 | 49 | ORDER granting 48 Motion for Protective Order. Signed by Judge David W. Dugan on 12/10/2020. (dmw2) (Entered: 12/10/2020) |
| 12/17/2020 | 50 | RESPONSE in Opposition re 44 MOTION to Dismiss for Failure to State a Claim *Paycor, Inc.'s Motion to Dismiss the First Amended Class Action Complaint* filed by All Plaintiffs. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Stephan, Ryan) (Entered: 12/17/2020) |
| 12/31/2020 | 51 | REPLY to Response to Motion re 44 MOTION to Dismiss for Failure to State a Claim *Paycor, Inc.'s Motion to Dismiss the First Amended Class Action Complaint* filed by Paycor, Inc.. (Wolfe, Matthew) (Entered: 12/31/2020) |
| 01/21/2021 | 52 | Joint MOTION to Amend/Correct *Joint Motion to Amend Scheduling Order* by All Plaintiffs. (Mitchell, Catherine) (Entered: 01/21/2021) |
| 01/22/2021 | 53 | NOTICE REGARDING FILING re 52 Motion to Amend/Correct filed by Kellin Johns, Juan Barron. When pleadings contain multiple attorney signatures, the non−filing attorney must include the language with consent with his/her signature. See Section 2.1 of the CM/ECF Users Manual. This Notice is sent for informational purposes only. (amv)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 01/22/2021) |
| 02/18/2021 | 54 | ORDER. The Parties Joint Motion to Amend/Correct their current Scheduling Order (Doc. 52 ) is **GRANTED**. As a result, Defendant's Motion to Stay Discovery (Doc. 43 ) is **DENIED as MOOT**. Motion for Class Certification is due **6/14/2021**. Final Pretrial Conference is **RESET to 2/3/2022 at 10:00 AM** and the Bench Trial is **RESET to 2/14/2022 at 9:00 AM** both in the East St. Louis Courthouse before Judge David W. Dugan. Additional deadlines can be found within the attached Order. Signed by Judge David W. Dugan on 2/18/2021. (dmw2) (Entered: 02/18/2021) |
| 03/17/2021 | 55 | MOTION to Stay *Defendant Paycor, Inc.'s Motion to Stay* by Paycor, Inc.. (Attachments: # 1 Exhibit A−D)(Wolfe, Matthew) (Entered: 03/17/2021) |
| 04/16/2021 | 56 | MOTION for Leave to File *A Response to Defendant Paycor Inc.'s Motion to Stay* by All Plaintiffs. (Attachments: # 1 Exhibit 1, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P, # 18 Exhibit Q, # 19 Exhibit R, # 20 Exhibit S, # 21 Exhibit T, # 22 Exhibit U, # 23 Exhibit V)(Stephan, Ryan) (Entered: 04/16/2021) |
| 04/16/2021 | 57 | MOTION for Leave to File Excess Pages *In Plaintiffs' Motion for Rule 23 Class Certification of their Illinois Biometric Information Privacy Act Claims* by All Plaintiffs. (Attachments: # 1 Exhibit A: Plaintiffs' Motion for Rule 23 Class Certification of their Illinois Biometric Information Privacy Act Claims, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit A to Exhibit I, # 12 Exhibit B to Exhibit I, # 13 Exhibit C to Exhibit I, # 14 Exhibit D to Exhibit I, # 15 Exhibit E to Exhibit I, # 16 Exhibit F to Exhibit I, # 17 Exhibit G to Exhibit I, # 18 Exhibit H to Exhibit I, # 19 Exhibit J)(Stephan, Ryan) (Entered: 04/16/2021) |
| 04/16/2021 | 58 | Sealed Document *Sealed Exhibits: Exhibit C* re 57 Motion for Leave to File Excess Pages,,, by All Plaintiffs. (Attachments: # 1 Exhibit D, # 2 Exhibit E, # 3 Exhibit F, # 4 Exhibit H)(Stephan, Ryan) (Entered: 04/16/2021) |

| 04/19/2021 | 59 | ORDER granting 56 Motion for Leave to File; granting 57 Motion for Leave to File Excess Pages. Plaintiffs' motions for leave to file a response out of time and for leave to file excess pages are **GRANTED**. Plaintiffs shall file their response to Defendant's motion to stay and their motion for class certification, including the memorandum in support which shall not exceed 23 pages, *instanter*. Signed by Judge David W. Dugan on 4/19/2021. (kll)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 04/19/2021) |
|---|---|---|
| 04/19/2021 | 60 | RESPONSE in Opposition re 55 MOTION to Stay *Defendant Paycor, Inc.'s Motion to Stay Plaintiffs' Opposition to Defendant Paycor, Inc.'s Motion to Stay* filed by All Plaintiffs. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U, # 22 Exhibit V)(Stephan, Ryan) (Entered: 04/19/2021) |
| 04/19/2021 | 61 | MOTION to Certify Class *Plaintiffs' Motion for Rule 23 Class Certification of their Illinois Biometric Information Privacy Act Claims* by All Plaintiffs. Responses due by 5/24/2021 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit A to Exhibit I, # 11 Exhibit B to Exhibit I, # 12 Exhibit C to Exhibit I, # 13 Exhibit D to Exhibit I, # 14 Exhibit E to Exhibit I, # 15 Exhibit F to Exhibit I, # 16 Exhibit G to Exhibit I, # 17 Exhibit H to Exhibit I, # 18 Exhibit J)(Stephan, Ryan) (Entered: 04/19/2021) |
| 04/19/2021 | 62 | Sealed Document *Exhibits: Exhibit C* re 61 Motion to Certify Class,, by All Plaintiffs. (Attachments: # 1 Exhibit D, # 2 Exhibit E, # 3 Exhibit F, # 4 Exhibit H)(Stephan, Ryan) (Entered: 04/19/2021) |
| 04/20/2021 | 63 | NOTICE of Appearance by Maveric Ray Searle on behalf of Paycor, Inc. (Searle, Maveric) (Entered: 04/20/2021) |
| 04/21/2021 | 64 | REPLY to Response to Motion re 55 MOTION to Stay *Defendant Paycor, Inc.'s Motion to Stay* filed by Paycor, Inc.. (Wolfe, Matthew) (Entered: 04/21/2021) |
| 05/11/2021 | 65 | ORDER. The Motion to Stay (Doc. 55 ) is **GRANTED**. All proceedings and deadlines in this matter are **STAYED** pending the resolution of *Cothron v White Castle System, Inc.* No. 20−3202, *Tims v Black Horse Carriers*, Case No. 1−20−0562, *Marion v. Ring Container Techs, LLC*, No. 3−20−0184. The parties are **ORDERED** to file a status report within 14 days of each decision. Defendant's Motion to Dismiss (Doc. 44 ) is **DENIED without prejudice** and with leave to refile once this stay is lifted. Plaintiff's Motion for Rule 23 Class Certification (Doc. 61 ) is also **DENIED without prejudice** and with leave to refile once the stay is lifted. Signed by Judge David W. Dugan on 5/11/2021. (dmw2) (Entered: 05/11/2021) |
| 09/22/2021 | 66 | STATUS REPORT *JOINT* by Juan Barron, Kellin Johns. (Stephan, Ryan) (Entered: 09/22/2021) |
| 01/03/2022 | 67 | STATUS REPORT *JOINT* by Juan Barron, Kellin Johns. (Stephan, Ryan) (Entered: 01/03/2022) |
| 03/04/2022 | 68 | MOTION for Leave to File *MOTION FOR LEAVE TO WITHDRAW APPEARANCE OF MEGAN E. SHANNON* by Kellin Johns. (Mitchell, Catherine) (Entered: 03/04/2022) |
| 03/07/2022 | 69 | ORDER granting 68 Megan E. Shannon's Motion for Leave to Withdraw appearance as to plaintiff Kellin Johns: The Clerk is DIRECTED to terminate Shannon as counsel for Plaintiff Kellin Johns. Plaintiff Johns will continue to be represented by counsel from Peiffer Wolf Carr Kane & Conway, APLC and Stephan Zouras, LLP. Signed by Judge David W. Dugan on 3/7/2022. (dsw)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 03/07/2022) |
| 02/16/2023 | 70 | STATUS REPORT *Joint Status Report* by Kellin Johns. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C)(Mitchell, Catherine) (Entered: 02/16/2023) |

| 02/21/2023 | 71 | ORDER regarding the Joint Status Report at Doc. 70. On May 11, 2021, the Court granted the Motion to Stay (Doc. 55) pending the resolution of certain cases in other courts. *Tims v. Black Horse Carriers, Inc.*, 2023 IL 127801, was resolved by the Supreme Court of Illinois on February 2, 2023. Further, with respect to *Marion v. Ring Container Techs, LLC*, No. 3−20−0184, the parties inform the Court that an Agreed Motion to Dismiss Appeal was filed in the Illinois Appellate Court, Third District, on February 14, 2023. Finally, in relation to *Cothron v. White Castle Sys., Inc.*, No. 128004, the Supreme Court of Illinois released its Opinion on February 17, 2023. The parties are **DIRECTED** to file a Joint Status Report within 14 days of the date that the mandates of the Illinois Courts issue or that any further appeal is taken in those cases. Signed by Judge David W. Dugan on 2/21/2023. (jnh)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 02/21/2023) |
| 03/23/2023 | 72 | STATUS REPORT *Filed Jointly* by Paycor, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Searle, Maveric) (Entered: 03/23/2023) |
| 04/10/2023 | 73 | MOTION to Appear Pro Hac Vice by Attorney Christopher Sean Hennessy $200 fee paid,receipt number AILSDC−5046346 by on behalf of Paycor, Inc.. (Hennessy, Christopher) (Entered: 04/10/2023) |
| 04/11/2023 | 74 | ORDER granting 73 Motion to Appear Pro Hac Vice by Attorney Christopher Sean Hennessy. (csb)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 04/11/2023) |
| 04/14/2023 | 75 | MOTION to Withdraw as Attorney *by Matthew C. Wolfe and Maveric Ray Searle* by Paycor, Inc.. (Searle, Maveric) (Entered: 04/14/2023) |
| 04/17/2023 | 76 | ORDER regarding the Motion to Withdraw as Counsel for Defendant Paycor Inc. (Doc. 75) of Matthew C. Wolfe and Maveric Ray Searle of Shook, Hardy & Bacon, LLP. The Motion notes that Melissa A. Siebert of Cozen O'Connor will remain lead counsel for Defendant Paycor Inc. Accordingly, the Motion is **GRANTED**. Mr. Wolfe and Mr. Searle are **TERMINATED** from the case. Signed by Judge David W. Dugan on 4/17/2023. (jnh)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 04/17/2023) |
| 04/18/2023 | 77 | MOTION to Appear Pro Hac Vice by Attorney Austin Gene Dieter $200 fee paid,receipt number AILSDC−5053370 by on behalf of Paycor, Inc.. (Dieter, Austin) (Entered: 04/18/2023) |
| 04/18/2023 | 78 | ORDER granting 77 Motion to Appear Pro Hac Vice for attorney Dieter on behalf of Paycor, Inc. Signed on 4/18/2023. (clw)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 04/18/2023) |
| 08/14/2023 | 79 | ORDER FOR STATUS REPORT. The present matter has been stayed, pending the resolution of certain cases in the Illinois Courts, since May 11, 2021. (Doc. 65). On February 21, 2023, the Court directed the parties to file a Joint Status Report within 14 days of the date that the mandates of the Illinois Courts issued or that any further appeal was taken in those cases. (Doc. 71). On March 23, 2023, a Joint Status Report was filed, indicating, *inter alia*, "the Illinois Supreme Court has taken no action on the Petition for Rehearing and the Mandate of the Illinois Supreme Court in *Cothron[, v. White Castle Sys., Inc.,* No. 128004] has not issued." To date, no further update has been provided to the Court. Accordingly, on or before **August 28, 2023**, the parties are **DIRECTED** to file a Joint Status Report, updating the Court on the status of Illinois proceedings and on whether a stay of this case remains necessary. Signed by Judge David W. Dugan on 8/14/2023. (jnh)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 08/14/2023) |
| 08/28/2023 | 80 | STATUS REPORT *Joint Status Report* by All Plaintiffs. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C)(Mitchell, Catherine) (Entered: 08/28/2023) |
| 08/29/2023 | 81 | NOTICE REGARDING FILING re 80 Status Report filed by Kellin Johns, Juan Barron. When pleadings contain multiple attorney signatures, the non−filing attorney must include the language "with consent" with his/her signature. See Section 2.1 of the CM/ECF Users Manual. This notice is for informational purposes and therefore no |

| | | |
|---|---|---|
| | | action is required. (clw)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 08/29/2023) |
| 08/30/2023 | 82 | ORDER regarding the parties' Joint Status Report (Doc. 80). On August 14, 2023, the Court directed the parties to file a Joint Status Report, "updating the Court on the status of Illinois proceedings and on whether a stay of this case remains necessary." On the one hand, Plaintiffs request that the stay be lifted. Plaintiffs seek to file another Joint Status Report on Discovery, a proposed schedule for the completion of discovery, and a Renewed Motion for Class Certification. On the other hand, Defendant acknowledges that the purpose for the present stay has been fulfilled. However, Defendant argues an independent basis for a continued stay exists under the *Colorado River* Doctrine. *See Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800 (1976). Defendant states "[t]wo earlier−filed actions that are now consolidated...are currently pending in the Circuit Court of Cook County, Illinois, addressing identical issues raised in this case against Defendant. Therefore, Defendant requests that the Court set a briefing schedule for a motion to stay based on the *Colorado River* Doctrine. Now, the Court **FINDS** it would be prudent for the parties to brief the Defendant's claim with respect to the *Colorado River* Doctrine before the present stay is lifted. It would be improvident to lift that stay only to later find that an independent basis for the stay remains. *See Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 497−98 (7th Cir. 2011) ("The [*Colorado River*] abstention doctrine...permits federal courts to defer to a 'concurrent state proceeding' as a matter of 'wise judicial administration.' [Citation]. The doctrine comes into play when parallel state court and federal court lawsuits are pending between the same parties."). Accordingly, the case **REMAINS STAYED**. Defendant is **DIRECTED** to file a Motion for Continued Stay Under the *Colorado River* Doctrine by **September 29, 2023**. Plaintiffs shall file a Response to the Motion for a Continued Stay Under the *Colorado River* Doctrine by **October 30, 2023**. Signed by Judge David W. Dugan on 8/30/2023. (jnh)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 08/30/2023) |
| 09/29/2023 | 83 | MOTION to Stay by Paycor, Inc.. (Siebert, Melissa) (Entered: 09/29/2023) |
| 09/29/2023 | 84 | MEMORANDUM in Support re 83 MOTION to Stay filed by Paycor, Inc.. (Siebert, Melissa) (Entered: 09/29/2023) |
| 09/29/2023 | 85 | EXHIBIT by Paycor, Inc.. . (Attachments: # 1 HirmervESO, # 2 8−10−24, # 3 Complaint, # 4 H13911)(Siebert, Melissa) (Entered: 09/29/2023) |
| 10/02/2023 | 86 | NOTICE OF MODIFICATION re 85 Exhibit filed by Paycor, Inc. Memorandum attached is duplicative of Doc 84 and will be deleted from this entry. The Exhibits will remain on the docket. No further action is required by the filer in relation to this notification. (csb)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 10/02/2023) |
| 10/25/2023 | 87 | MOTION for Extension of Time to File Response/Reply *Plaintiffs Unopposed Motion for an Extension of Time to File a Response to Defendants Motion for Continued Stay* by All Plaintiffs. (Mitchell, Catherine) (Entered: 10/25/2023) |
| 10/26/2023 | 88 | ORDER regarding Plaintiffs' Unopposed Motion for an Extension of Time to File a Response to Defendant's Motion for Continued Stay (Doc. 87) under the *Colorado River* Doctrine. Currently, Plaintiffs' Response is due on October 30, 2023. (Doc. 82). However, the Unopposed Motion indicates Plaintiffs' attorney has "numerous impending briefing and discovery deadlines in other cases" and has had "several recent and imminent staffing changes." (Doc. 87, pg. 1). For these reasons, Plaintiffs request up to and including November 29, 2023, to file their Response. Defendant does not object to that request. Accordingly, the Joint Motion is **GRANTED**. Signed by Judge David W. Dugan on 10/26/2023. (jnh)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 10/26/2023) |
| 11/29/2023 | 89 | ENTRY STRICKEN − RESPONSE to Motion re 83 MOTION to Stay *Under Colorado River* filed by Juan Barron, Kellin Johns. (Stephan, Ryan) Modified on 11/30/2023 (jaj). (Entered: 11/29/2023) |
| 11/29/2023 | 90 | ENTRY STRICKEN − Sealed Document *Exhibits A through E* re 89 Response to Motion by Juan Barron, Kellin Johns. (Stephan, Ryan) Modified on 11/30/2023 (jaj). |

| | | |
|---|---|---|
| | | (Entered: 11/29/2023) |
| 11/30/2023 | 91 | NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS striking 90 Sealed Document filed by Kellin Johns, Juan Barron, 89 Response to Motion filed by Kellin Johns, Juan Barron. Per telephone call from Justin Catarco, of Ryan Stephans Office, incorrect document and exhibits filed. Entry stricken and correct documents to be filed by attorney. (jaj)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/30/2023) |
| 11/30/2023 | 92 | RESPONSE to Motion re 83 MOTION to Stay filed by Juan Barron, Kellin Johns. (Stephan, Ryan) (Entered: 11/30/2023) |
| 11/30/2023 | 93 | Sealed Document *Exhibits A through F* re 92 Response to Motion by Juan Barron, Kellin Johns. (Stephan, Ryan) (Entered: 11/30/2023) |
| 12/06/2023 | 94 | MOTION Leave to Re−File Exhibits re 92 Response to Motion, 93 Sealed Document by Juan Barron, Kellin Johns. (Stephan, Ryan) (Entered: 12/06/2023) |
| 12/11/2023 | 95 | ORDER regarding Plaintiffs' Motion for Leave to Refile Exhibits, wherein Plaintiffs indicate Sealed Exhibits A, B, C, D, and F (Sealed Doc. 93) to their Response to Defendant's Motion for Continued Stay under the *Colorado River* Doctrine were incorrectly filed under seal. Accordingly, the Clerk of the Court is **DIRECTED TO STRIKE** each Sealed Exhibit at Sealed Doc. 93. Further, Plaintiffs are **GRANTED LEAVE** to refile Exhibits A, B, C, D, and F in an unsealed form on the docket. For good cause shown, Plaintiffs are **GRANTED LEAVE** to refile Exhibit E, which is a contract that arguably contains confidential information and is protected by the Agreed Confidentiality Order (Doc. 49), under seal on the docket. Signed by Judge David W. Dugan on 12/11/2023. (jnh)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 12/11/2023) |
| 12/11/2023 | 96 | EXHIBIT by Juan Barron, Kellin Johns. Exhibit to 92 Response to Motion *Exhibits A, B, C, D & F*. (Stephan, Ryan) (Entered: 12/11/2023) |
| 12/11/2023 | 97 | Sealed Document *Exhibit E* re 92 Response to Motion by Juan Barron, Kellin Johns. (Stephan, Ryan) (Entered: 12/11/2023) |
| 12/14/2023 | 98 | REPLY to Response to Motion re 83 MOTION to Stay *Paycor, Inc.'s Reply Brief Supporting a Continued Stay* filed by Paycor, Inc.. (Siebert, Melissa) (Entered: 12/14/2023) |
| 05/08/2024 | 99 | ORDER. For the reasons explained in the attached Memorandum & Order, Defendant's Motion for Continued Stay (Doc. 83) is **DENIED**. The stay of the case is **LIFTED**. Consistent with the directives on page 16 of the Memorandum & Order, the parties are **DIRECTED**, within 21 days of this date, to meet, confer, and then file a Joint Status Report on the appropriate next steps in this case. (Joint Status Report due by 5/29/2024). Signed by Judge David W. Dugan on 5/8/2024. (jnh) (Entered: 05/08/2024) |
| 05/29/2024 | 100 | STATUS REPORT *Joint Status Report* by Kellin Johns. (Mitchell Duffy, Catherine) (Entered: 05/29/2024) |
| 06/10/2024 | 101 | NOTICE of Hearing: Status Conference set for **6/18/2024 at 3:00 PM** via Zoom video conference before Judge David W. Dugan. (dmw2) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 06/10/2024) |
| 06/18/2024 | 102 | Minute Entry for proceedings held before Judge David W. Dugan: Status Conference held on 6/18/2024. Attorney Catherine Duffy present on behalf of Plaintiffs. Attorney Christopher Hennessy present on behalf of Defendant. The Final Pretrial Conference is set for **4/3/2025 at 10:00 AM** and the Bench Trial is set for **4/14/2025 at 9:00 AM** both in the East St. Louis Courthouse before Judge David W. Dugan. Consistent with the Court's statements on the record, Defendant shall answer or otherwise respond to Plaintiff's operative complaint by July 12, 2024, and Plaintiff shall file a Renewed Motion for Class Certification by July 3, 2024. By July 17, 2024, Defendant shall assess the need for a class certification expert in order to file a Response to that Renewed Motion. Further, the parties are **DIRECTED** to meet and confer on proposed scheduling and discovery deadlines that contemplate the aforementioned Bench Trial date. Finally, a Status Conference is **SET** for **July 18, 2024 at 3:00 PM** via Zoom |

| | | |
|---|---|---|
| | | video conference before Judge David W. Dugan. The parties shall be prepared to discuss all of these matters with the Court on that date. (Court Reporter Hannah Jagler.) (dmw2) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 06/18/2024) |
| 07/03/2024 | 103 | MOTION to Certify Class *PLAINTIFFS RENEWED MOTION FOR RULE 23 CLASS CERTIFICATION* by All Plaintiffs. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(Stephan, Ryan) (Entered: 07/03/2024) |
| 07/12/2024 | 104 | MOTION for Extension of Time *to file its amended motion to dismiss (Unopposed)* by Paycor, Inc.. (Siebert, Melissa) (Entered: 07/12/2024) |
| 07/15/2024 | 105 | ORDER regarding Defendant's Unopposed Motion for a Brief Extension of Time to File its Amended Motion to Dismiss, which the Court ordered due by July 12, 2024. (Docs. 102 & 104). For good cause shown therein, and without objection from Plaintiffs, the Unopposed Motion is **GRANTED**. The Amended Motion to Dismiss is due on or before July 17, 2024. Signed by Judge David W. Dugan on 7/15/2024. (jnh)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 07/15/2024) |
| 07/17/2024 | 106 | Amended MOTION to Dismiss by Paycor, Inc.. (Siebert, Melissa) (Entered: 07/17/2024) |
| 07/17/2024 | 107 | MEMORANDUM in Support re 106 Amended MOTION to Dismiss filed by Paycor, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Siebert, Melissa) (Entered: 07/17/2024) |
| 07/18/2024 | 108 | Minute Entry for proceedings held before Judge David W. Dugan: Status Conference held on 7/18/2024. Attorney Catherine Duffy present on behalf of Plaintiffs. Attorney Christopher Hennessy present on behalf of Defendant. The Court hears from the parties regarding the current posture of the case. Order to issue with regard to the Court's rulings on the record. Status Conference set for **9/25/2024 at 3:00 PM** via Zoom video conference before Judge David W. Dugan. (Court Reporter Erikia Schuster.) (dmw2) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 07/18/2024) |
| 07/19/2024 | 109 | ORDER. On June 18, 2024, the Court ordered, among other things, that Defendant shall assess the need for a class certification expert in order to file a Response to Plaintiffs' Renewed Motion for Class Certification. (Docs. 102 & 103). At the Status Conference held on July 18, 2024, Defendant informed the Court that such third−party discovery is necessary to file that Response. Therefore, consistent with its rulings on the record, Defendant is **DIRECTED** to complete that third−party discovery within 60 days of this date. Also, within that same 60 days, Defendant is **FURTHER DIRECTED** to file a Response to Plaintiffs' Renewed Motion for Class Certification. (Doc. 103). If Defendant completes the third−party discovery before the 60−day deadline, then it is **FURTHER DIRECTED** to so notify Plaintiffs. In addition, Plaintiffs are **DIRECTED** to file a Response to Defendant's Amended Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) by August 16, 2024. *See* L.R. 7.1(b)(1)(A) (eff. Oct. 30, 2023). Finally, prior to the Status Conference scheduled for September 25, 2024, the parties are **DIRECTED** to meet and confer on proposed deadlines for scheduling and merits discovery that contemplate the Bench Trial date of April 14, 2025. (Doc. 102). The parties shall also be prepared to discuss these matters with the Court at that Status Conference. Signed by Judge David W. Dugan on 7/19/2024. (jnh)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 07/19/2024) |
| 08/09/2024 | 110 | STRICKEN − MOTION to Appear Pro Hac Vice by Attorney Matthew T. DiCianni by on behalf of Paycor, Inc.. (DiCianni, Matthew) Modified on 8/9/2024 (clw). (Entered: 08/09/2024) |
| 08/09/2024 | 111 | NOTICE of Appearance by Matthew T. DiCianni on behalf of Paycor, Inc. (DiCianni, Matthew) (Entered: 08/09/2024) |
| 08/09/2024 | 112 | MOTION to Appear Pro Hac Vice by Attorney Matthew T. DiCianni $200 fee paid,receipt number AILSDC−5455018 by on behalf of Paycor, Inc.. (DiCianni, Matthew) (Entered: 08/09/2024) |

| | | |
|---|---|---|
| 08/09/2024 | 113 | NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS striking 110 Motion to Appear Pro Hac Vice filed by Paycor, Inc. Document was re−filed at Doc 112 (clw)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 08/09/2024) |
| 08/09/2024 | 114 | ORDER granting 112 Motion to Appear Pro Hac Vice for attorney Matthew T. DiCianni on behalf of Paycor, Inc. Signed on 8/9/2024. (clw)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 08/09/2024) |
| 08/12/2024 | 115 | NOTICE of Appearance by Justin Caparco on behalf of Kellin Johns (Caparco, Justin) (Entered: 08/12/2024) |
| 08/16/2024 | 116 | RESPONSE in Opposition re 106 Amended MOTION to Dismiss filed by All Plaintiffs. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Group Exhibit C, # 4 Group Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J)(Stephan, Ryan) (Entered: 08/16/2024) |
| 08/23/2024 | 117 | MOTION for Extension of Time to File Response/Reply *in Opposition to Plaintiffs Motion for Class Certification* by Paycor, Inc.. (DiCianni, Matthew) (Entered: 08/23/2024) |
| 08/26/2024 | 118 | RESPONSE in Opposition re 117 MOTION for Extension of Time to File Response/Reply *in Opposition to Plaintiffs Motion for Class Certification* filed by All Plaintiffs. (Attachments: # 1 Exhibit A)(Stephan, Ryan) (Entered: 08/26/2024) |
| 08/28/2024 | 119 | ORDER regarding Defendant's Motion for an Extension of Time to Respond to Plaintiffs' Class Certification Motion, to which Plaintiffs have filed a Response in Opposition. (Docs. 117 & 118). Defendant's Response to Plaintiffs' Motion for Class Certification is due in 20 days, *i.e.*, on September 17, 2024. (Doc. 109). However, Defendant argues a 30−day extension of time is warranted because it has expended a considerable amount of time and effort gathering the information needed to file its Response, including by reviewing voluminous records to identify customers with relevant Illinois−based employees. Defendant indicates that time−consuming analysis, which was only recently completed, was necessary "so that Paycor c[ould] identify a reasonable grouping of customers from whom to request additional information relevant to the Class Certification Motion." Defendant states it needs additional time to obtain a protective order addendum and to gather, by subpoena if necessary, other information related to its customers' collection of written consent from employees who used the timekeeping solutions. In sum, Defendant argues it "deserves the right to oppose class certification using information that is not readily available to it, must be obtained through its third−party customers, and which could defeat or limit class certification." Defendant also intends to file a motion for summary judgment along with the contemplated Response. Finally, Defendant notes its in−house counsel has been on family leave for several weeks and will not return to work until after Labor Day. In Response, Plaintiff notes Defendant "shifted gears from 'needing' expert discovery to respond to Plaintiffs' Motion, to now 'needing' to issue third−party subpoenas to its own customers." Plaintiff further notes Defendant could have completed the discovery related to its own customers at any time during the 4−year pendency of this case, which was stayed for a significant period of time. Also, Defendant has already been afforded, as an initial matter, 60 days to complete third−party discovery and to file the contemplated Response. (Doc. 109). The present request for an extension of time would allow Defendant a total of 90 days to file that Response. Lastly, Plaintiff disputes that the information described by Defendant adds any value to its Response or the case more broadly. Now, based on a review of the parties' positions, the Court **FINDS** Plaintiff clearly has the better arguments as to the instant Motion. Under Local Rule 23.1(c), "[t]he timetable for responding to a motion for class certification shall be established in the Joint Report or Scheduling and Discovery Order issued by the Court." L.R. 23.1(c) (eff. Oct. 30, 2023). Currently, there is no operative scheduling and discovery order, as the case was previously subject to a lengthy stay, Defendant had to assess the need to conduct discovery before filing its Response, and the parties were ordered on three occasions to meet and confer on proposed deadlines for scheduling and discovery. (Docs. 99, 102, 109). As it did twice previously, the Court has scheduled a Status Conference for September 25, 2024, to discuss scheduling and discovery deadlines. (Docs. 101, 102, 108, 109). Notably, though, prior to the stay of the case, the operative scheduling and discovery orders |

| | | contemplated 21 days and 24 days for Defendant to file its Response. (Docs. 33 & 54). Despite those shorter deadlines, the Court ultimately granted Defendant 60 days to conduct third−party discovery and to file its Response after the stay. (Doc. 109). The Court's allowance of 60 days was generous, and there is no question that a further extension of the deadline to 90 days would be a bridge too far in light of these circumstances and Plaintiffs' arguments. For these reasons, the Court **FINDS** an absence of good cause for an extension of Defendant's deadline to file its Response. Therefore, the instant Motion is **DENIED**. Signed by Judge David W. Dugan on 8/28/2024. (jnh)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 08/28/2024) |
|---|---|---|
| 09/11/2024 | 120 | NOTICE of Appearance by Domenica Russo on behalf of All Plaintiffs (Russo, Domenica) (Entered: 09/11/2024) |
| 09/15/2024 | 121 | MOTION for Order to*An Addendum to the Agreed Confidentiality Order* by Paycor, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(DiCianni, Matthew) (Entered: 09/15/2024) |
| 09/16/2024 | 122 | MOTION to Withdraw as Attorney by Paycor, Inc.. (Dieter, Austin) (Entered: 09/16/2024) |
| 09/16/2024 | 123 | RESPONSE in Opposition re 121 MOTION for Order to*An Addendum to the Agreed Confidentiality Order* filed by All Plaintiffs. (Stephan, Ryan) (Entered: 09/16/2024) |
| 09/16/2024 | 124 | MOTION for Leave to File Excess Pages by Paycor, Inc.. (DiCianni, Matthew) (Entered: 09/16/2024) |
| 09/17/2024 | 125 | RESPONSE in Opposition re 103 MOTION to Certify Class *PLAINTIFFS RENEWED MOTION FOR RULE 23 CLASS CERTIFICATION* filed by Paycor, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)(Siebert, Melissa) (Entered: 09/17/2024) |
| 09/17/2024 | 126 | MOTION for Summary Judgment by Paycor, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C (Redacted), # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G − Part 1, # 8 Exhibit G − Part 2, # 9 Exhibit G − Part 3)(Siebert, Melissa) (Entered: 09/17/2024) |
| 09/17/2024 | 127 | MOTION to Seal *portions of motion and exhibit* by Paycor, Inc.. (Siebert, Melissa) (Entered: 09/17/2024) |
| 09/17/2024 | 128 | SEALED MOTION *for Summary Judgment* by Paycor, Inc.. (Attachments: # 1 Exhibit C)(Siebert, Melissa) (Entered: 09/17/2024) |
| 09/18/2024 | 129 | ORDER regarding Defendant's Motion for Leave to Withdraw Appearance and Unopposed Motion for Leave to File a Responsive Memorandum in Excess of Page Limitations. (Docs. 122 & 124). As to the former Motion, Defendant seeks leave to withdraw the appearance of Mr. Austin G. Dieter. Cozen O'Connor, and its attorneys of record, will continue to represent Defendant. Accordingly, that Motion is **GRANTED** and Mr. Dieter is **TERMINATED** from the docket. As to the latter Unopposed Motion, Defendant seeks 3 excess pages for its Response to Plaintiffs' Renewed Motion for Rule 23 Class Certification. For good cause shown therein, and without objection from Plaintiff, the Unopposed Motion is also **GRANTED**. *See* L.R. 7.1(a)(3) ("[U]nless otherwise authorized by the Court, no brief shall be submitted which is longer than 20 double−spaced typewritten pages in 12−point font."). Signed by Judge David W. Dugan on 9/18/2024. (jnh)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 09/18/2024) |
| 09/23/2024 | 130 | NOTICE OF CANCELLATION of Hearing: The Status Conference scheduled for 9/25/2024 is **CANCELLED**. If the parties believe a Status Conference remains necessary, they may request a Status Conference by motion. *See* Case Management Procedures of District Judge David W. Dugan, Status Conferences, pg. 3 (If at any time during the pendency of the litigation the parties believe that an additional status conference would be beneficial, they may request one by filing a motion.) (dmw2)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 09/23/2024) |

| 09/24/2024 | 131 | MOTION for Order to *Plaintiffs Motion for Entry of Proposed Case Schedule and Discovery Order* by All Plaintiffs. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C)(Mitchell Duffy, Catherine) (Entered: 09/24/2024) |
| 09/24/2024 | 132 | STRICKEN − MOTION for Order to *Plaintiffs Motion for Entry of Proposed Case Schedule and Discovery Order* by All Plaintiffs. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C)(Mitchell Duffy, Catherine) Modified on 9/25/2024 (dmw2). (Entered: 09/24/2024) |
| 09/25/2024 | 133 | NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS striking 132 Motion for Order filed by Kellin Johns, Juan Barron. Document 132 appears to be a duplicate of Document 131 and, therefore, is stricken from the docket. (dmw2)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 09/25/2024) |
| 09/30/2024 | 134 | RESPONSE in Opposition re 127 MOTION to Seal *portions of motion and exhibit* filed by All Plaintiffs. (Attachments: # 1 Exhibit Exhibit A)(Mitchell Duffy, Catherine) (Entered: 09/30/2024) |
| 10/01/2024 | 135 | MOTION for Extension of Time to File Response/Reply as to 103 MOTION to Certify Class *PLAINTIFFS RENEWED MOTION FOR RULE 23 CLASS CERTIFICATION Motion to Hold in Abeyance Plaintiffs Reply in Support of Renewed Motion for Class Certification* by All Plaintiffs. (Attachments: # 1 Exhibit Exhibit A)(Mitchell Duffy, Catherine) (Entered: 10/01/2024) |
| 10/02/2024 | 136 | CASE MANAGEMENT ORDER. The multi−year stay of this case was lifted on May 8, 2024. (Doc. 99). Thereafter, the Court ordered a Status Report, directed two meet and confer conferences between the parties, and held multiple Status Conferences. (Docs. 99, 100, 101, 102, 108, 109). The purpose of these actions was to, *inter alia,* facilitate discussions about the orderly progression of the case following the stay, including discussions about Plaintiffs' Renewed Motion for Rule 23 Class Certification (Doc. 103), the third−party discovery necessary for Defendant to file its Response to Plaintiffs' Renewed Motion for Rule 23 Class Certification (Docs. 109, 119, 125), and Defendant's Amended Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) (Doc. 106). Since the filing of the Motions and Responses, Defendant has also filed a Motion to Enter an Addendum to the Agreed Confidentiality Order (Doc. 121), a Motion for Summary Judgment (Doc. 126; Sealed Doc. 128), and a Motion for Leave to File Under Seal (Doc. 127). Plaintiffs, for their part, filed a Motion for the Entry of a Proposed Case Schedule and Discovery Order (Doc. 131) and a Motion to Hold in Abeyance Plaintiffs' Reply in Support of the Renewed Motion for Class Certification (Doc. 135). Certain of the parties' Motions are not yet ripe. (Docs. 103, 126, 131, 135; Sealed Doc. 128). Based on the aforementioned filings, however, it is apparent to the Court that, despite the efforts to ensure the orderly progression of the case, the parties are not working and communicating in a collaborative manner toward that end. For example, Defendant's Motion to Enter an Addendum to the Agreed Confidentiality Order and Plaintiffs' Response thereto (Docs. 121 & 123), Defendant's Motion for Leave to File Under Seal and Plaintiffs' Response thereto (Docs. 127 & 134), Plaintiffs' Motion for the Entry of a Proposed Case Schedule and Discovery Order (Doc. 131), Plaintiffs Motion to Hold in Abeyance Plaintiffs' Reply in Support of the Renewed Motion for Class Certification (Doc. 135), and the parties' informal communications to the Court indicate that they have not adequately met, conferred, and reported on any of these issues. *See* Case Management Procedures of Judge David W. Dugan, Discovery Disputes, pgs. 3−4. Instead, the parties have flooded the docket with Motions that raise issues ordinarily capable of resolution without the intervention of the Court. At the same time, the parties continued to brief their substantive motions, which unnecessarily burdened the Court and complicated the procedural posture of those substantive motions. Accordingly, the parties are **DIRECTED** to adequately meet and confer on all of the issues raised in Defendant's Motion to Enter an Addendum to the Agreed Confidentiality Order (Doc. 121), Defendant's Motion for Leave to File Under Seal (Doc. 127), Plaintiffs' Motion for the Entry of a Proposed Case Schedule and Discovery Order (Doc. 131), and Plaintiffs' Motion to Hold in Abeyance Plaintiffs' Reply in Support of the Renewed Motion for Class Certification (Doc. 135). *See* Case Management Procedures of Judge David W. Dugan, Discovery Disputes, *Good Faith and Requisite Discovery Conference*, pg. 3. Additionally, **on or before October 24, 2024**, the parties are **DIRECTED** to report on their disputes by submitting a Joint Written Report to the Court at DWDpd@ilsd.uscourts.gov. *See* Case |

Management Procedures of Judge David W. Dugan, Discovery Disputes, *Procedure for Submitting Unresolved Discovery Disputes to the Court*, pgs. 3−4. The Joint Written Report shall be signed by all parties and detail the date, duration, and medium used for the meet and confer conference. *See id.* The Joint Written Report shall further identify and describe: (a) all issues discussed by the parties; (b) the issues resolved; and (c) the specific issues not resolved or still in dispute. *See id.* For any issues that are unresolved or still in dispute, the parties *must specify in a clear and concise fashion* the exact basis or bases for their respective positions. *See id.* The parties shall also indicate the effect, if any, that their efforts have on the pending substantive Motions. (Docs. 103, 106, 126; Sealed Doc. 128). The Court notes that "[c]ompliance with the above requirements must be demonstrated **prior** to [the] filing of any Motion to Compel, Motion for Protective Order or similar motion or request as provided for in Section C." *See* Case Management Procedures of Judge David W. Dugan, Discovery Disputes, *Procedure for Submitting Unresolved Discovery Disputes to the Court*, pg. 4 (Emphasis in original.). Therefore, in the interim, the Motions at Docs. 121, 127, 131, and 135 are **DENIED without prejudice**. *See* Case Management Procedures of Judge David W. Dugan, Discovery Disputes, *Discovery Motion Practice*, pg. 4. Although the Motions at Docs. 131 and 135 were not yet ripe, Defendant may incorporate any response thereto into the Joint Written Report and any subsequent filings, if necessary. *See id.* Finally, the parties are encouraged to work diligently and in good faith to fully resolve these issues, which do not appear to be particularly difficult for experienced counsel, without the involvement of the Court. *See* Case Management Procedures of Judge David W. Dugan, Discovery Disputes, *Discovery Motion Practice*, pg. 4 ("The Court may not consider any motions pertaining to unresolved discovery disputes unless the movant demonstrates compliance or a good faith attempt to comply with Sections A and B."). Any failure to do so, or to otherwise comply with this Case Management Order, may also be deemed sanctionable. Signed by Judge David W. Dugan on 10/2/2024. (jnh)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 10/02/2024)

| 10/03/2024 | 137 | Transcript of status conference held on 7.18.2024, before Judge David W. Dugan. Court Reporter/Transcriber Erikia Schuster, Telephone number 6184829176.<br><br>NOTICE: Attorneys and unrepresented parties have 7 calendar days to file a Notice of Intent to Request Redaction of this transcript and 21 calendar days to file a Redaction Request. If redactions are not requested, the transcript will be made remotely available to the public without redaction after 90 calendar days. See the full Transcript Policy on the website at **https://www.ilsd.uscourts.gov/sites/ilsd/files/TransPolicy.pdf**<br><br>Transcript may be viewed at the public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/24/2024. Redacted Transcript Deadline set for 11/4/2024. Release of Transcript Restriction set for 1/2/2025. (ets) (Entered: 10/03/2024) |
| 10/28/2024 | 138 | ORDER regarding the parties' Joint Status Report, which was informally submitted to the Court on October 24, 2024. On October 2, 2024, the Court noted the parties were not working and communicating in a collaborative manner. (Doc. 136). For example, the parties had not adequately met, conferred, and reported to the Court on many of the pending issues. *See* Case Management Procedures of Judge David W. Dugan, Discovery Disputes, pgs. 3−4; (Doc. 136). Instead, the Court noted the parties flooded the docket with Motions that raised issues ordinarily capable of resolution without judicial intervention. (Doc. 136). Therefore, the parties were directed to adequately meet and confer on issues raised in certain pending motions (Docs. 121, 127, 131, 135). Further, the parties were directed to report on their discovery disputes by submitting a Joint Written Discovery Report to the Court. *See* Case Management Procedures of Judge David W. Dugan, Discovery Disputes, *Procedure for Submitting Unresolved Discovery Disputes to the Court*, pgs. 3−4. They have now successfully done so. Initially, the Court notes the parties have agreed to mediate this matter on December 10, 2024. Moreover, in the Joint Status Report, the parties indicate they have resolved "most issues" related to their "several motions" and Plaintiffs' requests for supplemental document productions. Consistent with the Joint Status Report, the parties are **DIRECTED** to take the following actions by October 31, 2024: (1) Defendant shall file an Amended Motion to Seal, requesting the agreed upon relief; (2) |

| | | |
|---|---|---|
| | | the parties shall submit their agreed upon ESI protocol for the Court's review; and (3) the parties shall continue meeting and conferring on an Addendum to the Agreed Confidentiality Order with the goal of jointly submitting such an addendum for the Court's review. Finally, the parties have agreed to a proposed scheduling and discovery order, but that matter will be addressed by a separate Order. Since another meet and confer was scheduled for October 25, 2024, to address and discuss various issues, the Court declines to take further action at this time. Signed by Judge David W. Dugan on 10/28/2024. (jnh)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 10/28/2024) |
| 10/28/2024 | 139 | AMENDED SCHEDULING AND DISCOVERY ORDER. The parties have informally submitted a proposed scheduling and discovery order. Upon review of that proposed scheduling and discovery order, the Court **ORDERS** as follows: Plaintiffs deadline to file a Reply in Support of their Renewed Motion for Rule 23 Class Certification (Doc. 103) is January 10, 2025. Also, to the extent the deposition of Mr. David Goodwin is necessary for Plaintiffs to file that Reply, rather than merely for merits discovery, that deposition shall occur by December 12, 2024. A hearing on the Renewed Motion for Rule 23 Class Certification will be set by a separate order, if necessary. The Final Pretrial Conference is **RESET** for November 20, 2025, at 10:00 AM, and the Bench Trial is **RESET** for December 8, 2025, at 9:00 A.M. Consistent with its ordinary practice for proposed class actions, the Court declines to set further scheduling and discovery deadlines on the merits at this time. This is because discovery prior to class certification must only be sufficient to permit the Court to determine whether the requirements of Federal Rule of Civil Procedure 23 are satisfied, including a sufficient inquiry into the merits of the case to ensure appropriate management of the case as a class action. It is once class certification is decided, however, that the Court will schedule an additional conference with the parties to address entering a new discovery order, addressing any additional merits discovery needed as necessary. Therefore, at this time, the Courts only focus is on Plaintiffs Renewed Motion for Rule 23 Class Certification, which will become ripe upon the filing of Plaintiffs Reply on January 10, 2025, and Defendants Amended Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). (Docs. 103 & 106). Further, the Court notes that Defendants have already filed a Motion for Summary Judgment. (Doc. 126; Sealed Doc. 128). Plaintiff did not timely respond to that Motion, but the proposed scheduling and discovery order contemplates a deadline for Plaintiff to do so. This suggests Defendant intends to hold its Motion for Summary Judgment in abeyance until after merits discovery, when Plaintiff will have an opportunity to adequately respond. Since it is not yet appropriate to enter the parties proposed scheduling and discovery order, though, Defendants Motion for Summary Judgment (Doc. 126; Sealed Doc. 128) is **TERMINATED** as prematurely filed and with leave to refile, if necessary, in accordance with the subsequent scheduling and discovery order entered after the issue of class certification is resolved. Finally, although the parties are free to continue meeting and conferring on potential merits discovery issues, the October 31, 2024, deadlines for filing an Amended Motion to Seal, submitting an agreed upon ESI protocol, and submitting an Addendum to the Agreed Confidentiality Order (Doc. 138) are **TERMINATED** to the extent such matters are necessary for merits discovery but not to the issue of class certification. Signed by Judge David W. Dugan on 10/28/2024. (dmw2) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 10/28/2024) |
| 11/01/2024 | 140 | MOTION to Enter ESI Protocols and An Addendum to The Agreed Confidentiality Order re 49 Order on Motion for Protective Order by All Parties. (Mitchell Duffy, Catherine) (Entered: 11/01/2024) |
| 11/04/2024 | 141 | ORDER regarding the parties' Joint Motion to Enter ESI Protocols and an Addendum to the Agreed Confidentiality Order. (Doc. 140). According to the parties, the Addendum to the Agreed Confidentiality Order "will allow the parties to exchange confidential information provided by Paycor's customers while ensuring that this information, along with the identity of Paycor's customers, remains confidential. This will ensure that the information they provide is only used in connection with the instant matter. The addendum accomplishes these purposes without unduly impeding the discovery or litigation process." (Doc. 140, pg. 1). Upon review of the parties' submissions, the Court **FINDS** good cause for the entry of the proposed ESI Protocols and the Addendum to the Agreed Confidentiality Order. *See* Fed. R. Civ. P. 26(c)(1). |

| | | |
|---|---|---|
| | | The Court will docket the ESI Protocols and the Addendum to the Agreed Confidentiality Order by separate Orders. Signed by Judge David W. Dugan on 11/4/2024. (jnh)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/04/2024) |
| 11/04/2024 | 142 | ADDENDUM TO THE AGREED CONFIDENTIALITY ORDER. Consistent with the Order at Doc. 141, the Court enters the attached Addendum to the Agreed Confidentiality Order (Doc. 49). Signed by Judge David W. Dugan on 11/4/2024. (jnh) (Entered: 11/04/2024) |
| 11/04/2024 | 143 | ORDER REGARDING THE PRODUCTION OF ELECTIONICALLY STORED INFORMATION AND PAPER DOCUMENTS. Consistent with the Order at Doc. 141, the Court enters the attached Order Regarding the Production of Electronically Stored Information and Paper Documents. Signed by Judge David W. Dugan on 11/4/2024. (jnh) (Entered: 11/04/2024) |
| 11/12/2024 | 144 | CASE MANAGEMENT ORDER: The parties are **ADVISED** that, going forward, the procedures in the attached Case Management Order will be applicable in the instant case. In addition to these case−specific procedures, the parties should review the case management procedures applicable to all of Judge Dugan's civil cases which are posted here https://www.ilsd.uscourts.gov/content/judge−david−w−dugan. Signed by Judge David W. Dugan on 11/12/2024. (dmw2) (Entered: 11/12/2024) |
| 12/23/2024 | 145 | NOTICE of Appearance by Brendan James Duffner on behalf of All Plaintiffs (Duffner, Brendan) (Entered: 12/23/2024) |
| 01/10/2025 | 146 | MOTION for Leave to File Excess Pages by All Plaintiffs. (Stephan, Ryan) (Entered: 01/10/2025) |
| 01/10/2025 | 147 | MOTION to Seal *Plaintiffs Unopposed Motion for Leave to File under Seal* by All Plaintiffs. (Stephan, Ryan) (Entered: 01/10/2025) |
| 01/10/2025 | 148 | REPLY to 103 Motion to Certify Class, *Plaintiffs Reply in Support of Their Renewed Motion for Rule 23 Class Certification* filed by All Plaintiffs. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D)(Stephan, Ryan) (Entered: 01/10/2025) |
| 01/10/2025 | 149 | Sealed Document *Exhibit A to Plaintiffs Reply in Support of Their Renewed Motion for Rule 23 Class Certification* re 147 Motion to Seal by All Plaintiffs. (Stephan, Ryan) (Entered: 01/10/2025) |
| 01/14/2025 | 150 | ORDER regarding Plaintiffs' Unopposed Motion for Leave to File a Reply Memorandum in Support of Their Amended Motion for Class Certification in Excess of Five Pages (Doc. 146) and Plaintiffs' Unopposed Motion for Leave to File Under Seal (Doc. 147). In support of the former Unopposed Motion, Plaintiffs indicate new evidence and the numerous legal arguments raised by Defendant necessitate 4 additional pages in reply. In support of the latter Unopposed Motion, Plaintiffs indicate Exhibit A to their Reply contains deposition testimony that, pursuant to the Agreed Confidentiality Order entered at Doc. 49, must be treated as confidential until 14 days after the delivery of the deposition transcript or 60 days after the deposition testimony. Those periods of time have not yet lapsed; therefore, Plaintiffs request that the deposition testimony be filed under seal until Defendant's time for designating that testimony has lapsed. (Doc. 49, pg. 3) ("Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the following: No later than the fourteenth (14th) day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court."). Accordingly, for good cause shown, each Unopposed Motion is **GRANTED**. The parties are **DIRECTED** to update the Court on any change to the status of the sealed deposition testimony. Signed by Judge David W. Dugan on 1/14/2025. (jnh)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. |

| | | |
|---|---|---|
| | | (Entered: 01/14/2025) |
| 01/17/2025 | 151 | MOTION to Strike *New Arguments and Evidence in Plaintiffs' Reply Brief in Support of Class Certification* by Paycor, Inc.. (Attachments: # 1 Errata Group A − Redacted)(Siebert, Melissa) (Entered: 01/17/2025) |
| 01/17/2025 | 152 | SEALED MOTION *to strike new arguments and evidence in Plaintiffs' Reply in Support of Class Certification* by Paycor, Inc.. (Attachments: # 1 Exhibit Group A − UNDER SEAL)(Siebert, Melissa) (Entered: 01/17/2025) |
| 01/17/2025 | 153 | MOTION to Seal *Defendant's Motion to strike new arguments and evidence in Plaintiffs' Reply in Support of Class Certification 152* by Paycor, Inc.. (Siebert, Melissa) (Entered: 01/17/2025) |
| 01/21/2025 | 154 | ORDER regarding Defendant's Motion for Leave to File its Motion to Strike New Arguments and New Evidence in Plaintiff's Reply Brief in Support of Class Certification under Seal. (Doc. 153). Notably, Defendant has filed a redacted version of that Motion to Strike on the public docket. The redactions appear to be made to the information discussed at Doc. 150 and to third−party information. Accordingly, for good cause shown, and consistent with the Agreed Confidentiality Order previously entered in this case, the instant Motion is **GRANTED**. (Doc. 49). Signed by Judge David W. Dugan on 1/21/2025. (jnh)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 01/21/2025) |
| 03/28/2025 | 155 | ORDER. For the reasons explained in the attached Memorandum & Order, Defendant's Amended Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) (Docs. 106 & 107) is **DENIED**, Plaintiffs' Renewed Motion for Class Certification under Federal Rule of Civil Procedure 23 (Doc. 103) is **GRANTED in part** and **DENIED in part**, and Defendant's Motion to Strike New Arguments and Evidence from Plaintiffs' Reply in Support of Class Certification (Doc. 151; Sealed Doc. 152) is **DENIED as moot**. Signed by Judge David W. Dugan on 3/28/2025. (jnh) (Entered: 03/28/2025) |
| 03/31/2025 | 156 | NOTICE of Hearing: Status Conference set for **4/30/2025 at 3:00 PM** via Zoom video conference before Judge David W. Dugan. (dmw2) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 03/31/2025) |
| 04/03/2025 | 157 | MOTION to Appear Pro Hac Vice by Attorney Corey Thomas Hickman $200 fee paid,receipt number AILSDC−5623356 by on behalf of Paycor, Inc.. (Hickman, Corey) (Entered: 04/03/2025) |
| 04/03/2025 | 158 | ORDER granting 157 Motion to Appear Pro Hac Vice for Attorney Corey Thomas Hickman on Behalf of Paycor, Inc. Signed on 4/3/2025. (clw)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 04/03/2025) |
| 04/11/2025 | 159 | STRICKEN − MOTION for Reconsideration re 155 Order,,, Terminate Motions,, by Paycor, Inc.. (Attachments: # 1 Exhibit 1 − Seventh Circuit's Order Granting Amazon's Rule 23(f) Petition in Svoboda v. Amazon, # 2 Exhibit 2 − Amazon's Rule 23(f) Petition to Appeal in Svoboda v. Amazon, # 3 Exhibit 3 − Amazon's Reply in Support of Rule 23(f) Petition to Appeal in Svoboda v. Amazon, # 4 Exhibit 4 − Order Granting Paycor Summary Judgment in Ragsdale v. Paycor)(Hickman, Corey) Modified on 4/11/2025 (clw). (Entered: 04/11/2025) |
| 04/11/2025 | 160 | STRICKEN − MOTION for Extension of Time to File Answer *to Complaint until 14 days following ruling on motion to reconsider* by Paycor, Inc.. (Hickman, Corey) Modified on 4/11/2025 (clw). (Entered: 04/11/2025) |
| 04/11/2025 | 161 | NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS striking 159 Motion for Reconsideration,, filed by Paycor, Inc.., 160 Motion for Extension of Time to File Answer filed by Paycor, Inc.. Login information used and signature on document do not match. Document shall be re−filed using the appropriate credentials. (clw)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 04/11/2025) |

| 04/11/2025 | 162 | MOTION for Reconsideration re 155 Order,,, Terminate Motions,, by Paycor, Inc.. (Attachments: # 1 Exhibit 1 − Seventh Circuit's Order Granting Amazon's Rule 23(f) Petition in Svoboda v. Amazon, # 2 Exhibit 2 − Amazon's Rule 23(f) Petition to Appeal in Svoboda v. Amazon, # 3 Exhibit 3 − Amazon's Reply in Support of Rule 23(f) Petition to Appeal in Svoboda v. Amazon, # 4 Exhibit 4 − Order Granting Paycor Summary Judgment in Ragsdale v. Paycor)(Hickman, Corey) (Entered: 04/11/2025) |
|---|---|---|
| 04/11/2025 | 163 | MOTION for Extension of Time to File Answer *to First Amended Complaint until 14 days following ruling on motion to reconsider* by Paycor, Inc.. (Hickman, Corey) (Entered: 04/11/2025) |
| 04/14/2025 | 164 | ORDER regarding Defendant's Motion to Continue the Deadline to Answer the First Amended Class Action Complaint. (Doc. 163). Defendant notes its deadline to file an Answer is April 11, 2025. However, it has now filed a Motion to Reconsider the Court's Order Denying Motion to Dismiss and Granting Class Certification. (Doc. 162). For that reason, Defendant seeks to file its Answer within 14 days of the resolution of the Motion to Reconsider, if necessary. Defendant informs the Court that Plaintiffs object to the requested continuance. Accordingly, Plaintiffs are **DIRECTED** to file a Response to the Motion to Continue the Deadline to Answer the First Amended Class Action Complaint by April 18, 2025. Defendant may withhold filing its Answer until further order of the Court. Signed by Judge David W. Dugan on 4/14/2025. (jnh)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 04/14/2025) |
| 04/16/2025 | 165 | NOTICE of Appearance by Joseph Dunklin on behalf of All Plaintiffs (Dunklin, Joseph) (Entered: 04/16/2025) |
| 04/17/2025 | 166 | RESPONSE in Opposition re 163 MOTION for Extension of Time to File Answer *to First Amended Complaint until 14 days following ruling on motion to reconsider* filed by All Plaintiffs. (Mitchell Duffy, Catherine) (Entered: 04/17/2025) |
| 04/22/2025 | 167 | ORDER regarding Defendant's Motion to Continue the Deadline to Answer the First Amended Class Action Complaint and Plaintiff's Response in Opposition Thereto. (Docs. 163 & 166). On March 28, 2025, Defendant's Amended Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) was denied, Plaintiffs' Renewed Motion for Class Certification under Federal Rule of Civil Procedure 23 was granted in part and denied in part, and Defendant's Motion to Strike New Arguments and Evidence from Plaintiffs' Reply in Support of Class Certification was denied as moot. (Doc. 155). Defendant has filed a Motion to Reconsider those rulings and a Motion to Continue the Deadline to Answer the First Amended Class Action Complaint. (Docs. 162 & 163). This Order addresses only the latter Motion. Defendant requests to file its Answer within 14 days of the Court's resolution of the Motion to Reconsider, if necessary, because "Paycor would not [otherwise] be required to answer the FAC." Such a ruling would supposedly serve the purposes of judicial economy and avoid the unnecessary expenditure of time and costs. In their Response, Plaintiffs argue: "Paycor has delayed this case for far too long. For more than half a decade, Paycor has avoided answering Plaintiffs' Complaint by filing multiple motions to stay and insisting that this case be litigated on its schedule. Following Paycor's multiple unsuccessful motions to dismiss, which raised new arguments at every turn, the time has come for this litigation to proceed." Plaintiffs argue, contrary to Defendant's argument, a grant of the Motion to Continue will not promote judicial economy, as the "timely filing of an Answer would have no effect on the Court's resources at all." Plaintiffs further argue the Motion to Reconsider, which they believe "will likely fail—both in a general sense because motions to reconsider are rarely granted[] and in a specific sense due to this particular motion's lack of merit," does not operate as a stay of the proceedings. Therefore, according to Plaintiffs, Defendant has pointed to no prejudice stemming from the filing of an Answer. Finally, Plaintiffs note Class Counsel has a duty to send notice to absent class members "promptly" after the certification of the class, and that process is already underway. Further delay will purportedly "hamper[] absent class members' ability to participate and protect their interests." Now, in light of the prior lengthy stay of this case, the absence of any claim of prejudice by Defendant, and the relatively minor resources and costs associated with Defendant filing an Answer during the pendency of the Motion to Reconsider, the Court agrees with the position of Plaintiffs. Accordingly, the Motion to Continue the Deadline to Answer the First Amended Class Action Complaint is **DENIED**. *See Comerica Bank v. Esposito*, 215 Fed. App'x 506, 508 (7th Cir. 2007) ("[W]e analyze the district court's denial of a |

| | | |
|---|---|---|
| | | request for additional time to answer under an abuse of discretion standard."); *Sharma v. Big Limos MFG, LLC*, No. 17−cv−21, 2017 WL 2779798, *6 (N.D. Ill. June 27, 2017) (noting, under Federal Rule of Civil Procedure 6(b)(1), it is within the Court's discretion to extend a defendant's deadline to file an answer or responsive pleading for good cause or excusable neglect). Defendant is **DIRECTED** to file its Answer on or before April 29, 2025. Signed by Judge David W. Dugan on 4/22/2025. (jnh)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 04/22/2025) |
| 04/25/2025 | [168](#) | RESPONSE in Opposition re [162](#) MOTION for Reconsideration re [155](#) Order,,, Terminate Motions,, filed by All Plaintiffs. (Mitchell Duffy, Catherine) (Entered: 04/25/2025) |
| 04/28/2025 | 169 | ORDER regarding the Notice of Hearing. (Doc. 156). That Notice set a Status Conference for April 30, 2025, at 3 PM, via Zoom. Consistent with the Court's standard procedure, the Status Conference is intended to address the need to enter a scheduling and discovery order for additional merits discovery in advance of the filing of dispositive motions and, if necessary, other matters pertaining to the class. (Docs. 33−1, pg. 1; 139; 155, pg. 30). Plaintiffs have noted they are in the process of moving to issue class notice; however, their counsel has allegedly requested a class list from Defendant but received no response. (Docs. 166, pg. 2 n. 1; 168, pg. 1). The parties are **DIRECTED** to be prepared to discuss this and related issues, including Defendant's reasons for any nonresponse and any refusal to provide the requested class list, at the Status Conference. Signed by Judge David W. Dugan on 4/28/2025. (jnh)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 04/28/2025) |
| 04/29/2025 | [170](#) | *Defendant Paycor's Answer to First Amended Class Action Complaint* ANSWER to Complaint by Paycor, Inc..(Siebert, Melissa) (Entered: 04/29/2025) |
| 04/30/2025 | 171 | Minute Entry for proceedings held before Judge David W. Dugan: Status Conference held on 4/30/2025. Attorneys Catherine Duffy and Ryan Stephan present on behalf of Plaintiffs. Attorneys Melissa Siebert and Corey Hickman present on behalf of Defendants. Final Pretrial Conference **RESET** for **6/11/2026 at 10:00 AM** and Jury Trial **RESET** for **6/22/2026 at 9:00 AM** both in the East St. Louis Courthouse before Judge David W. Dugan. On or before May 15, 2025, the parties are **DIRECTED** to meet, confer, and submit a Joint Report of the Parties that contemplates dates for the merits discovery and dispositive motion practice necessary in advance of the new Final Pretrial Conference and Trial settings of June 11 and 22, 2026, respectively. The Joint Report of the Parties shall be submitted to the Court's proposed documents email address, DWDpd@ilsd.uscourts.gov. The parties are **FURTHER DIRECTED** to meet and confer on the timeline, potentially within 6 to 8 weeks, for presenting the case to a Magistrate Judge for a Settlement Conference. Finally, on or before May 15, 2025, Defendant is **DIRECTED** to file a Status Report, under seal if necessary, that outlines the efforts made to provide Plaintiffs with a Class List. The parties are **ADVISED** of the need to be prepared to discuss all of these matters at the Status Conference scheduled for **June 4, 2025 at 3:00 p.m.** via Zoom video conference. (Court Reporter Erikia Schuster.) (dmw2)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 04/30/2025) |
| 05/01/2025 | [172](#) | DEMAND for Trial by Jury by All Plaintiffs. (Mitchell Duffy, Catherine) (Entered: 05/01/2025) |
| 05/02/2025 | [173](#) | REPLY to Response to Motion re [162](#) MOTION for Reconsideration re [155](#) Order,,, Terminate Motions,, *Paycor, Inc's Reply in Support of Motion to Reconsider* filed by Paycor, Inc.. (Attachments: # [1](#) Exhibit, # [2](#) Exhibit, # [3](#) Exhibit)(Siebert, Melissa) (Entered: 05/02/2025) |
| 05/05/2025 | [174](#) | REPLY *in Support of Motion to Reconsider (Corrected Filing)* filed by Paycor, Inc.. (Siebert, Melissa) (Entered: 05/05/2025) |
| 05/05/2025 | [175](#) | NOTICE by Paycor, Inc. re [174](#) Reply *in Support of Motion to Reconsider (Corrected Filing)* (Siebert, Melissa) (Entered: 05/05/2025) |
| 05/07/2025 | [176](#) | Federal Rule of Civil Procedure 7.1 Disclosure Statement by Paycor, Inc.. (Siebert, Melissa) (Entered: 05/07/2025) |

| 05/13/2025 | 177 | Federal Rule of Civil Procedure 7.1 Disclosure Statement by Paycor, Inc. identifying Corporate Parent Pride Guarantor, Inc., Other Affiliate Paychex, Inc. for Paycor, Inc.. (Siebert, Melissa) (Entered: 05/13/2025) |
|---|---|---|
| 05/15/2025 | 178 | Sealed Document *Joint Status Report* re 171 Status Conference,,,,,,, Set Hearings,,,,,,, Set Deadlines,,,,,, by Paycor, Inc.. (Attachments: # 1 Exhibit Exhibit A − Paycor's Data Classification & Handling Standard)(Siebert, Melissa) (Entered: 05/15/2025) |
| 05/19/2025 | 179 | AMENDED SCHEDULING & DISCOVERY ORDER: The Court accepts the parties' joint amended scheduling and discovery order. However, to comply with the Court's local rules, the Final Pretrial Conference is **RESET** for **7/9/2026 at 10:00 AM** and Jury Trial is **RESET** for **7/20/2026 at 9:00 AM** both in the East St. Louis Courthouse before Judge David W. Dugan. The parties are reminded that they may stipulate to modifications of the scheduling and discovery deadlines so long as the modifications do not interfere with the deadlines for completing all discovery, filing dispositive motions, or the Final Pretrial Conference or Trial. *See* Fed. R. Civ. P. 29(b) (Unless the court orders otherwise, the parties may stipulate that...other procedures governing or limiting discovery be modifiedbut a stipulation extending the time for any form of discovery must have court approval if it would interfere with the time set for completing discovery, for hearing a motion, or for trial.). Signed by Judge David W. Dugan on 5/19/2025. (dmw2) (Entered: 05/19/2025) |
| 05/19/2025 | 180 | NOTICE of Appearance by Evan Meyers on behalf of All Plaintiffs (Meyers, Evan) (Entered: 05/19/2025) |
| 05/22/2025 | 181 | MOTION for Court Approval of Class Notice and Notice Plan by Juan Barron. (Attachments: # 1 Exhibit Exhibit A)(Mitchell Duffy, Catherine) (Entered: 05/22/2025) |
| 06/04/2025 | 182 | Minute Entry for proceedings held before Judge David W. Dugan: Status Conference held on 6/4/2025. Attorney Catherine Duffy present on behalf of Plaintiffs. Attorneys Melissa Siebert and Corey Hickman present on behalf of Defendant. The Court hears from counsel with regard to the current posture of the case. The Motion for Reconsideration (Doc. 162) is DENIED. Order to issue. Defense counsel is allowed 7 additional days to respond to the Motion for Court Approval of Class Notice (Doc. 181). (Court Reporter Erikia Schuster.) (dmw2)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 06/04/2025) |
| 06/11/2025 | 183 | STRICKEN − TRANSCRIPT INFORMATION SHEET by Attorney/Pro Se Party (Siebert, Melissa) Modified on 6/12/2025 (kek). (Entered: 06/11/2025) |
| 06/12/2025 | 184 | NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS striking 183 Transcript Information Sheet by Attorney/Pro Se Party. Document attached is Form AO 435. The transcript order form is not to be filed on the docket, rather shall be sent directly to the Court Reporter. (kek)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 06/12/2025) |
| 06/12/2025 | 185 | MOTION for Leave to File *Under Seal* by Paycor, Inc.. (Siebert, Melissa) (Entered: 06/12/2025) |
| 06/12/2025 | 186 | SEALED RESPONSE to Motion re 185 MOTION for Leave to File *Under Seal Response in Opposition to Motion for Court Approval of Class Notice and Notice Plan* filed by Paycor, Inc.. (Attachments: # 1 Exhibit Exhibit 1 − Supplemental Declaration of David Goodwin, # 2 Exhibit Exhibit 2 − Meet and Confer Email Correspondence, # 3 Exhibit Exhibit 3 − Ragsdale v. Paycor Opinions, # 4 Exhibit Exhibit 4 − Declaration of David Goodwin, # 5 Exhibit Exhibit 5 − Southshore Enterprises Settlement Agreement, # 6 Exhibit Exhibit 6 − Redlined Notice)(Siebert, Melissa) (Entered: 06/12/2025) |
| 06/12/2025 | 187 | RESPONSE in Opposition re 185 MOTION for Leave to File *Under Seal Response in Opposition to Motion for Court Approval of Class Notice and Notice Plan* filed by Paycor, Inc.. (Attachments: # 1 Exhibit Exhibit 1 − Supplemental Declaration of David Goodwin (FILED UNDER SEAL), # 2 Exhibit Exhibit 2 − Meet and Confer Email Correspondence, # 3 Exhibit Exhibit 3 − Ragsdale v. Paycor Opinions, # 4 Exhibit Exhibit 4 − Declaration of David Goodwin, # 5 Exhibit Exhibit 5 − Southshore Enterprises Settlement Agreement, # 6 Exhibit Exhibit 6 − Redlined Notice)(Siebert, |

| | | |
|---|---|---|
| | | Melissa) (Entered: 06/12/2025) |
| 06/12/2025 | 188 | MOTION Alter/Amend Class Definition by Paycor, Inc.. (Attachments: # 1 Exhibit Exhibit 1 − Meet and Confer Email Correspondence, # 2 Exhibit Exhibit 2 − Ragsdale v. Paycor Opinions, # 3 Exhibit Exhibit 3 − Original David Goodwin Declaration, # 4 Exhibit Exhibit 4 − Southshore Enterprises)(Siebert, Melissa) (Entered: 06/12/2025) |
| 06/13/2025 | 189 | Transcript of status hearing held on 4.30.2025, before Judge David W. Dugan. Court Reporter/Transcriber Erikia Schuster, Telephone number 6184829176.<br><br>**NOTICE: Attorneys and unrepresented parties have 7 calendar days to file a Notice of Intent to Request Redaction of this transcript and 21 calendar days to file a Redaction Request. If redactions are not requested, the transcript will be made remotely available to the public without redaction after 90 calendar days. See the full Transcript Policy on the website at https://www.ilsd.uscourts.gov/sites/ilsd/files/TransPolicy.pdf**<br><br>Transcript may be viewed at the public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/7/2025. Redacted Transcript Deadline set for 7/14/2025. Release of Transcript Restriction set for 9/11/2025. (ets) (Entered: 06/13/2025) |
| 06/13/2025 | 190 | Transcript of status hearing held on 6.4.2025, before Judge David W. Dugan. Court Reporter/Transcriber Erikia Schuster, Telephone number 6184829176.<br><br>**NOTICE: Attorneys and unrepresented parties have 7 calendar days to file a Notice of Intent to Request Redaction of this transcript and 21 calendar days to file a Redaction Request. If redactions are not requested, the transcript will be made remotely available to the public without redaction after 90 calendar days. See the full Transcript Policy on the website at https://www.ilsd.uscourts.gov/sites/ilsd/files/TransPolicy.pdf**<br><br>Transcript may be viewed at the public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/7/2025. Redacted Transcript Deadline set for 7/14/2025. Release of Transcript Restriction set for 9/11/2025. (ets) (Entered: 06/13/2025) |
| 06/17/2025 | 191 | ORDER regarding Defendant's Motion for Leave to File Under Seal. (Doc. 185). With that Motion, Defendant seeks to file its Response to Plaintiff's Motion for Court Approval of Class Notice and Notice Plan, together with an accompanying Declaration, under seal in light of "technical information regarding Paycor's electronic systems, databases, files, and other system information that is highly confidential and that in the hands of a bad actor, could be used in seeking to infiltrate Paycor's electronic systems." (Doc. 185, pg. 1). Defendant filed a redacted version of the Response on the public docket. Accordingly, for good cause shown by Defendant, the instant Motion is **GRANTED**. Signed by Judge David W. Dugan on 6/17/2025. (jnh)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 06/17/2025) |
| 06/18/2025 | 192 | ORDER. For the reasons explained in the attached Memorandum & Order, Defendant's Motion to Reconsider (Doc. 162) is **DENIED**. Signed by Judge David W. Dugan on 6/18/2025. (jnh) (Entered: 06/18/2025) |
| 06/19/2025 | 193 | MOTION for Leave to File Excess Pages *for Plaintiff Barrons Reply in support of his Motion for Court Approval of Class Notice and Notice Plan* by All Plaintiffs. (Mitchell Duffy, Catherine) (Entered: 06/19/2025) |
| 06/19/2025 | 194 | REPLY to 181 Motion for Miscellaneous Relief filed by All Plaintiffs. (Mitchell Duffy, Catherine) (Entered: 06/19/2025) |